26.    Upon information and belief, Defendant Old Navy, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at Two Folsom Street, San Francisco, California 94105.

27.    Upon information and belief, Defendant Rue21, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 800 Commonwealth Drive, Warrendale, Pennsylvania 15086.

28.    Upon information and belief, Defendant Lord & Taylor Holdings LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 424 Fifth Avenue, New York, New York 10018.

29.    Upon information and belief, Defendant J.C. Penney Corporation, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 650 Legacy Drive, Plano, Texas 75024.

30.    Upon information and belief, Defendant BJ's Wholesale Club, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 25 Research Drive, Westborough, Massachusetts 01581.

31.    Upon information and belief, Defendant Boscov's Department Store, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 4500 Perkimen Avenue, Reading, Pennsylvania 19606.

32.    Upon information and belief, Defendant Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

7

33.     Upon information and belief, Defendant Dick's Sporting Goods, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 345 Court Street, Coraopolis, Pennsylvania 15108.

34.     Upon information and belief, Defendant Kohl's Department Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at N56W 170000 Ridgewood Drive, Menomonee Falls, Wisconsin 05351.

35.     Upon information and belief, Defendant Macy's Merchandising Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 7 West Seventh Street, Cincinnati, Ohio 12207.

36.     Upon information and belief, Defendant Popsugar, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 111 Sutter Street, San Francisco, California 94104.

37.     Upon information and belief, Defendant Shopko Stores Operating Co., LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 700 Pilgrim Way, Green Bay, Wisconsin 54307.

38.     Upon information and belief, Defendant Family Dollar Services, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with a place of business at 10401 Monroe Road, Matthews, North Carolina 28105.

39.     Upon information and belief, Defendant The Cato Corporation is a corporation organized and existing under the laws of the State of North Carolina, with a place of business at 8100 Denmark Road, Charlotte, North Carolina 28273.

8

40.     Upon information and belief, Defendant Belk Stores Services, Inc. is a corporation organized and existing under the laws of the State of North Carolina, with a place of business at 450 Seventh Avenue, New York, New York 10123.

41.     Upon information and belief, Defendant Dillard International, Inc. is a corporation organized and existing under the laws of the State of Nevada, with a place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201.

42.     Upon information and belief, Defendant Sports Holdings, Inc. is a corporation organized and existing under the laws of the State of Nevada, with a place of business at 2520 St. Rose Parkway, Henderson, Nevada 89074.

43.     Upon information and belief, Defendant Zumiez, Inc. is a corporation organized and existing under the laws of the State of Washington, with a place of business at 4001 204th Street SW, Lynnwood, Washington 98036.

44.     Upon information and belief, Defendant Nordstrom, Inc. is a corporation organized and existing under the laws of the State of Washington, with a place of business at 1700 Seventh Avenue, Seattle, Washington 98101.

45.     Upon information and belief, Defendant BDSRCO, Inc. is a corporation organized and existing under the laws of the State of Florida, with a place of business at 1806 38th Avenue East, Bradenton, Florida 34208.

46.     Upon information and belief, Defendant Sears Brands, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with a place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

47.     Upon information and belief, Defendant Bloomingdale's, Inc. is a corporation organized and existing under the laws of the State of Ohio, with a place of business at 7 West Seventh Street, Cincinnati, Ohio 45202.

48.     Upon information and belief, Defendant Marshalls of MA, Inc. is a corporation organized and existing under the laws of the State of Massachusetts, with a place of business at 770 Cochituate Road, Framingham, Massachusetts 01701.

49.     Upon information and belief, Defendant Bob's Stores, LLC is a limited liability company organized and existing under the laws of the State of New Hampshire, with a place of business at 160 Corporate Court, Meriden, Connecticut 06450.

50.     Upon information and belief, Defendant Dollar General Corporation is a corporation organized and existing under the laws of the State of Tennessee, with a place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

51.     Upon information and belief, Defendant Target Corporate Services, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with a place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

52.     Upon information and belief, Defendant The Finish Line, Inc. is a corporation organized and existing under the laws of the State of Indiana, with a place of business at 3308 North Mitthoeffer Road, Indianapolis, Indiana 46235.

53.     Upon information and belief, Defendant Urban Outfitters, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with a place of business at 5000 South Broad Street, Philadelphia, Pennsylvania 19112.

10

## JURISDICTION AND VENUE

54.     This Court has subject matter jurisdiction over the federal claims in this action

pursuant to 15 U.S.C. §1121 of the Lanham Act and 28 U.S.C. §§1331, 1338(a) and 1338(b).

The Court has supplemental subject matter jurisdiction over the New York state law claims in

this action pursuant to 28 U.S.C. §1367(a).

55.     This Court has personal jurisdiction over Defendants pursuant to New York

Civil Practice Law and Rules, §§301 and 302(a), because, upon information and belief: (i)

Defendants transact business in New York and contract to supply goods or services in New

York; (ii) Defendants have committed acts outside of New York which have caused injury to

Plaintiff in New York; and/or (iii) Defendants regularly conduct or solicit business in New

York and/or derive substantial revenue from the sale of goods or services in New York.

56.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because, upon

information and belief, Defendants are subject to personal jurisdiction in this district, a

substantial part of the events which give rise to this action have occurred in this district, and

Plaintiff has suffered harm from Defendants' conduct in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. Plaintiff's Establishment and Registration of HYBRID & COMPANY Trademark

57.     In or around 1997, Young Girl, Inc. ("Young Girl") began to sell, offer for sale,

market, promote, advertise, distribute and manufacture a wide array of clothing items, including

but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear,

11

displaying the trademark HYBRID & COMPANY.  Through this use in commerce, Young Girl established common law rights in the trademark HYBRID & COMPANY.

58.     In or around 1998, Young Girl transferred its common law rights in the trademark HYBRID & COMPANY to YG Designs, Inc. ("YG Designs").

59.     Beginning in or around 1998, YG Designs sold, offered for sale, marketed, promoted, advertised, distributed and manufactured a wide array of clothing items, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear, displaying the trademark HYBRID & COMPANY.

60.     In or around 2002, YG Designs transferred its common law rights in the trademark HYBRID & COMPANY to U.S.A. Design, Inc. ("USA Design").

61.     Beginning in or around 2002, USA Design sold, offered for sale, marketed, promoted, advertised, distributed and manufactured a wide array of clothing items, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear, displaying the trademark HYBRID & COMPANY.

62.     In or around 2006, USA Design transferred its common law rights in the trademark HYBRID & COMPANY to Plaintiff.

63.     In or around 2006, Plaintiff began to sell, offer for sale, market, promote, advertise, distribute and manufacture a wide array of clothing items, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear, displaying the trademark HYBRID & COMPANY.

12