64.    Young Girl, YG Designs and USA Design are the predecessors-in-interest of Plaintiff. Plaintiff and its predecessors-in-interest are privately held entities with common ownership.

65.    Through its predecessors-in-interest, Young Girl, YG Designs and USA Design, Plaintiff has been selling, offering for sale, marketing, promoting, advertising, distributing and manufacturing clothing items, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear, displaying the trademark HYBRID & COMPANY since at least as early as 1997.

66.    Since in or around 1997, Plaintiff and its predecessors-in-interest have invested a substantial amount of time, effort and money to develop and promote their clothing under the trademark HYBRID & COMPANY. As a result of these efforts, the trademark HYBRID & COMPANY has achieved substantial goodwill and success in the marketplace for clothing and consumers throughout the United States have come to associate this trademark with high quality clothing sold by Plaintiff.

67.    In June 2008, Plaintiff filed an application with the U.S. Patent and Trademark Office (USPTO) seeking a federal registration for the trademark HYBRID & COMPANY, in International Class 25, for use in association with clothing, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear.

68.    In or around December 2009, the USPTO granted Plaintiff's application and issued it a trademark registration, Registration No. 3,723,220, for the words and design mark HYBRID & COMPANY for use in association with clothing, including but not limited to coats, jackets, dresses, sweaters, shirts, bathing suits, belts and footwear. (Exh. A)

13

**B. Hybrid Promotions' Adoption and Defendants' Use of HYBRID Trademark**

69.   Upon information and belief, sometime after Plaintiff's predecessors-in-interest first established common law rights in the trademark HYBRID & COMPANY, Hybrid Promotions adopted the trademark HYBRID and began to sell, market, promote, advertise, distribute, produce and manufacture clothing, including but not limited to tank tops, t-shirts and sweatshirts, under this trademark.

70.   Upon information and belief, Hybrid Promotions began to sell, market, promote, advertise, distribute, produce and manufacture clothing displaying the trademark HYBRID with full knowledge that Plaintiff's predecessors-in-interest were selling clothing under the trademark HYBRID & COMPANY and therefore had established common law rights in this trademark, and with the intent to capitalize on the goodwill Plaintiff's predecessors-in-interest had established in this trademark.

71.   Upon information and belief, Jarrod Dogan, Hybrid Promotions' CEO, Jeff Caldwell, Hybrid Promotions' Executive Vice President, and Gavin Dogan, Hybrid Promotions' Chief Marketing Officer, have actively participated in selling, marketing, promoting, advertising, distributing, producing and manufacturing clothing displaying the trademark HYBRID and have done so with full knowledge that Plaintiff's predecessors-in-interest were using the trademark HYBRID & COMPANY on their goods and therefore had established common law rights in this trademark.

72.   Upon information and belief, sometime after Plaintiff's predecessors-in-interest first established common law rights in the trademark HYBRID & COMPANY, Defendants Jimmy Jazz, Inc., Foot Locker, Inc. (d/b/a Foot Locker and Lady Foot Locker), National

14

Stores, Inc., Forever 21 Retail, Inc., Hot Topic, Inc., Gap (Apparel), LLC, World Jeans & Tops (d/b/a Tilly's), Pacific Sunwear of California, Inc. (d/b/a Pacsun), Costco Wholesale Membership, Inc., Sport Chalet, Inc., Ross Stores, Inc., Big 5 Sporting Goods Corporation, The Sports Authority, Inc., Tween Brands, Inc. (d/b/a Justice), The TJX Companies, Inc. (d/b/a T·J·Maxx), The Wet Seal Retail, Inc., Spencer Gifts LLC, Old Navy, LLC, Rue21, Inc., Lord & Taylor Holdings LLC, J.C. Penney Corporation, Inc., BJ's Wholesale Club, Inc., Boscov's Department Store, LLC, Wal-Mart Stores, Inc. (d/b/a Walmart and Sam's Club), Dick's Sporting Goods, Inc., Kohl's Department Stores, Inc., Macy's Merchandising Group, Inc., Popsugar, Inc. (d/b/a Shopstyle.com), Shopko Stores Operating Co., LLC, Family Dollar Services, Inc., The Cato Corporation, Belk Stores Services, Inc., Dillard International, Inc., Sports Holdings, Inc. (d/b/a Hibbett Sports), Zumiez, Inc., Nordstrom, Inc., BDSRCO, Inc. (d/b/a Bealls and Stage), Sears Brands, LLC (d/b/a Sears and K-Mart), Bloomingdale's, Inc., Marshalls of MA, Inc., Bob's Stores, LLC, Dollar General Corporation, Target Corporate Services, Inc., The Finish Line, Inc., and Urban Outfitters, Inc. began to sell, market, promote, advertise and distribute clothing which displayed the trademark HYBRID, including but not limited to tank tops, t-shirts and sweatshirts, which they obtained from Hybrid Promotions. (Exh. B)

73.     Neither Plaintiff, nor any of its predecessors-in-interest, has ever authorized Hybrid Promotions or any other Defendant to use its trademark HYBRID & COMPANY, or any variation thereof, in association with any products sold by Hybrid Promotions.

74.     Because Defendants are operating in the same marketplace as Plaintiff, for clothing, and because Defendants are selling clothing under a trademark, HYBRID, which is

15

virtually identical to Plaintiff's trademark, HYBRID & COMPANY, there is a high likelihood that consumers will be confused into believing, wrongly, that Defendants' products are associated with, emanate from, are authorized or sponsored by, or are otherwise connected with, Plaintiff.

75.     Defendants' sale, offering for sale, marketing, promoting, advertising, distributing, producing and manufacturing of clothing displaying the trademark HYBRID has caused, and will continue to cause, irreparable damage to Plaintiff's business, goodwill and reputation.

C. **Hybrid Promotions' Application For A Trademark Registration**

76.     In or around February 2011, Hybrid Promotions filed an application with the USPTO seeking a registration for the trademark HYBRID, in International Class 25, for use in association with clothing, including but not limited to tank tops, t-shirts and sweatshirts. (Exh. C)

77.     In an Office Action, dated May 25, 2011, the USPTO rejected Hybrid Promotions' application for a trademark registration on the ground that there is a likelihood of confusion between the trademark HYBRID and Plaintiff's trademark HYBRID & COMPANY, for which Plaintiff received a registration and which Plaintiff employs on the same goods, clothing, for which Hybrid Promotions seeks a registration. (Exh. D)

78.     Rather than responding to the USPTO's Office Action on its merits, in or around November 2011, Hybrid Promotions filed a petition to cancel Plaintiff's trademark registration for HYBRID & COMPANY, Registration No. 3,723,220, with the Trademark Trial

16

and Appeal Board ("TTAB") of the USPTO.  Upon filing this action, Plaintiff intends to

request the TTAB to suspend that proceeding pending resolution of this action. (Exh. E)

### FIRST CAUSE OF ACTION
### DECLARATION OF TRADEMARK
### OWNERSHIP UNDER 28 U.S.C. §2201
### (Against Defendant Hybrid Promotions)

79.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1

through 78 as if fully set forth herein.

80.    By virtue of the fact that it filed a petition to cancel Plaintiff's registered

trademark HYBRID & COMPANY, Registration No. 3,723,220, Defendant Hybrid

Promotions has created a dispute as to Plaintiff's ownership rights in this trademark.

81.    As there is a dispute as to the rights in the trademark HYBRID & COMPANY, a

case or controversy exists within the meaning of 28 U.S.C. §2201.

82.    Plaintiff seeks a declaration that it maintains common law rights in the trademark

HYBRID & COMPANY and that its trademark registration for HYBRID & COMPANY,

Registration No. 3,723,220, is valid and enforceable.

### SECOND CAUSE OF ACTION
### TRADEMARK INFRINGEMENT
### UNDER 15 U.S.C. §1114(1)
### (Against All Defendants)

83.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1

through 78 as if fully set forth herein.

84.    The trademark used by Defendants, HYBRID, is confusingly similar to the

Plaintiff's registered trademark, HYBRID & COMPANY, which Plaintiff used in commerce

prior to Defendants' adoption and use of their trademark.

17

85.     The goods on which Defendants use their trademark, clothing items, are identical or closely related to the goods on which Plaintiff uses its trademark HYBRID & COMPANY.

86.     Defendants' unauthorized use of the trademark HYBRID is likely to cause confusion and mistake, and to deceive consumers as to the source, sponsorship or origin of Defendants' goods and specifically to cause consumers to believe that Defendants' goods are sponsored by, affiliated with, approved by or otherwise connected to Plaintiff.

87.     As a consequence of their foregoing conduct, Defendants have infringed Plaintiff's registered trademark, Registration No. 3,723,220, in violation of the Lanham Act, 15 U.S.C. §1114(1).

88.     Upon information and belief, Defendants' conduct is willful, deliberate and was undertaken in bad faith, with full knowledge that Plaintiff has rights, through its prior use and federal trademark registration, in the trademark HYBRID & COMPANY, and therefore with the intent to reap the benefit of the goodwill which Plaintiff developed in this trademark.

89.     Defendants' conduct has caused and is causing irreparable injury to Plaintiff.

**THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION**
**UNDER 15 U.S.C. §1125(a)**
**(Against All Defendants)**

90.      Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 78 as if fully set forth herein.

91.      The trademark used by Defendants, HYBRID, is confusingly similar to the Plaintiff's trademark, HYBRID & COMPANY, which Plaintiff used in commerce prior to Defendants' adoption and use of their trademark.