92.     The goods on which Defendants use their trademark, clothing items, are identical or closely related to the goods on which Plaintiff uses its trademark HYBRID & COMPANY.

93.     Defendants' unauthorized use of the trademark HYBRID is likely to cause confusion and mistake, and to deceive consumers as to the source, sponsorship or origin of Defendants' goods and specifically to cause consumers to believe that Defendants' goods are sponsored by, affiliated with, approved by or otherwise connected to Plaintiff.

94.     As a consequence of their foregoing conduct, Defendants have falsely designated the origin of their goods and thereby engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

95.     Upon information and belief, Defendants' conduct is willful, deliberate and was undertaken in bad faith, with full knowledge that Plaintiff has rights, through its prior use, in the trademark HYBRID & COMPANY, and therefore with the intent to reap the benefit of the goodwill which Plaintiff developed in this trademark.

96.     Defendants' conduct has caused and is causing irreparable injury to Plaintiff.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION
## UNDER NEW YORK COMMON LAW
### (Against All Defendants)

97.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 78 as if fully set forth herein.

98.     The trademark used by Defendants, HYBRID, is confusingly similar to the Plaintiff's trademark, HYBRID & COMPANY, which Plaintiff used in commerce prior to Defendants' adoption and use of their trademark.

19

99.   The goods on which Defendants use their trademark, clothing items, are identical or closely related to the goods on which Plaintiff uses its trademark HYBRID & COMPANY.

100.   Defendants' unauthorized use of the trademark HYBRID is likely to cause confusion and mistake, and to deceive consumers as to the source, sponsorship or origin of Defendants' goods and specifically to cause consumers to believe that Defendants' goods are sponsored by, affiliated with, approved by or otherwise connected to Plaintiff.

101.   As a consequence of their foregoing conduct, Defendants have falsely designated the origin of their goods and thereby engaged in unfair competition in violation of New York unfair competition law.

102.   Upon information and belief, Defendants' conduct is willful, deliberate and was undertaken in bad faith, with full knowledge that Plaintiff has rights, through its prior use, in the trademark HYBRID & COMPANY, and therefore with the intent to reap the benefit of the goodwill which Plaintiff developed in this trademark.

103.   Defendants' conduct has caused and is causing irreparable injury to Plaintiff.

### FIFTH CAUSE OF ACTION
### DECEPTIVE AND UNFAIR TRADE PRACTICES
### UNDER N.Y. GENERAL BUSINESS LAW §349
#### (Against All Defendants)

104.   Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 78 as if fully set forth herein.

105.   The trademark used by Defendants, HYBRID, is confusingly similar to the Plaintiff's trademark, HYBRID & COMPANY, which Plaintiff used in commerce prior to Defendants' adoption and use of their trademark.

106.    The goods on which Defendants use their trademark, clothing items, are identical or closely related to the goods on which Plaintiff uses its trademark HYBRID & COMPANY.

107.    Defendants' unauthorized use of the trademark HYBRID is likely to cause confusion and mistake, and to deceive consumers as to the source, sponsorship or origin of Defendants' goods and specifically to cause consumers to believe that Defendants' goods are sponsored by, affiliated with, approved by or otherwise connected to Plaintiff.

108.    As a consequence of their foregoing conduct, Defendants have engaged in deceptive acts and practices in the conduct of their business, trade or commerce in violation of New York General Business Law §349.

109.    Upon information and belief, Defendants' conduct is willful, deliberate and was undertaken in bad faith, with full knowledge that Plaintiff has rights, through its prior use, in the trademark HYBRID & COMPANY, and therefore with the intent to reap the benefit of the goodwill which Plaintiff developed in this trademark.

110.    Defendants' conduct has caused and is causing irreparable injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1.    A declaration that Plaintiff owns common law rights in the trademark HYBRID & COMPANY;

2.    A declaration that Plaintiff's federal registration for the trademark HYBRID & COMPANY, Registration No. 3,723,220, is valid and enforceable;

3.    A permanent injunction enjoining all Defendants from:

21

a.    using the trademark HYBRID, or any other similar name or trademark which is confusingly similar to the trademark HYBRID & COMPANY, in connection with the sale, offering for sale, promotion, advertising, marketing, manufacture, production, importation or distribution of clothing or any related goods;

b.    conducting any activities in the United States, including but not limited to selling, offering for sale, promoting, advertising, marketing, manufacturing, producing, importing or distributing clothing or any related goods, which would infringe Plaintiff's trademark HYBRID & COMPANY;

c.    conducting any activities in the United States, including but not limited to selling, offering for sale, promoting, advertising, marketing, manufacturing, producing, importing or distributing clothing or any related goods, which would constitute unfair competition with Plaintiff's trademark HYBRID & COMPANY or a false designation of origin of Defendants' goods as emanating from or being associated or affiliated with, or sponsored by, Plaintiff;

d.    seeking a state or federal registration for the trademark HYBRID, or any similar variation thereof, for clothing which is likely to cause confusion with Plaintiff's trademark HYBRID & COMPANY;

4.    An order directing Defendants to destroy, or delivery to Plaintiff for destruction, all goods, labels, tags, signs, packaging as well as promotional, marketing or

22

advertising material in Defendants' possession, custody or control, which displays the trademark HYBRID, or any similarly confusing trademark;

5. An order awarding Plaintiff all monetary damages, pursuant to 15 U.S.C. §1117, which it has sustained as a consequence of Defendants' infringement of its trademark HYBRID & COMPANY in violation of 15 U.S.C. §1114(1);

6. An order awarding Plaintiff all monetary damages, pursuant to 15 U.S.C. §1117, which it has sustained as a consequence of Defendants' unfair competition in violation of 15 U.S.C. §1125(a);

7. An order awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. §1117(a), due to Defendants' willful and intentional violation of Plaintiff's rights under the Lanham Act;

8. An order awarding Plaintiff all monetary damages which it has sustained as a consequence of Defendants' violation of the New York common law of unfair competition;

9. An order awarding Plaintiff all monetary damages which it has sustained as a consequence of Defendants' violation of New York General Business Law §349;

10. An order awarding Plaintiff all costs it has incurred to bring this action, including but not limited to legal fees, pursuant to 15 U.S.C. §1117(a) and any applicable New York law; and

11. An order awarding Plaintiff any such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: February 26, 2014
    New York, NY

By: _____
    Scott Zarin, Esq.

ZARIN & ASSOCIATES P.C.
One Penn Plaza, Suite 4615
New York, NY 10119
Tel. No. (212)580-3131
scottzarin@copyrighttrademarkcounsel.com

SIMON GLUCK & KANE LLP
One Penn Plaza, Suite 4615
New York, NY 10119
Tel. No. (212)775-0055

24