Mark J. Rosenberg
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone:  212-216-1127
Facsimile:  212-216-8001
mrosenberg@tarterkrinsky.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FASHION EXCHANGE LLC,<br><br>  Plaintiff,<br><br>v.<br><br>HYBRID PROMOTIONS, LLC, *et al.*,<br><br>  Defendants. | No. 1:14-cv-01254 (SHS)<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Defendants National Stores, Inc., Hot Topic, Inc., Pacific SunWear of California, Inc., Ross Stores, Inc., Tween Brands, Inc., The TJX Companies, Inc., The Wet Seal Retail, Inc., Spencer Gifts LLC, Old Navy, LLC, Rue21, Inc., Lord & Taylor Holdings LLC, J.C. Penney Corporation, Inc., BJ's Wholesale Club, Inc., Boscov's Department Store, LLC, Wal-Mart Stores, Inc., Kohl's Department Stores, Inc., Macy's Retail Holdings, Inc., Macys.com, Inc., Shopko Stores Operating Co., LLC, Family Dollar Services, Inc., The Cato Corporation, Belk, Inc., Nordstrom, Inc., Beall's Department Stores, Inc., Sears, Roebuck and Co. (improperly named as Sears Brands, L.L.C.), Marshalls of MA, Inc., Bob's Stores, LLC, Dollar General Corporation, Target Corporation, and Urban Outfitters, Inc. (collectively, "the Retailer Defendants"), by their attorneys, for their answer to the First (sic) Amended Complaint of Plaintiff, The Fashion

Exchange LLC, dated June 4, 2014, deny all averments unless specifically admitted herein and state as follows:

1. Responding to Paragraph 1 of the First Amended Complaint, the Retailer Defendants admit that the First Amended Complaint purports to assert claims for trademark infringement, unfair competition and deceptive and unfair trade practices under the Lanham Act and New York state law and purports to seek a declaration of trademark ownership under the Declaratory Judgment Act. The Retailer Defendants deny the validity of any such claims.

2. The Retailer Defendants admit that Plaintiff, by the First Amended Complaint, purports to seek injunctive relief and monetary damages. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint and, therefore, deny them.

3. Responding to Paragraph 3 of the First Amended Complaint, the Retailer Defendants admit that Plaintiff purports to base its claim for a declaration of trademark ownership on Hybrid's commencement of a proceeding to cancel U.S. Trademark Registration No. 3,723,220 for HYBRID & COMPANY and that Plaintiff purports to seek a judgment that this registration is valid and enforceable.

4. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint and, therefore, deny them.

5. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint and, therefore, deny them.

6. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint and, therefore, deny them.

7. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and, therefore, deny them.

8. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint and, therefore, deny them.

9. Defendant National Stores, Inc. admits the allegations of Paragraph 9 of the First Amended Complaint. All the Retailer Defendants other than National Stores, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and, therefore, deny them.

10. Defendant Hot Topic, Inc. admits the allegations of Paragraph 10 of the First Amended Complaint. All the Retailer Defendants other than Hot Topic, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and, therefore, deny them.

11. Defendant Pacific Sunwear of California, Inc. admits the allegations of Paragraph 11 of the First Amended Complaint. All the Retailer Defendants other than Pacific Sunwear of California, Inc. are without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint and, therefore, deny them.

12. Defendant Ross Stores, Inc. admits the allegations of Paragraph 12 of the First Amended Complaint. All the Retailer Defendants other than Ross Stores, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint and, therefore, deny them.

13. Defendant Tween Brands, Inc. admits that it is a corporation organized and existing under the laws of the State of Delaware and denies the remaining allegations of Paragraph 13 of the First Amended Complaint. All the Retailer Defendants other than Tween Brands, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint and, therefore, deny them.

14. Defendant The TJX Companies, Inc. admits the allegations of Paragraph 14 of the First Amended Complaint. All the Retailer Defendants other than The TJX Companies, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint and, therefore, deny them.

15. Defendant The Wet Seal Retail, Inc. admits the allegations of Paragraph 15 of the First Amended Complaint. All the Retailer Defendants other than The Wet Seal Retail, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint and, therefore, deny them.

16. Defendant Spencer Gifts LLC admits the allegations of Paragraph 16 of the First Amended Complaint. All the Retailer Defendants other than Spencer Gifts LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint and, therefore, deny them.

17. Defendant Old Navy, LLC admits the allegations of Paragraph 17 of the First Amended Complaint. All the Retailer Defendants other than Old Navy, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint and, therefore, deny them.

18. Defendant Rue21, Inc. admits the allegations of Paragraph 18 of the First Amended Complaint. All the Retailer Defendants other than Rue21, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint and, therefore, deny them.

19. Defendant Lord & Taylor Holdings LLC admits the allegations of Paragraph 19 of the First Amended Complaint. All the Retailer Defendants other than Lord & Taylor Holdings LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the First Amended Complaint and, therefore, deny them.

20. Defendant J. C. Penney Corporation, Inc. admits that it is a Delaware corporation and denies the remaining allegations of Paragraph 20 of the First Amended Complaint. All the Retailer Defendants other than J.C. Penney Corporation, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint and, therefore, deny them.

21.     Defendant BJ's Wholesale Club, Inc. admits the allegations of Paragraph 21 of the First Amended Complaint.  All the Retailer Defendants other than BJ's Wholesale Club, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint and, therefore, deny them.

22.     Defendant Boscov's Department Store, LLC admits the allegations of Paragraph 22 of the First Amended Complaint.  All the Retailer Defendants other than Boscov's Department Store, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint and, therefore, deny them.

23.     Defendant Wal-Mart Stores, Inc. admits the allegations of Paragraph 23 of the First Amended Complaint.  All the Retailer Defendants other than Wal-Mart Stores, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint and, therefore, deny them.

24.     Defendant Kohl's Department Stores, Inc. admits the allegations of Paragraph 24 of the First Amended Complaint.  All the Retailer Defendants other than Kohl's Department Stores, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint and, therefore, deny them.

25.     Defendant Macy's Retail Holdings, Inc. denies that it is a corporation organized and existing under the laws of the State of Delaware and admits the remaining allegations of Paragraph 25 of the First Amended Complaint.  All the Retailer Defendants other than Macy's Retail Holdings, Inc. are without knowledge or information sufficient

to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint and, therefore, deny them.

26. Defendant Macys.com, Inc. denies the allegations of Paragraph 26 of the First Amended Complaint. All the Retailer Defendants other than Macys.com, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint and, therefore, deny them.

27. Defendant Shopko Stores Operating Co., LLC admits the allegations of Paragraph 27 of the First Amended Complaint. All the Retailer Defendants other than Shopko Stores Operating Co., LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint and, therefore, deny them.

28. Defendant Family Dollar Services, Inc. admits the allegations of Paragraph 28 of the First Amended Complaint. All the Retailer Defendants other than Family Dollar Services, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint and, therefore, deny them.

29. Defendant The Cato Corporation denies that it is a corporation organized and existing under the laws of the State of North Carolina and admits the remaining allegations of Paragraph 29 of the First Amended Complaint. All the Retailer Defendants other than The Cato Corporation are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended Complaint and, therefore, deny them.

30. Defendant Belk, Inc. denies the allegations of Paragraph 30 of the First Amended Complaint. All the Retailer Defendants other than Belk, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the First Amended Complaint and, therefore, deny them.

31. All the Retailer Defendants other than are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the First Amended Complaint and, therefore, deny them.

32. Defendant Nordstrom, Inc. admits the allegations of Paragraph 32 of the First Amended Complaint. All the Retailer Defendants other than Nordstrom, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint and, therefore, deny them.

33. Defendant Beall's Department Stores, Inc. admits the allegations of Paragraph 33 of the First Amended Complaint. All the Retailer Defendants other than Beall's Department Stores, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint and, therefore, deny them.

34. Defendant Sears, Roebuck and Co. (improperly named as Sears Brands, L.L.C.) admits the allegations of Paragraph 34 of the First Amended Complaint. All the Retailer Defendants other than Sears, Roebuck and Co. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the First Amended Complaint and, therefore, deny them.

35. Defendant Marshalls of MA, Inc. admits the allegations of Paragraph 35 of the First Amended Complaint. All the Retailer Defendants other than Marshalls of

MA, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the First Amended Complaint and, therefore, deny them.

36. Defendant Bob's Stores, LLC admits the allegations of Paragraph 36 of the First Amended Complaint. All the Retailer Defendants other than Bob's Stores, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the First Amended Complaint and, therefore, deny them.

37. Defendant Dollar General Corporation admits the allegations of Paragraph 37 of the First Amended Complaint. All the Retailer Defendants other than Dollar General Corporation are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the First Amended Complaint and, therefore, deny them.

38. Defendant Target Corporation, admits the allegations of Paragraph 38 of the First Amended Complaint. All the Retailer Defendants other than Target Corporation are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the First Amended Complaint and, therefore, deny them.

39. Defendant Urban Outfitters, Inc. admits the allegations of Paragraph 39 of the First Amended Complaint. All the Retailer Defendants other than Urban Outfitters, Inc. are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint and, therefore, deny them.

40. Paragraph 40 of the First Amended Complaint is a legal statement for which a response is not required. To the extent a response is required, Defendants deny the averments in this Paragraph.

41. Paragraph 41 of the First Amended Complaint is a legal statement for which a response is not required. To the extent a response is required, Defendants deny the averments in this Paragraph.

42. Paragraph 42 of the First Amended Complaint is a legal statement for which a response is not required. To the extent a response is required, Defendants deny the averments in this Paragraph.

43. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the First Amended Complaint and, therefore, deny them.

44. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint and, therefore, deny them.

45. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the First Amended Complaint and, therefore, deny them.

46. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the First Amended Complaint and, therefore, deny them.

47. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the First Amended Complaint and, therefore, deny them.

48. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the First Amended Complaint and, therefore, deny them.

49. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the First Amended Complaint and, therefore, deny them.

50. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the First Amended Complaint and, therefore, deny them.

51. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the First Amended Complaint and, therefore, deny them.

52. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the First Amended Complaint and, therefore, deny them.

53. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the First Amended Complaint and, therefore, deny them.

54. Responding to Paragraph 54 of the First Amended Complaint, the Retailer Defendants admit that U.S. Trademark Registration No. 3,723,220 (the "'220 Registration") issued in December 2008 and refer to the '220 Registration for its full terms.

55. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the First Amended Complaint and, therefore, deny them.

56. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the First Amended Complaint and, therefore, deny them.

57. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the First Amended Complaint and, therefore, deny them.

58. The Retailer Defendants deny the allegations of Paragraph 58 of the First Amended Complaint.

59. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the First Amended Complaint and, therefore, deny them.

60. The Retailer Defendants deny the allegations of Paragraph 60 of the First Amended Complaint.

61. The Retailer Defendants deny the allegations of Paragraph 61 of the First Amended Complaint.

62. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the First Amended Complaint.

63. The Retailer Defendants admit that on May 25, 2011, the USPTO issued an office action relating to U.S. Trademark Application Serial No. 85/245,387 for

HYBRID and refer to the office action for its full terms and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the First Amended Complaint and, therefore, deny them.

64. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the First Amended Complaint and, therefore, deny them.

65. The allegations of Paragraph 65 of the First Amended Complaint are not asserted against The Retailer Defendants and, as such, no response is required. To the extent a response is deemed necessary, the Retailer Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 78 as set herein.

66. The allegations of Paragraph 66 of the First Amended Complaint are not asserted against the Retailer Defendants and, as such, no response is required. To the extent a response is deemed necessary, the Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the First Amended Complaint and, therefore, deny them.

67. The allegations of Paragraph 67 of the First Amended Complaint are not asserted against the Retailer Defendants and, as such, no response is required. To the extent a response is deemed necessary, the Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the First Amended Complaint and, therefore, deny them.

68. The allegations of Paragraph 68 of the First Amended Complaint are not asserted against the Retailer Defendants and, as such, no response is required. To the extent a response is deemed necessary, the Retailer Defendants admit that Plaintiff seeks

a declaration that it maintains common law rights in the trademark HYBRID & COMPANY and that its trademark registration for HYBRID & COMPANY Registration No. 3,723,220, is valid and enforceable, but are without knowledge or information sufficient to form a belief as to the validity of Plaintiff's request for such a declaration.

69. As their response to Paragraph 69 of the First Amended Complaint, the Retailer Defendants repeat and reallege their responses to Paragraphs 1-78 of the First Amended Complaint as if fully set forth herein.

70. The Retailer Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 70 of the First Amended Complaint.

71. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the First Amended Complaint and, therefore, deny them.

72. The Retailer Defendants deny the allegations of Paragraph 72 of the First Amended Complaint.

73. The Retailer Defendants deny the allegations of Paragraph 73 of the First Amended Complaint.

74. The Retailer Defendants deny the allegations of Paragraph 74 of the First Amended Complaint.

75. The Retailer Defendants deny the allegations of Paragraph 75 of the First Amended Complaint.

76. As their response to Paragraph 76 of the First Amended Complaint, the Retailer Defendants repeat and reallege their responses to Paragraphs 1-78 of the First Amended Complaint as if fully set forth herein.

77. The Retailer Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 77 of the First Amended Complaint.

78. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the First Amended Complaint and, therefore, deny them.

79. The Retailer Defendants deny the allegations of Paragraph 79 of the First Amended Complaint.

80. The Retailer Defendants deny the allegations of Paragraph 80 of the First Amended Complaint.

81. The Retailer Defendants deny the allegations of Paragraph 81 of the First Amended Complaint.

82. The Retailer Defendants deny the allegations of Paragraph 82 of the First Amended Complaint.

83. As their response to Paragraph 83 of the First Amended Complaint, the Retailer Defendants repeat and reallege their responses to Paragraphs 1-83 of the First Amended Complaint as if fully set forth herein.

84. The Retailer Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 84 of the First Amended Complaint.

85. The Retailer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the First Amended Complaint and, therefore, deny them.

86. The Retailer Defendants deny the allegations of Paragraph 86 of the First Amended Complaint.

87. The Retailer Defendants deny the allegations of Paragraph 87 of the First Amended Complaint.

88. The Retailer Defendants deny the allegations of Paragraph 88 of the First Amended Complaint.

89. The Retailer Defendants deny the allegations of Paragraph 89 of the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks valid and enforceable trademark rights in its alleged HYBRID & COMPANY mark.

In addition to the defenses set forth above, the Retailer Defendants specifically reserve all rights to assert additional defenses under the Federal Rules of Civil Procedure,

the trademark laws of the United States, and any other defenses at law or in equity that may exist or that may become available in the future as further information is obtained

## PRAYER FOR RELIEF

WHEREFORE, the Retailer Defendants National Stores, Inc., Hot Topic, Inc., Pacific SunWear of California, Inc., Ross Stores, Inc., Tween Brands, Inc., The TJX Companies, Inc., The Wet Seal Retail, Inc., Spencer Gifts LLC, Old Navy, LLC, Rue21, Inc., Lord & Taylor Holdings LLC, J. C. Penney Corporation, Inc., BJ's Wholesale Club, Inc., Boscov's Department Store, LLC, Wal-Mart Stores, Inc., Kohl's Department Stores, Inc., Macy's Retail Holdings, Inc., Macys.com, Inc., Shopko Stores Operating Co., LLC, Family Dollar Services, Inc., The Cato Corporation, Belk, Inc., Nordstrom, Inc., Beall's Department Stores, Inc., Sears, Roebuck and Co., Marshalls of MA, Inc., Bob's Stores, LLC, Dollar General Corporation, and Urban Outfitters, Inc. hereby demand judgment:

(1) Dismissing with prejudice all of the claims asserted in the First Amended Complaint;

(2) Awarding the Retailer Defendants their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

(3) Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Retailer Defendants demand a trial by jury.

Dated: New York, New York
June 13, 2014

                                            TARTER KRINSKY & DROGIN LLP

                                            By: /s/ Mark J. Rosenberg
                                                  Mark J. Rosenberg

*Attorneys for the Retailer Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on June 13, 2014, I caused the foregoing document to be filed using the CM/ECF System in the United States District Court for Southern District of New York, which caused counsel of record for the Plaintiff to be served by electronic mail, as more fully reflected on the notice of electronic filing.

 */s/ Mark J. Rosenberg*