Mark J. Rosenberg
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone:  212-216-1127
Facsimile:  212-216-8001
mrosenberg@tarterkrinsky.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FASHION EXCHANGE LLC, | No. 1:14-cv-01254 (SHS) |
| Plaintiff, | |
| v. | **AMENDED ANSWER AND COUNTERCLAIMS** |
| HYBRID PROMOTIONS, LLC, *et al.*, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendants Hybrid Promotions, LLC ("Hybrid"), Jarrod Dogan, Gavin Dogan and Jeff Caldwell (collectively, the "Hybrid Defendants"), by their attorneys, Tarter Krinsky & Drogin LLP, as and for their answer to the First [sic] Amended Complaint of plaintiff The Fashion Exchange LLC ("Plaintiff" or "TFE"), dated June 4, 2014 ("First Amended Complaint"), deny all averments unless specifically admitted herein and state as follows:

1.      Responding to Paragraph 1 of the First Amended Complaint, the Hybrid Defendants admit that the First Amended Complaint purports to assert claims for trademark infringement, unfair competition and deceptive and unfair trade practices under the Lanham Act and New York state law and purports to seek a declaration of trademark ownership under the Declaratory Judgment Act.  The Hybrid Defendants deny the validity of any such claims.

2.     The Hybrid Defendants admit that Plaintiff, by the First Amended Complaint, purports to seek injunctive relief and monetary damages.  The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint and, therefore, deny them.

3.     Responding to Paragraph 3 of the First Amended Complaint, the Hybrid Defendants admit that Plaintiff purports to base its claim for a declaration of trademark ownership on Hybrid's commencement of a proceeding to cancel U.S. Trademark Registration No. 3,723,220 for HYBRID & COMPANY and that Plaintiff purports to seek a judgment that this registration is valid and enforceable.

4.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the First Amended Complaint and, therefore, deny them.

5.     Hybrid and Jarrod Dogan admit the allegations of Paragraph 5 of the First Amended Complaint.  All the Hybrid Defendants other than Hybrid and Jarrod Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the First Amended Complaint and, therefore, deny them.

6.     Jarrod Dogan admits the allegations of Paragraph 6 of the First Amended Complaint.  All the Hybrid Defendants other than Jarrod Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the First Amended Complaint and, therefore, deny them.

7.     Mr. Caldwell admits the allegations of Paragraph 7 of the First Amended Complaint.  All the Hybrid Defendants other than Mr. Caldwell are without knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and, therefore, deny them.

8.      Gavin Dogan admits the allegations of Paragraph 8 of the First Amended Complaint.  All the Hybrid Defendants other than Gavin Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint and, therefore, deny them.

9.      The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and, therefore, deny them.

10.      The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and, therefore, deny them.

11.      The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint and, therefore, deny them.

12.      The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint and, therefore, deny them.

13.      The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint and, therefore, deny them.

14.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint and, therefore, deny them.

15.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint and, therefore, deny them.

16.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint and, therefore, deny them.

17.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the First Amended Complaint and, therefore, deny them.

18.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the First Amended Complaint and, therefore, deny them.

19.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the First Amended Complaint and, therefore, deny them.

20.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint and, therefore, deny them.

21.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint and, therefore, deny them.

22.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint and, therefore, deny them.

23.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint and, therefore, deny them.

24.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint and, therefore, deny them.

25.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint and, therefore, deny them.

26.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint and, therefore, deny them.

27.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint and, therefore, deny them.

28.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint and, therefore, deny them.

29.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the First Amended Complaint and, therefore, deny them.

30.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the First Amended Complaint and, therefore, deny them.

31.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the First Amended Complaint and, therefore, deny them.

32.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint and, therefore, deny them.

33.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint and, therefore, deny them.

34.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the First Amended Complaint and, therefore, deny them.

35.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the First Amended Complaint and, therefore, deny them.

36.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the First Amended Complaint and, therefore, deny them.

37.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the First Amended Complaint and, therefore, deny them.

38.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the First Amended Complaint and, therefore, deny them.

39.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the First Amended Complaint and, therefore, deny them.

40.     Paragraph 40 of the First Amended Complaint is a legal statement for which a response is not required.  To the extent a response is required, the Hybrid Defendants deny the averments in this Paragraph.

41.     Paragraph 41 of the First Amended Complaint is a legal statement for which a response is not required.  To the extent a response is required, the Hybrid Defendants deny the averments in this Paragraph.

42.     Paragraph 42 of the First Amended Complaint is a legal statement for which a response is not required.  To the extent a response is required, Defendants deny the averments in this Paragraph.

43.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the First Amended Complaint and, therefore, deny them.

44.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint and, therefore, deny them.

45.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the First Amended Complaint and, therefore, deny them.

46.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the First Amended Complaint and, therefore, deny them.

47.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the First Amended Complaint and, therefore, deny them.

48.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the First Amended Complaint and, therefore, deny them.

49.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the First Amended Complaint and, therefore, deny them.

50.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the First Amended Complaint and, therefore, deny them.

51.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the First Amended Complaint and, therefore, deny them.

52.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the First Amended Complaint and, therefore, deny them.

53.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the First Amended Complaint and, therefore, deny them.

54.     Responding to Paragraph 54 of the First Amended Complaint, the Hybrid Defendants admit that U.S. Trademark Registration No. 3,723,220 (the "'220 Registration") issued in December 2008 and refer to the '220 Registration for its full terms.

55.     The Hybrid Defendants deny the allegations of Paragraph 55 of the First Amended Complaint.

56.     The Hybrid Defendants deny the allegations of Paragraph 56 of the First Amended Complaint.

57.     The Hybrid Defendants deny the allegations of Paragraph 57 of the First Amended Complaint.

58.     The Hybrid Defendants deny the allegations of Paragraph 58 of the First Amended Complaint.

59.     The Hybrid Defendants admit the allegations of Paragraph 59 of the First Amended Complaint but deny that any such authorization was needed or required.

60.     The Hybrid Defendants deny the allegations of Paragraph 60 of the First Amended Complaint.

61.     The Hybrid Defendants deny the allegations of Paragraph 61 of the First Amended Complaint.

62.     Hybrid and Jarrod admit the allegations of Paragraph 62 of the First Amended Complaint and refer to the application for its precise terms.  All the Hybrid Defendants other than Hybrid and Jarrod Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the First Amended Complaint and, therefore, deny them.

63.     The Hybrid Defendants admit that on May 25, 2011, the USPTO issued an office action relating to U.S. Trademark Application Serial No. 85245387 for HYBRID, refer to the office action for its full terms, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the First Amended Complaint and, therefore, deny them.

64.     Hybrid and Jarrod Dogan admit that Hybrid filed a petition for cancelation seeking the cancelation of U.S. Trademark Registration No. 3,723,220, refer to the petition for its precise terms, and are without knowledge or information sufficient to form a belief as to the truth

of the allegations regarding plaintiff's intent. All the Hybrid Defendants other than Hybrid and Jarrod Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the First Amended Complaint and, therefore, deny them.

65.     As its response to Paragraph 65 of the First Amended Complaint, Hybrid repeats and realigns its responses to the allegations in Paragraphs 1 through 78 as set forth herein.  The allegations of Paragraph 65 of the First Amended Complaint are not asserted against Mr. Caldwell, Jarrod Dogan and Gavin Dogan and, as such, no response is required.

66.     Hybrid admits the allegations of Paragraph 66 of the First Amended Complaint. The allegations of Paragraph 66 of the First Amended Complaint are not asserted against Mr. Caldwell, Jarrod Dogan and Gavin Dogan and, as such, no response is required.  To the extent a response is deemed necessary, Mr. Caldwell, Jarrod Dogan and Gavin Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the First Amended Complaint and, therefore, deny them.

67.     Hybrid admits the allegations of Paragraph 67 of the First Amended Complaint. The allegations of Paragraph 67 of the First Amended Complaint are not asserted against Mr. Caldwell, Jarrod Dogan and Gavin Dogan and, as such, no response is required.  To the extent a response is deemed necessary, Mr. Caldwell, Jarrod Dogan and Gavin Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the First Amended Complaint and, therefore, deny them.

68.     Responding to Paragraph 68 of the First Amended Complaint, Hybrid admits that the First Amended Complaint purports to seek a declaration that it maintains common law rights in the trademark HYBRID & COMPANY and that its '220 Registration is valid and enforceable. Hybrid denies the validity of any such claim. The allegations of Paragraph 68 of the First

Amended Complaint are not asserted against Mr. Caldwell, Jarrod Dogan and Gavin Dogan and, as such, no response is required.  To the extent a response is deemed necessary, Mr. Caldwell, Jarrod Dogan and Gavin Dogan are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the First Amended Complaint and, therefore, deny them.

69.     As their response to Paragraph 69 of the First Amended Complaint, the Hybrid Defendants repeat and reallege their responses to Paragraphs 1-78 of the First Amended Complaint as if fully set forth herein.

70.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 70 of the First Amended Complaint.

71.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to deny the allegations of Paragraph 71 of the First Amended Complaint and, therefore, deny them.

72.     The Hybrid Defendants deny the allegations of Paragraph 72 of the First Amended Complaint.

73.     The Hybrid Defendants deny the allegations of Paragraph 73 of the First Amended Complaint.

74.     The Hybrid Defendants deny the allegations of Paragraph 74 of the First Amended Complaint.

75.     The Hybrid Defendants deny the allegations of Paragraph 75 of the First Amended Complaint.

76.     As their response to Paragraph 76 of the First Amended Complaint, the Hybrid Defendants repeat and reallege their responses to Paragraphs 1-78 of the First Amended Complaint as if fully set forth herein.

77.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 77 of the First Amended Complaint.

78.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the First Amended Complaint and, therefore, deny them.

79.     The Hybrid Defendants deny the allegations of Paragraph 79 of the First Amended Complaint.

80.     The Hybrid Defendants deny the allegations of Paragraph 80 of the First Amended Complaint.

81.     The Hybrid Defendants deny the allegations of Paragraph 81 of the First Amended Complaint.

82.     The Hybrid Defendants deny the allegations of Paragraph 82 of the First Amended Complaint.

83.     As their response to Paragraph 83 of the First Amended Complaint, the Hybrid Defendants repeat and reallege their responses to Paragraphs 1-78 of the First Amended Complaint as if fully set forth herein.

84.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to when Plaintiff commenced use of HYBRID & COMPANY and deny the remaining allegations of Paragraph 84 of the First Amended Complaint.

85.     The Hybrid Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the First Amended Complaint and, therefore, deny them.

86.     The Hybrid Defendants deny the allegations of Paragraph 86 of the First Amended Complaint.

87.     The Hybrid Defendants deny the allegations of Paragraph 87 of the First Amended Complaint.

88.     The Hybrid Defendants deny the allegations of Paragraph 88 of the First Amended Complaint.

89.     The Hybrid Defendants deny the allegations of Paragraph 89 of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred by laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks valid and enforceable trademark rights in its alleged HYBRID & COMPANY mark.

In addition to the defenses set forth above, the Hybrid Defendants specifically reserve all rights to assert additional defenses under the Federal Rules of Civil Procedure, the trademark

laws of the United States, and any other defenses at law or in equity that may exist or that may become available in the future as further information is obtained.

## COUNTERCLAIMS
### (By Hybrid Promotions, LLC)

## THE PARTIES

1.      Counterclaim Plaintiff Hybrid Promotions, LLC ("Hybrid") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business at 10711 Walker Street, Cypress, California 90630.

2.      Upon information and belief, The Fashion Exchange LLC ("TFE") is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 1407 Broadway, Suite 1706, New York, New York 10018.

## JURISDICTION AND VENUE

3.      The within counterclaims arise under the Judgment Act, 28 U.S.C. § 2201 et seq., Lanham Act, 15 U.S.C. 1051 *et seq.*, particularly under 15 U.S.C. § 1125(a) and the common law, and are for (1) a declaratory judgment that (a) Hybrid's rights in and to its common law HYBRID trademark for use in connection with apparel are superior to TFE's rights in its purported HYBRID & COMPANY mark (the "TFE Mark") and (b) the TFE is not a valid and enforceable trademark; (2) for unfair competition under federal and common law; and (3) the cancellation of U.S. Trademark Registration No. 3,723,220 for HYBRID & COMPANY (the "'220 Registration").  This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367; and 28 U.S.C. §§ 2210 and 2202 with respect to an actual controversy arising under Title 35 of the United States Code

4.      Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). TFE is transacting and doing business in this judicial district, is committing the acts complained

15

of herein within this judicial district, has otherwise directed its illegal conduct complained of herein within this judicial district and has consented to venue within this District by filing this action.

5.      By filing this action, TFE has consented to this Court's personal jurisdiction over TFE with respect to the within counterclaims.

## FACTS COMMON TO ALL COUNTERCLAIMS

6.      Hybrid is a distributor of apparel under its own marks and marks licensed from others.  Hybrid has been distributing a variety of apparel nationwide under its HYBRID Mark (the "HYBRID Mark) since at least as early as 1999, generating many millions of U.S. dollars in annual revenue.

7.      Hybrid has continuously used its HYBRID Mark in interstate commerce since at least as early as 1999.

8.      At all relevant times, Hybrid has prominently and continuously used the HYBRID Mark in commerce on its various apparel products.  Over the years, the HYBRID Mark has been is prominently affixed to its products (a) on a sewn-in or screened label on the inside of Hybrid's products and/or (b) on the hang tags attached Hybrid's products.

9.      Through the years, Hybrid and the national retailers which sell apparel bearing the HYBRID Mark (the "HYBRID Goods") have advertised and promoted the HYBRID Goods throughout the United States including in local and national newspapers and magazines.

10.     As a result of the long term and significant advertising, promotion and sales of the HYBRID Goods, goods bearing the HYBRID Mark are recognized by consumers and the trade throughout the United States to be of the highest quality, which are offered and sold under

superior sales and customer service conditions.  As a result thereof, the HYBRID Mark and the goodwill associated therewith are of inestimable value to Hybrid.

11.     By virtue of the wide renown acquired by the inherently distinctive HYBRID Mark coupled with the nationwide promotion, advertising and substantial sales of apparel bearing the HYBRID Mark, the HYBRID Mark has become famous and has developed a secondary meaning and significance in the minds of the trade and the relevant purchasing public, such that apparel offered under or in connection with this trademark is immediately identified with Hybrid.

12.     Upon information and belief, long after Hybrid began using the HYBID Mark on and in connection with the HYBRID Goods on a nationwide basis and long after the HYBRID Mark became famous and acquired secondary meaning throughout the United States, TFE, without Hybrid's authorization, began using the mark HYBRID & COMPANY (the "TFE Mark").

13.     As set forth in the Statement of Use filed in connection with the application for the '220 Registration (filed in 2006) , TFE claimed that it began using the TFE mark on June 5, 2008, years after the 1999 first use date of the HYBRID Mark. Accordingly, TFE had no use of its mark, either actual or constructive, prior to Hybrid's first use of the HYBRID Mark.

14.     Upon information and belief, TFE is using HYBRID & COMPANY to sell various apparel products – the same goods sold by Hybrid under its HYBRID Mark – to the same or similar consumer as Hybrid, using nearly the same trademark as that owned and used by Hybrid.

15.     The TFE Mark, when applied to apparel including, without limitation, the goods identified in the '220 Registration, is so similar to the HYBRID Mark used in connection with

the HYBRID Goods is likely to cause confusion, or to cause mistake, or to deceive, within the meaning of Section 2(d) of the Lanham Act, all to Hybrid's irreparable damage.

16.   The goods identified in the '220 Registration are identical or closely related to the HYBRID Goods, and, upon information and belief, are sold in identical or similar channels of trade in which the HYBRID Goods are sold.

17.   At all times, TFE's use of the TFE Mark and its registration of that mark have been without Hybrid's authorization.

18.   TFE's HYBRID & COMPANY and Hybrid's HYBRID Mark are nearly identical in appearance and are identical phonetically, in part, so that TFE's use of the TFE mark is to cause confusion, mistake or deception among the trade and consumers.

19.   The TFE Mark is confusingly and deceptively similar to Hybrid's HYBRID Mark, and falsely implies or suggests an affiliation or other connection between TFE and Hybrid, which does not exist.  The consuming public and the trade, upon seeing the TFE Mark used in connection with apparel, is likely to believe that TFE's goods are made, endorsed or sponsored by Hybrid, or that there is a trade connection or affiliation between TFE and its goods, on the one hand, and Hybrid's goods on the other hand, when in fact, no such affiliation or sponsorship exists.

**FIRST COUNTERCLAIM**
**(DECLARATION OF TRADEMARK OWNERSHIP**
**AND INVALIDITY OF THE TFE MARK)**
**(By Hybrid Promotions, LLC)**

20.   Hybrid repeats and realleges the allegations of Paragraphs 1-19 of the Counterclaims as if fully set forth herein.

21. As a result of the acts described in the foregoing paragraphs and by TFE's commencement of this action, there exists a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgment.

22. A judicial declaration is necessary and appropriate so that Hybrid may ascertain its rights with respect to the HYBRID Mark.

23. Hybrid is entitled to a judgment declaring that it is rights in the HYBRID Mark are superior to any rights that TFE may possess in its purported TFE Mark.

24. In addition, Hybrid is entitled to a judgment declaring that the TFE Mark is not a valid and enforceable trademark.

**SECOND COUNTERCLAIM**
**(UNFAIR COMPETITION UNDER 17 U.S.C. § 1125(a))**
**(By Hybrid Promotions, LLC)**

25. Hybrid repeats and realleges the allegations of Paragraphs 1-24 of the Counterclaims as if fully set forth herein.

26. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions, and false representations.

27. Long prior to the acts of the TFE complained of herein, Hybrid extensively used its HYBRID Mark on a nationwide basis to identify its variety of apparel and to distinguish it from apparel provided by others. By reason of the distinctiveness of the HYBRID Mark, this trademark indicates to consumers and the trade that apparel bearing the HYBRID Mark is distributed by, originates from and is sold by Hybrid.

28. By virtue of the wide renown acquired by the HYBRID Mark and the significant amount of nationwide advertising and sales under that mark, the HYBRID Mark has become

famous and has developed a secondary and distinctive meaning and significance in the minds of the trade and the relevant purchasing public, such that apparel sold under or in connection with this trademark are immediately identified by the purchasing public with Hybrid.

29.     Upon information and belief, TFE has used the TFE Mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Hybrid and to improperly appropriate Hybrid's valuable trademark rights.

30.     TFE's use of the TFE Mark is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that TFE's use of the TFE Mark and the goods sold in connection with that mark are authorized, endorsed, sponsored or approved by Hybrid or, alternatively, that Hybrid's use of the HYBRID Mark and sale of the HYBRID Goods are provided, authorized, endorsed, sponsored or approved by TFE.

31.     TFE's unauthorized use of the TFE Mark constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and deception all within the meaning and in violation of 15 U.S.C. § 1125(a).

32.     TFE's use of the TFE Mark has caused and, unless enjoined, will continue to cause irreparable harm and damage to Hybrid and its business, reputation and goodwill and has caused Hybrid to suffer monetary damages in an amount not thus far determined.

33.     Unless restrained and enjoined, TFE's aforesaid acts will cause Hybrid irreparable harm and damage for which there is no adequate remedy at law.

**THIRD COUNTERCLAIM**
**(COMMON LAW UNFAIR COMPETITION)**
**(By Hybrid Promotions, LLC)**

34.     Hybrid repeats and realleges the allegations contained in Paragraphs 1-33 of the Counterclaims as if fully set forth herein.

35.     This claim arises under the common law of this State relating to unfair competition.

36.     As more fully set forth above, the distinctive HYBRID Mark has come to have a secondary meaning indicative of origin, relationship, authorization, sponsorship and/or association with Hybrid.  As a result, the purchasing public and the trade are likely to attribute to TFE's use of HYBRID & COMPANY as a source of origin, authorization and/or sponsorship of TFE's apparel, and therefore, to purchase TFE's apparel based on that erroneous belief or, alternatively, attribute to TFE the authorized use of HYBRID & COMPANY as a source of origin, authorization and/or sponsorship of Hybrid's variety of apparel and therefore, to purchase TFE's apparel based on that mistaken belief.

37.     Upon information and belief, TFE intentionally appropriated the HYBRID Mark and the goodwill associated therewith by using HYBRID & COMPANY, with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, and/or association of TFE's apparel, and with the intent to palm off their apparel as that of Hybrid, and, as such, TFE has engaged in unfair competition under the common law.

38.     TFE's use of HYBRID & COMPANY has caused and, unless enjoined, will continue to cause irreparable harm and damage to Hybrid and its business, reputation and goodwill and has caused Hybrid to suffer monetary damages in an amount not thus far determined.

39.     By reason of such infringement, unfair competition and misappropriation and by TFE's promotion and sale of a variety of apparel in connection with HYBRID & COMPANY, TFE has caused, and unless restrained and enjoined will continue to cause, irreparable injury to Hybrid's reputation and goodwill and otherwise damage Hybrid in an amount not thus far determined.

40.     TFE's conduct in intentionally misappropriating Hybrid's goodwill and engaging in unfair competition was intended to wrongfully enrich TFE and to deliberately and willfully injure Hybrid in wanton disregard of Hybrid's rights and TFE's legal obligations.  Hybrid is therefore entitled to an award of punitive damages in an amount of no less than $1,000,000.

41.     Unless restrained and enjoined, TFE's acts of infringement and unfair competition will cause irreparable harm and damage to Hybrid for which there is no adequate remedy at law.

### FOURTH COUNTERCLAIM
### CANCELLATION OF THE '220 REGISTRATION
### (By Hybrid Promotions, LLC)

42.     Hybrid repeats and realleges the allegations contained in Paragraphs 1-41 of the Counterclaims as if fully set forth herein.

43.     Hybrid's mark, HYBRID, is the subject of trademark Application Serial Number 85/245387 (the "Application"), filed by Hybrid, for use in connection with the production, manufacturing, and sale of a variety of apparel in retail stores throughout the United States.

44.     Hybrid's trademark rights are superior to TFE's trademark rights.  As set forth in the Hybrid Application, the dates of first use for the HYBRID Mark in commerce are as early as 1999, nearly six years before TFE's alleged first use of HYBRID & COMPANY in United States commerce on March 5, 2006.

45.     The TFE Mark is nearly identical to and confusingly similar with Hybrid's HYBRID Mark and conveys an identical or nearly identical commercial impression as Hybrid's HYBRID Mark.

46.     The goods and services covered by the '220 Registration are identical, similar or closely related to the goods and services associated with the HYBRID Mark.

47.     TFE's use of HYBRID & COMPANY in connection with the goods and services identified in the '220 Registration is likely to cause confusion, mistake and deception by engendering the mistaken belief that goods and services offered by TFE under and in connection with HYBRID & COMPANY emanate from or are licensed, sponsored or authorized by Hybrid.

48.     Alternatively, TFE's use of HYBRID & COMPANY in connection with the goods and services identified in the '220 Registration is likely to cause reverse confusion, mistake and deception by engendering the mistaken belief that goods and services offered by Hybrid under and in connection with the HYBRID Mark emanate from or are licensed, sponsored or authorized by TFE.

49.     The '220 Registration and continuing registration of HYBRID & COMPANY has caused and will continue to cause harm to Hybrid.  Among other things, the existence of the '220 Registration has been cited by the USPTO as a grounds for denying the registration of the HYBRID Mark.

50.     In accordance with 15 U.S.C. §§ 1064 and 1119, the '220 Registration should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE,

A.      The Defendants Hybrid Promotions, LLC, Jarrod Dogan, Gavin Dogan and Jeff Caldwell hereby demand judgment:

> (1)      Dismissing with prejudice all of the claims asserted in the First Amended Complaint;
>
> (2)      Declaring that Hybrid owns common law rights in the trademark HYBRID;
>
> (3)      Awarding the Hybrid Defendants their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and
>
> (4)      Granting such other and further relief as this Court may deem just and proper.

B.      Hybrid demands a judgment:

> (1)      Issuing a permanent injunction enjoining TFE from:
>
>> a.      using HYBRID & COMPANY and/or the HYBRID Mark, or any other similar name or trademark which is confusingly similar to the HYBRID Mark, in connection with the sale, offering for sale, promotion, advertising, marketing, manufacture, production, importation or distribution of clothing or any related goods;
>>
>> b.      conducting any activities in the United States, including but not limited to selling, offering for sale, promoting, advertising, marketing, manufacturing, producing, importing or distributing

24

clothing or any related goods, which would infringe Hybrid's HYBRID Mark;

c.     conducting any activities in the United States, including but not limited to selling, offering for sale, promoting, advertising, marketing, manufacturing, producing, importing or distributing clothing or any related goods, which would constitute unfair competition with Hybrid's HYBRID Mark, or a false designation of origin of TFE's goods as emanating from or being associated or affiliated with, or sponsored by, Hybrid;

(2)     Ordering the immediate cancellation of TFE's trademark registration for HYBRID & COMPANY, Registration No. 3,723,220;

(3)     Ordering that TFE destroy, or deliver to Hybrid for destruction, all goods, labels, tags, signs, packaging, as well as promotional, marketing or advertising material in TFE's possession, custody or control, which displays HYBRID & COMPANY and/or the HYBRID Mark, or any similarly confusing trademark;

(4)     Awarding Hybrid all monetary damages, pursuant to 15 U.S.C. § 1117, which it has sustained as a consequence of TFE's unfair competition in violation of 15 U.S.C. § 1125(a);

(5)     Awarding Hybrid enhanced statutory damages, pursuant to 15 U.S.C. § 1117(a), due to TFE's willful and intentional violation of Hybrid's rights under the Lanham Act;

25

(6)     Awarding Hybrid all monetary damages which it has sustained as a consequence of TFE's violation of the New York common law of unfair competition;

(7)      Declaring that (a) Hybrid's rights in the HYBRID Mark are superior to TFE's purported rights in the HYBRID & COMPANY mark and (b) TFE's alleged rights in the HYBRID & COMPANY mark are not valid or enforceable; and

(8)     Granting such other and further relief as the court deems just and proper.

## JURY DEMAND

The Hybrid Defendants demand a trial by jury.

Dated: New York, New York
          June 17, 2014

TARTER KRINSKY & DROGIN LLP


By:        /s/ Mark J. Rosenberg
          Mark J. Rosenberg

*Attorneys for the Hybrid Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2014, I caused the foregoing document to be filed using the CM/ECF System in the United States District Court for Southern District of New York, which caused counsel of record for the Plaintiff to be served by electronic mail, as more fully reflected on the notice of electronic filing.

<i>/s/ Mark J. Rosenberg</i>