UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
:
THE FASHION EXCHANGE LLC,                                              :
:
       Plaintiff,                  :
:
v.                                                                     :
:
HYBRID PROMOTIONS, LLC, JEFF CALDWELL,                                 :
JARROD DOGAN, GAVIN DOGAN,                                             :
:
       Defendants/Counterclaimants, :
:
and                                                                    :
:
NATIONAL STORES, INC.,                                                 :   Civil Action No. 14-CV-1254 (SHS)
HOT TOPIC, INC.,                                                       :
PACIFIC SUNWEAR OF CALIFORNIA, INC.,                                   :
ROSS STORES, INC., TWEEN BRANDS, INC.,                                 :   PLAINTIFF'S MEMORANDUM
THE TJX COMPANIES, INC.,                                               :   OF LAW IN SUPPORT OF ITS
THE WET SEAL RETAIL, INC.,                                             :   MOTION FOR PARTIAL
SPENCER GIFTS LLC,                                                     :   SUMMARY JUDGMENT
OLD NAVY, LLC, RUE21, INC.,                                            :
J.C. PENNEY CORPORATION, INC.,                                         :
BJ'S WHOLESALE CLUB, INC.,                                             :
BOSCOV'S DEPARTMENT STORE, LLC,                                        :
WAL-MART STORES, INC.,                                                 :
KOHL'S DEPARTMENT STORES, INC.                                         :
MACY'S RETAIL HOLDINGS, INC.,                                          :
MACYS.COM, INC.,                                                       :
SHOPKO STORES OPERATING CO., LLC,                                      :
FAMILY DOLLAR SERVICES, INC.,                                          :
THE CATO CORPORATION,                                                  :
BELK, INC.,   DILLARD'S, INC.,                                         :
NORDSTROM, INC.,                                                       :
BEALL'S DEPARTMENT STORES, INC.,                                       :
SEARS BRANDS, LLC,                                                     :
MARSHALLS OF MA, INC., BOB'S STORES, LLC,                              :
DOLLAR GENERAL CORPORATION,                                            :
TARGET CORPORATION,                                                    :
URBAN OUTFITTERS, INC.,                                                :
:
       Defendants.                  :
:
-----------------------------------------------------------------------x

i

COMES NOW Plaintiff The Fashion Exchange LLC ("Fashion Exchange" or "Plaintiff"), by and through its attorneys, Zarin & Associates P.C., with this memorandum of law in support of its motion for partial summary judgment against Defendants Hybrid Promotions, LLC ("Hybrid Promotions"), Jeff Caldwell, Jarrod Dogan ("Dogan") and Gavin Dogan (collectively "Defendants") on their counterclaims, pursuant to Fed. R. Civ. P. 56.

## Table of Contents

I. Preliminary Statement ..................................................................................................................... 1

II. Argument ........................................................................................................................................ 3

    A. Defendants Lack Trademark Ownership Rights In HYBRID, HYBRID PROMOTIONS and HYBRID TEES ........................................................................................................................ 3

        1. Defendants Never Established Trademark Ownership Rights In HYBRID ........................... 4

        2. Defendants Abandoned HYBRID PROMOTIONS, HYBRID TEES and HYBRID ......... 8

            a. Defendants Presumptively Abandoned HYBRID PROMOTIONS, HYBRID TEES and HYBRID ................................................................................................................................. 9

            b. Defendants Do Not Intend to Resume Use of the Trademark HYBRID TEES ............. 16

    B. Defendants Cannot Make Out Their Prima Facie Case That Plaintiff Committed Fraud on the PTO Warranting Cancellation of Its HYBRID & COMPANY Trademark Registration .......... 18

        1. Plaintiff Did Not Have Actual or Constructive Knowledge That It Made A Misrepresentation to the PTO ........................................................................................................ 19

        2. Plaintiff Did Not Intend To Deceive The PTO ....................................................................... 22

III. Conclusion .................................................................................................................................... 25

# Table of Authorities

## Cases

*Brown & Brown, Inc. v. Cola*, 2011 U.S. Dist. LEXIS 31147 (E.D. Pa. March 23, 2011) ........... 16, 17, 18
*C. & J. Clark International Ltd. v. Unity Clothing Inc.*, 2013 TTAB LEXIS 213 (TTAB 2013) ................ 24
*Daniel Ryan Way and CMDW, Inc. v. Falwell*, 2011 TTAB LEXIS 150 (TTAB 2011) ............................. 25
*De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, 440 F. Supp.2d 249 (S.D.N.Y. 2006) ..... 4
*Del-Rain Corp. v. Pelonis USA, Ltd.*, 2002 U.S. App. LEXIS 1729 (2d Cir. 2002) ................................. 18
*Doro v. Sheet Metal Workers International Association*, 498 F.3d 152 (2d Cir. 2007) ........................................ 3
*Emmpressa Cubana Del Tabaco v. Culbro Corp.*, 213 F. Supp.2d 247 (S.D.N.Y. 2002) ...................... 15
*Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Company*, 2014 U.S. Dist. LEXIS 109226 (S.D.N.Y. August 5, 2014) .......................................................................................................... 24
*George Nelson Foundation v. Modernica, Inc.*, 12 F. Supp.3d 365 (S.D.N.Y. 2014) ............................... 4
*Haggar International Corp. v. United Co. for Food Industry Corp.*, 906 F. Supp.2d 96 (E.D.N.Y. 2012) ...... 19
*Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp.2d 1013 (C.D. Ca. 2011) ............................. 24
*Holcomb v. Iona College*, 521 F.3d 130 (2d Cir. 2008) .............................................................................. 3
*In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009) .................................................................................... 23
*ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135 (2d Cir. 2007) ............................................................. 9, 15
*La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265 (2d Cir. 1974) ................ 4
*M.C.I. Foods, Inc. v. Brady Bunte*, 96 U.S.P.Q.2d 1544 (TTAB 2010) ........................................... 24
*Major League Baseball Props. v. Opening Day Prods.*, 385 F. Supp.2d 256 (S.D.N.Y. 2005) ................. 4
*Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2002 U.S. App. LEXIS 18416 (2d Cir. September 6, 2002) ............................................................................................................................................... 4
*Omega S.A. v. Alliant Techsystems Inc.*, 2015 TTAB LEXIS 124 (TTAB 2015) ........................... 24
*Orange 21 North America Inc. v. Beryll Brand Division Est. and Sigmar Berg*, 2012 TTAB LEXIS 57 (TTAB 2012) ........................................................................................................................................... 25
*Orient Express Trading Co. v. Federated Department Stores, Inc.*, 842 F.2d 650 (2d Cir. 1988) ................ 18, 19
*Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254 (2d Cir. 2011) .................................................. 19
*Paul Audio, Inc. v. Baoning Zhou*, 2011 TTAB LEXIS 386 (TTAB 2011) ....................................... 25
*Quality Service Group v. LJMJR Corp.*, 831 F. Supp.2d 705 (S.D.N.Y. 2011) .............................. 19
*Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006) ..................................................................................... 3
*Silverman v. CBS, Inc.*, 870 F.2d 40 (2d Cir. 1989) .............................................................................. 15
*Wolverine Outdoors, Inc. v. Marker Vokl (International) GmbH*, 2013 TTAB LEXIS 531 (TTAB 2013) .. 24

## Statutes

15 U.S.C. §1114 ..................................................................................................................................... 1
15 U.S.C. §1125(a) ................................................................................................................. 1, 2, 18, 25

## Rules

Fed. R. Civ. P. 56 .......................................................................................................................... ii, 2, 3

I. Preliminary Statement

Upon discovering that Hybrid Promotions was allegedly selling apparel under the trademark HYBRID[1], Plaintiff Fashion Exchange filed this action against Defendant Hybrid Promotions, its current and former principals, Jarrod Dogan, Gavin Dogan and Jeff Caldwell, and several retailers which sell Hybrid Promotions' branded apparel, asserting claims against Defendants for a declaration of ownership of its HYBRID & COMPANY trademark (First Cause of Action), trademark infringement pursuant to 15 U.S.C. §1114 based upon its federal registration for the trademark HYBRID & COMPANY (Second Cause of Action), unfair competition pursuant to 15 U.S.C. §1125(a) based upon its common law rights in its HYBRID & COMPANY trademark (Third Cause of Action), and unfair competition under New York common law also based upon its common law rights in its HYBRID & COMPANY trademark (Fourth Cause of Action). (D.E. 21)[2]

Along with their answer to Plaintiff's complaint, Defendants asserted counterclaims against Plaintiff for a declaration that their rights in their purported HYBRID trademark are superior to Plaintiff's rights in its HYBRID & COMPANY trademark (First Counterclaim), unfair competition in violation of 15 U.S.C. §1125(a) (Second Counterclaim), unfair competition under the common law (Third Counterclaim) and cancellation of Plaintiff's federal trademark registration for HYBRID & COMPANY on the ground that Defendants used their HYBRID trademark in commerce prior to the time Plaintiff used its trademark in commerce (Fourth Counterclaim). (D.E. 49)

_____

[1] For the relevant facts in support of its motion for partial summary judgment, Plaintiff refers the Court to its Rule 56.1 Statement of Undisputed Facts.

[2] On April 6, 2015, with the Court's permission, Plaintiff amended the allegations in its complaint to include its common law trademark HYBRID, thereby modifying its third and fourth causes of action for statutory and common law unfair competition respectively to assert this trademark against Defendants, in addition to its federally registered HYBRID & COMPANY trademark. (D.E. 110, ¶2; Zarin Dec., Exh. A)

1

During the course of discovery, Plaintiff discovered that Defendants have not sold apparel under the trademark HYBRID, but instead have sold apparel, at various times since 1999, under the trademarks HYBRID PROMOTIONS, HYBRID TEES, HYBRID APPAREL and HYBRID JEM. Consequently, upon the Court's permission, Plaintiff amended its complaint to include allegations relating to these trademarks. (D.E. 131, ¶1; D.E. 134) All of Plaintiff's claims, therefore, also relate to Defendants' use of these trademarks.

Along with their answer to Plaintiff's amended complaint, Defendants made two significant amendments to their counterclaims. First, upon the Court's permission, they added an additional counterclaim for cancellation of Plaintiff's registration for its HYBRID & COMPANY trademark on the ground that, in prosecuting its trademark application, Plaintiff committed fraud on the PTO (Fifth Counterclaim). Second, without the court's permission, they amended the factual allegations which support their counterclaims to include, in addition to their purported trademark HYBRID, the trademarks HYBRID PROMOTIONS, HYBRID TEES, HYBRID APPAREL and HYBRID JEM (D.E. 135, Counterclaims, ¶6)

Pursuant to Fed. R. Civ. P. 56, Plaintiff hereby moves for partial summary judgment on all Defendants' counterclaims. With respect to Defendants' counterclaim for cancellation of Plaintiff's registration for its HYBRID & COMPANY trademark due to fraud on the PTO, Plaintiff seeks dismissal of this counterclaim in its entirety, because Defendants cannot make out their prima facie case. (Fifth Counterclaim) With respect to Defendants' counterclaims for a declaration of their superior rights (First Counterclaim), unfair competition under 15 U.S.C. §1125(a) (Second Counterclaim), common law unfair competition (Third Counterclaim) and cancellation of Plaintiff's trademark registration on the ground of Defendants' purported superior rights (Fourth Counterclaim), Plaintiff seeks an order striking from these counterclaims the alleged trademarks HYBRID, HYBRID PROMOTIONS and HYBRID TEES, because Defendants currently lack ownership rights in each of these purported trademarks. As the bases for these requests, Plaintiff offers the following.