UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
THE FASHION EXCHANGE LLC,                                        :
:
        Plaintiff,                                              :
:
v.                                                               :
:
HYBRID PROMOTIONS, LLC, JEFF CALDWELL,                           :
JARROD DOGAN, GAVIN DOGAN,                                       :
:
        Defendants/Counterclaimants,                            :
:
and                                                              :
:
NATIONAL STORES, INC.,                                           :   Civil Action No. 14-CV-1254 (SHS)
HOT TOPIC, INC.,                                                 :
PACIFIC SUNWEAR OF CALIFORNIA, INC.,                             :
ROSS STORES, INC., TWEEN BRANDS, INC.,                           :   PLAINTIFF'S MEMORANDUM
THE TJX COMPANIES, INC.,                                         :   OF LAW IN OPPOSITION TO
THE WET SEAL RETAIL, INC.,                                       :   DEFENDANTS' MOTION
SPENCER GIFTS LLC,                                               :   FOR SUMMARY JUDGMENT
OLD NAVY, LLC, RUE21, INC.,                                      :
J.C. PENNEY CORPORATION, INC.,                                   :
BJ'S WHOLESALE CLUB, INC.,                                       :
BOSCOV'S DEPARTMENT STORE, LLC,                                  :
WAL-MART STORES, INC.,                                           :
KOHL'S DEPARTMENT STORES, INC.                                   :
MACY'S RETAIL HOLDINGS, INC.,                                    :
MACYS.COM, INC.,                                                 :
SHOPKO STORES OPERATING CO., LLC,                                :
FAMILY DOLLAR SERVICES, INC.,                                    :
THE CATO CORPORATION,                                            :
BELK, INC., DILLARD'S, INC.,                                     :
NORDSTROM, INC.,                                                 :
BEALL'S DEPARTMENT STORES, INC.,                                 :
SEARS BRANDS, LLC,                                               :
MARSHALLS OF MA, INC., BOB'S STORES, LLC,                        :
DOLLAR GENERAL CORPORATION,                                      :
TARGET CORPORATION,                                              :
URBAN OUTFITTERS, INC.,                                          :
:
        Defendants.                                             :
:
-----------------------------------------------------------------x

i

COMES NOW Plaintiff The Fashion Exchange LLC ("Plaintiff"), by and through its attorneys, Zarin & Associates P.C., with this memorandum of law in opposition to Defendants Hybrid Promotions, LLC ("Hybrid Promotions"), Jeff Caldwell, Jarrod Dogan ("Dogan") and Gavin Dogan (collectively "Defendants") motion for summary judgment.

Table of Contents

I. Preliminary Statement .................................................................................................................. vii

II. Argument ........................................................................................................................................ 1

   A. Laches Does Not Bar Plaintiff's Claims ............................................................................... 1

      1. Laches Is Presumed Not To Apply .................................................................................. 1

      2. Plaintiff's Delay Is Excusable ......................................................................................... 10

      3. Defendants' Have Not Suffered Prejudice .................................................................. 11

   B. Defendants' Laches Defense Does Not Apply To Retailer Defendants ........................ 15

   C. Plaintiff Has Priority Over Defendants ............................................................................... 17

   D. Plaintiff's HYBRID Trademark Is Valid And Enforceable .............................................. 20

      1. Plaintiff's HYBRID Trademark Is Not Descriptive ................................................... 20

      2. Plaintiff's HYBRID Trademark Has Secondary Meaning ......................................... 23

      3. Plaintiff Is Not Judicially Estopped From Arguing That Its HYBRID Trademark Is Not Descriptive .................................................................................................................................. 24

III. Conclusion ................................................................................................................................... 26

## Table of Authorities

### Cases

*A. C. Aukerman Co. v. Chaides Construction. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) .................................................1
*Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2d Cir. 1976) ....................................................22, 23
*Apex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 2008 U.S. Dist. LEXIS 99433 (S.D.N.Y. November 26, 2008).........11
*Apollo Fuel Oil v. United States*, 195 F.3d 74 (2d Cir. 1999) .........................................................................................9
*Apollo Theater Foundation, Inc. v. Western International Syndication*, 2005 U.S. Dist. LEXIS 7955 (2d Cir. May 6, 2005) ......................................................................................................................................................................16
*Argus Research Group, Inc. v. Argus Media, Inc.*, 562 F. Supp.2d 260 (D. Conn. 2008) ...........................................2
*Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899 (E.D.N.Y. 1987) ......................................................19
*Beam Laser Systems v. Cox Communications, Inc.*, 144 F. Supp.2d 464 (E.D.Va. 2001) ........................................11
*Becoming, Inc. v. Avon Products*, 2001 U.S. Dist. LEXIS 11929 (S.D.N.Y. August 15, 2001) ...............................19
*Big Star Entertainment, Inc. v. Next Big Star, Inc.*, 105 F. Supp.2d 185 (S.D.N.Y. 2000)........................................23
*Black Diamond Sportswear, Inc. v. Black Diamond Equipment, Ltd.*, 2007 U.S. App. LEXIS 23515 (2d. Cir. October 5, 2007) .....................................................................................................................................................................4
*Borghese Trademarks, Inc. v. Borghese*, 2013 U.S. Dist. LEXIS 39827 (S.D.N.Y. January 14, 2013) ................2, 10
*Bristol Co. v. Bosch Rexroth Inc.*, 758 F. Supp.2d 1172 (D. Colo. 2010)....................................................................13
*Brown v. Sixteen, Inc.*, 2009 U.S. Dist. LEXIS 36211 (S.D.N.Y. April 28, 2009) ......................................................2
*C & L Int'l Trading, Inc., v. American Health Institute, Inc.*, 2015 U.S. Dist. LEXIS 52971 (S.D.N.Y. April 22, 2015) ......................................................................................................................................................................9
*Casa Editrice Bonechi, S.R.L. v. Irving Weisdorf & Co.*, 1995 U.S. Dist. LEXIS 12849 (S.D.N.Y. August 30, 1995) ....................................................................................................................................................................................11
*CBS Inc. v. Springboard International Records*, 429 F. Supp. 563 (S.D.N.Y. 1976) ................................................11
*Chandon Champagne Corp. v. San Marino Wine Corp.*, 335 F.2d 531 (2d Cir. 1964) ..........................................3, 5
*Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996) ........................................................................1, 11
*Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 2007 U.S. Dist. LEXIS 89637 (N.D.N.Y. January 31, 2007) ....................................................................................................................................................................12
*Cuban Cigar Brands N.V. v. Upmann International Inc.*, 457 F. Supp. 1090 (S.D.N.Y. 1978) ..........................12, 13
*Dalton v. Honda Motor Co.*, 2011 U.S. App. LEXIS 12019 (Fed. Cir. June 13, 2011) ...........................................23
*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (Fed. Cir. 2001) ........................................................................................13
*Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959) .........................................................9, 10
*DC Comics, Inc. v. Powers*, 482 F. Supp. 494 (S.D.N.Y. 1979)...................................................................................9
*Defiance Button Machine Co. v. C & C Metal Products Corp.*, 759 F.2d 1053 (2d Cir. 1985) .................................18
*Eastman Kodak Co. v. Rakow*, 739 F. Supp. 116 (W.D.N.Y. 1989) ..........................................................................15
*Enzo Biochem, Inc. v. Applera Corp.*, 2013 U.S. Dist. LEXIS 107990 (D. Conn. August 1, 2013) ........................13
*Fendi Adele S.R.L. v. Burlington Coat Warehouse Corp.*, 689 F. Supp.2d 585 (S.D.N.Y. 2010) ...............................15
*Fitzpatrick v. Sony-BMG Music Entertainment, Inc.*, 2010 U.S. Dist. LEXIS 87584 (S.D.N.Y. 2010) ....................19
*Flat Rate Movers, Ltd. v. FlatRate Moving & Storage, Inc.*, 2015 U.S. Dist. LEXIS 52970 (S.D.N.Y. April 22, 2015) ....................................................................................................................................................................................15
*Fourth Toro Family Ltd. Partnership v. PV Bakery, Inc.*, 88 F. Supp.2d 188 (S.D.N.Y. 2000) ........................11, 12
*FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp.2d 328 (E.D.N.Y. 2009) ................................................21

*Frito-Lay, Inc. v. Bachman Co.*, 704 F. Supp. 432 (S.D.N.Y. 1989) .................................................. 21, 22

*G's Bottoms Up Soc. Club v. F.P.M. Industries*, 574 F. Supp. 1490 (S.D.N.Y. 1983) ........................... 18

*Gear, Inc. v. L.A. Gear Cal., Inc.*, 670 F. Supp. 508 (S.D.N.Y. 1987) ............................................... 21

*General Cigar Co. v. G.D.M., Inc.*, 988 F. Supp. 647 (S.D.N.Y. 1997) ............................................. 19

*Genesee Bewing Co. v. Stroh Brewing Co.*, 124 F.3d 137 (2d Cir. 1997) ........................................ 22, 23

*Grout Shield Distributors, LLC v. Elio Salvo, Inc.*, 824 F. Supp.2d 389 (E.D.N.Y. 2011) .................... 23

*Gruma Corp. v. Mexican Rests., Inc.*, 2010 U.S. Dist. LEXIS 135515 (S.D. Tex. December 1, 2010) ...... 9

*Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088 (9th Cir. 2004) ....................................... 4

*Guardian Life Ins. Co. of America v. American Guardia Life Assur. Co.*, 943 F. Supp.2d 509 (E.D. Pa. 1996) .......... 9

*Hall v. Aqua*, 93 F.3d 1548 (Fed. Cir. 1996) ................................................................................ 11

*Hermes International v. Lederer de Paris Fifth Ave., Inc.*, 50 F. Supp.2d 212 (S.D.N.Y. 1999) .............. 15

*Hi-Tech Pharmacal Co. v. Hi-Tech Pharms.*, 2007 U.S. Dist. LEXIS 48644 (E.D.N.Y. July 5, 2007) ....... 21, 22

*Horizon Mills Corp. v. Qvc, Inc.*, 161 F. Supp.2d 208 (S.D.N.Y. 2001) ............................................. 21

*In Design v. Laureb Knitwear Corp.*, 782 F. Supp. 824 (S.D.N.Y. 1991) ........................................... 11

*In re American Airlines, Inc.*, 2005 TTAB LEXIS 129 (TTAB 2005) ................................................ 23

*In re Authentic Fitness Products, Inc.*, 2000 TTAB 511 (TTAB 2000) .............................................. 23

*In re Isco, Inc.*, 1996 TTAB LEXIS 370 (TTAB 1996) ................................................................... 23

*In re M/V MSC Flaminia*, 2015 U.S. Dist. LEXIS 110183 (S.D.N.Y. August 19, 2015) ........................ 9

*In re MicroStrategy Inc.*, 2001 TTAB LEXIS 645 (TTAB 2001) ..................................................... 23

*In re Retail Royalty Company*, 2011 TTAB LEXIS 67 (TTAB 2011) ............................................... 22, 23

*In re Veeco Instruments, Inc.*, 2006 TTAB LEXIS 114 (TTAB 2006) ............................................... 23

*J. Atkins Holdings, Ltd. v. English Discs., Inc.*, 729 F. Supp. 945 (S.D.N.Y. 1990) ............................. 19

*J.T. Colby & Co. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 65959 (S.D.N.Y. 2013) .................................. 21

*Jeri-Jo Knitwear, Inc. v. Club Italia, Inc.*, 1999 U.S. Dist. LEXIS 10632 (S.D.N.Y. July 15, 1999) ......... 23

*Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp.2d 340 (E.D.N.Y. 2006) .......... 21, 24

*Johanna Farms, Inc. v. Citrus Bowl, Inc.*, 468 F. Supp. 866 (E.D.N.Y. 1978) .................................... 18

*Kadant, Inc. v. Seeley Machine, Inc.*, 244 F. Supp.2d 19 (N.D.N.Y. 2003) ....................................... 23

*Kaplan, Inc. v. Yun*, 16 F. Supp.2d 341 (S.D.N.Y. 2014) .............................................................. 24

*Lane Capital Management v. Lane Capital Management*, 192 F.3d 337 (2d Cir. 1999) ...................... 21

*Lemme v. NBC*, 472 F. Supp.2d 433 (E.D.N.Y. 2007) ................................................................. 22

*Lifeguard Licensing Corp. v. Gogo Sports, Inc.*, 2013 U.S. Dist. LEXIS 115668 (S.D.N.Y. August 15, 2013) ... 19, 20

*Lucent Techs., Inc. v. Gateway, Inc.*, 2007 U.S. Dist. LEXIS 46861 (S.D.N.Y. June 27, 2007) ............... 16

*Lykes Pasco Packing Co. v. Ole South Foods Company*, 181 U.S.P.Q. 474 (TTAB 1973) ................... 23

*Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 2014 U.S. Dist. LEXIS 15676 (D. Del. February 7, 2014) .. 11, 16

*McDonald's Corp. v. Druck & Gerner, D.D.S., P.C.*, 814 F. Supp. 1127 (N.D.N.Y. 1993) ..................... 5

*MDT Corp. v. New York Stock Exchange, Inc.*, 858 F. Supp. 1028 (C.D.Ca. 1994) ............................ 5

*Metso Minerals, Inc. v. Powerscreen International Distribution Ltd.*, 833 F. Supp.2d 321 (E.D.N.Y. 2011) ... 11

*Meyers v. Asics Corp.*, 974 F.2d 1304 (Fed. Cir. 1992) ................................................................ 12, 13

*Monotype Imaging, Inc. v. Bitstream Inc.*, 2005 U.S. Dist. LEXIS 7410 (N.D. Ill. April 21, 2005) .......... 9

*Motorvac Techs. Inc. v. Norco Industries*, 2004 U.S. Dist. LEXIS 4216 (C.D. Ca. January 12, 2004) ..... 13

*Mulvaney Mechanical, Inc. v. Sheet Metal Workers Int. Ass'n, Local 38*, 288 F.3d 491 (2d Cir. 2002) ... 24

*Newport Electronics v. Newport Corp.*, 157 F. Supp.2d 202 (D. Conn. 2001) ......................................................................2
*Nihon Keizai Shimbun, Inc. v. Comline Business Data*, 1998 U.S. Dist. LEXIS 6806 (S.D.N.Y. April 14, 1998).....12
*Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910 (S.D.N.Y. 1992)....................................................................................10
*Odetics, Inc. v. Storage Tech. Corp.*, 919 F. Supp. 911 (E.D. Va. 1996) ..........................................................15, 16
*Olay Co. v. Cococare Products*, 1983 U.S. Dist. LEXIS 17613 (S.D.N.Y. April 19, 1983) ...................................12
*Omega Engineering, Inc. v. Omega Shielding Products, Inc.*, 1998 U.S. Dist. LEXIS 23652 (D. Conn. March 2, 1998) 5
*Pan Am World Airways, Inc. v. Flight 001, Inc.*, 2007 U.S. Dist. LEXIS 51012 (S.D.N.Y. July 13, 2007) ............19
*PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558 (2d Cir. 1990) .........................................................................23, 24
*Patsy's Italian Restaurant, Inc. v. Banas*, 508 F. Supp.2d 194 (E.D.N.Y. 2007) ......................................................18
*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp.2d 519 (S.D.N.Y. 2012).........................................2, 10
*Pierce v. IT & T*, 147 F. Supp. 934 (D.N.J. 1957)....................................................................................................16
*Piersons v. Quality Archery Designs, Inc.*, 2009 U.S. Dist. LEXIS 131352 (N.D.N.Y. February 26, 2009)..............13
*Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961) .........................................................3, 14
*Polo Fashions, Inc. v. Extra Special Prods.*, 451 F. Supp. 555 (S.D.N.Y. 1978) ......................................................23
*RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 2010 U.S. App. LEXIS 25641 (2d Cir. December 5, 2010) ...2, 3, 4, 5
*Rd. Dawgs Motorcycle Club of the U.S., Inc. v. Rd. Dawgs, Inc.*, 679 F. Supp.2d 259 (N.D.N.Y. 2009)......................23
*Rexall Sundown, Inc. v. Perrigo Co.*, 651 F. Supp.2d 9 (E.D.N.Y. 2009)..................................................................2
*Ronda Ag v. Harley-Davidson, Inc.*, 1997 U.S. App. LEXIS 3597 (Fed. Cir. February 27, 1997) .........................12
*Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037 (2d Cir. 1980).......................................................................1
*Sik Gaek, Inc. v. Yogi's II, Inc.*, 2013 U.S. Dist. LEXIS 77742 (E.D.N.Y. June 3, 2013).....................................19
*Simon v. Safelite Glass Corp.*, 128 F.3d 68 (2d Cir. 1997)......................................................................................25
*Stetson v. Howard D. Wolf & Associates*, 1991 U.S. Dist. LEXIS 10319 (S.D.N.Y. July 26, 1991) ........................19
*Stone v. Williams*, 873 F.2d 620 (2d Cir. 1989).................................................................................................2, 11
*Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039 (4th Cir. 1984) .................................................15
*Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp.2d 463 (S.D.N.Y. 2008) .....................................................................4
*Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63 (2d Cir. 2008) ..........................................................................19
*Toyota Jidosha Kabushiki Kaisha v. Aliments Lexus, Inc.*, 2004 U.S. Dist. LEXIS 10729 (E.D.N.Y. 2004) ..............2
*Tri-Star Pictures, Inc. v. Unger*, 14 F. Supp.2d 339 (S.D.N.Y. 1998) ....................................................10, 11, 24
*U.S. Philips Corp. v. ATI Techs., Inc.*, 2008 U.S. Dist. LEXIS 38732 (S.D.N.Y. May 8, 2008) ............................9
*United States Polo Association v. USA Holdings, Inc.*, 800 F. Supp.2d 515 (S.D.N.Y. 2011)..................................23
*Vineberg v. Bissonnette*, 548 F.3d 50 (1st Cir. 2008).............................................................................................13

## Statutes

15 U.S.C. §1114..................................................................................................................................................... vii
15 U.S.C. §1125(a) ................................................................................................................................................ vii

## Rules

Fed. R. Civ. P. 56.................................................................................................................................................. vii
Fed. R. Evid. 602......................................................................................................................................................8

I.  **Preliminary Statement**

In this action, brought under the Lanham Act, Plaintiff has asserted claims against Defendants and numerous retailers which have sold Defendants' goods ("Retailer Defendants") for: (1) a declaration that it has ownership rights in its HYBRID and HYBRID & COMPANY trademarks (First Cause of Action); (2) trademark infringement pursuant to 15 U.S.C. §1114 (Second Cause of Action); (3) unfair competition pursuant to 15 U.S.C. §1125(a) (Third Cause of Action); and (4) unfair competition pursuant to New York common law (Fourth Cause of Action). (D.E. 134)  In defense against these claims, both Defendants and Retailer Defendants have raised the affirmative defenses, *inter alia*: (1) laches (Second Affirmative Defense); and (2) lack of valid and enforceable trademark rights (Fifth Affirmative Defense). (D.E. 135, p. 15; D.E. 140, pp. 16-17) Defendants alone have also asserted the affirmative defense of superior trademark rights (Seventh Affirmative Defense). (D.E. 135, p. 16)  Defendants have moved for summary judgment on these affirmative defenses.[1]  For the following reasons, however, Defendants' motion should be denied.

---

[1]    Although Retailer Defendants are not a party to this motion, Defendants contend that *their* laches defense applies to Retailer Defendants also.