UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE FASHION EXCHANGE LLC,

       Plaintiff,     14-CV-1254 (SHS) (OTW)

  -against-        **MEMORANDUM**
            **OPINION & ORDER**
HYBRID PROMOTIONS, LLC, et al.,

       Defendants.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff The Fashion Exchange LLC has filed a Letter Motion for Reconsideration (ECF 262) of this Court's October 23, 2016 Order (ECF 261) requiring production of Plaintiff's full, unredacted tax returns for the years 2009 through 2017, inclusive. For the reasons that follow, the Letter Motion for Reconsideration is denied.

1. **Introduction**

Plaintiff's motion seeks reconsideration of both the October 23, 2016 Order (ECF 261) *and* reconsideration of this Court's October 4, 2018 Order requiring that the "tax documents discussed at the discovery conference . . . be produced by Plaintiff at least two weeks before Plaintiff's deposition." (Order, ECF 255). Plaintiff apparently argues that it should not have been ordered to produce tax returns to Defendants *at all*, (ECF 262 at 3), and that if they *must* produce tax returns, that Plaintiff's redactions were appropriate.

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In*

*re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). "To these ends, a request for reconsideration under [Local] Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365 (citing *Shrader*, 70 F.3d at 257).

   2. **Reconsideration of the October 4, 2018 Order**

As a preliminary matter, Plaintiff's request for reconsideration of the October 4, 2018 Order is untimely. *See* Local Civil Rule 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."). Further, Plaintiff likely waived its right to seek reconsideration when it attempted compliance, albeit incorrectly, by producing incomplete, redacted tax returns to Defendants. But, as "[e]verything in this case has been untimely," (Transcript of October 4, 2018 Hearing at 25:6, ("Transcript"), ECF 259), the

Court will nevertheless consider the motion for reconsideration of the October 4, 2018 Order on its merits.

At the October 4, 2018 discovery conference, the Court ordered Plaintiff to produce tax returns for the years 2009 through 2017. (*See* Transcript at 26:23–25; *see also* ECF 255 ¶ 3). As Plaintiff correctly states in its motion, "[i]n order for a court to compel discovery of income tax returns, a two-pronged test must be met: first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (internal citations and quotations omitted). The Court addressed both prongs of this test at the October 4, 2018 discovery conference.

First, the Court previously held that the information contained in the tax returns is relevant to the subject matter of the action. In this action, based in trademark infringement, Plaintiff is a licensor and should have received royalties on that license. (*See* Transcript at 3:8–9). Defendants have sought information about the amount of Plaintiff's received royalties, because they have asserted that they have seen no documents that purport to show Plaintiff receiving any royalties from licenses of the mark(s) at issue. (*See id.*)

Second, the Court previously held that the information contained in the tax returns is not otherwise readily obtainable. Plaintiff has previously produced a quarter-page summary from Plaintiff's sole licensee, showing quarterly income from 2009 to 2017, without any backup documentation. (*Id.* at 2:11–17). After Defendants objected to the insufficiency of this document, Plaintiff proceeded to produce a four-page spreadsheet that appeared to be subtotals of *sales*, but not royalties, of specific items from July 2015 through September 2018.

3

(*Id.*) Because none of the produced documents sufficiently showed Plaintiff's received royalties, and none of the produced documents contained supporting documents, and because the documents were "reconstructions" created for the purposes of litigation due to Plaintiff's "computer issues" (Transcript at 6:8–17), the Court held the information was only readily obtainable from the tax returns. (*See* Transcript at 25:7–11).

Plaintiff has not shown a change in the controlling law, new evidence, or demonstrated that the October 4, 2018 Order requiring production of the tax returns was in clear error or would permit manifest injustice. Accordingly, its motion for reconsideration of the October 4, 2018 order is **DENIED**.

3. **Reconsideration of the October 23, 2018 Order**

    *a. Prior Order*

On October 23, 2018, after Defendants informed the Court that Plaintiff had "redacted all but one or two lines of relevant information" in the returns, that had Plaintiff produced incomplete tax returns for the years 2008 through 2015, and that Plaintiff did not produce tax returns for the year 2017, (Order, ECF 261), the Court ordered Plaintiff to produce unredacted, full tax returns for the years 2009 through 2017. (ECF 261 at 2). The Court further ordered that the tax returns were to be designated "confidential" under the confidentiality order (ECF 105) in this matter. (*Id.*)

    *b. Discussion*

Defendants argued in their letter motion seeking the unredacted, complete tax returns that without the ability to view the tax returns in full, it would be impossible to determine if Plaintiff's income was from royalties or from management fees and commissions. (ECF 260 at

4

1–2). Plaintiff responds that Defendants have no need to see its expenses and deductions to determine which part of its income is from received royalties. Plaintiff's argument is unavailing. Here, where all of the previously produced documents, including the tax returns, have lacked underlying documentation or are incomplete in some fashion, Defendants must be able to review the tax returns in full in order to determine what income Plaintiff received from royalties. *Chen v. Stony Brook University Advancement*, 2:15-cv-6698-JMA-AYS, (E.D.N.Y. Mar. 13, 2017) (Shields, J.), ECF 40, cited by Plaintiff, is neither new nor controlling law. In *Chen*, the Plaintiff in an employment discrimination case was directed to produce tax returns sufficient to show *her* income, but was permitted to redact information concerning *her husband's* income. *Chen*, slip op. at 4. The entirety of the tax returns here are necessary for Defendants to determine Plaintiff's "income [and] the *source* of [its] income." *Id.* (emphasis added). Here, the issue for Plaintiff is royalty income—if any—not the entirety of Plaintiff's income. But redacted tax returns are insufficient to show Plaintiff's royalty income. As Plaintiff has not identified facts or controlling law overlooked by the Court that might reasonably be expected to alter its conclusion, the motion for reconsideration of the October 23, 2018 order is **DENIED**.

4. **Plaintiff's Inadvertent Production**

As a final matter, Plaintiff "inadvertently" produced unredacted tax returns when it intended to produce redacted tax returns. (*See* ECF 260 at n.1). Plaintiff argues that such "inadvertent" production of the tax returns should be weighed using the test presented in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss Co.*, 104 F.R.D. 103 (S.D.N.Y. 1985), which dealt with the inadvertent production of attorney-client privileged documents and whether such production constituted a waiver of the attorney-client privilege. Plaintiff reasons that, because the tax

returns are protected by a "qualified privilege," the Court should weigh their inadvertent disclosure under the *Lois Sportswear* test.

The Court declines to extend the *Lois Sportswear* test to tax returns. Plaintiff conflates the *qualified privilege* of tax returns, as explained in *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70 (D. Conn. 2001), with the *attorney-client privilege*, as clearly defined and explained in Federal Rule of Evidence 502. The "qualified privilege" of tax returns requires the Court to weigh factors in the two-step test this Court already engaged in requiring production of the full, unredacted tax returns. *See Alice's Tea Cup, LLC*, 127 F. Supp. 3d at 11; *see also Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964).

Plaintiff should not be penalized for its counsel's unfamiliarity with a newly installed software program when Plaintiff did take all other reasonable precautions in producing redacted returns. And, as Plaintiff has again been directed to produce all of the tax returns in full, the issue is moot. It is therefore **ORDERED** that Defendants shall delete and remove from their possession the previously produced tax returns once Plaintiff produces the full set of unredacted tax returns.

5. **Conclusion**

Plaintiff's Letter Motion for Reconsideration is **DENIED**, except that Defendants shall delete and remove the previously produced tax returns after Plaintiff complies with the Court's October 4, 2018 and October 23, 2018 Orders, and file a declaration with the Court when they have done so. The Clerk of Court is directed to close the open Letter Motion at ECF 262.

**SO ORDERED.**

Dated: October 24, 2018
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge