**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                    :

THE FASHION EXCHANGE LLC,          :
                    :

            Plaintiff,   :           14-CV-1254 (SHS) (OTW)
                    :

        -against-      :        **MEMORANDUM**
                    :        **OPINION & ORDER**

HYBRID PROMOTIONS, LLC, et al.,    :
                    :

           Defendants.  :

---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff The Fashion Exchange LLC ("Plaintiff") filed a letter motion to compel the depositions of Defendant Jarrod Dogan, Defendant Gavin Dogan, and Defendant Hybrid Promotions, LLC's ("Hybrid") former CFO Brad Shapiro under either Rule 30(a), 30(b)(1), or 30(b)(6).[1] (ECF 290). Plaintiff's bases for this request are: (1) Hybrid's two prior Rule 30(b)(6) witnesses were inadequate, (2) the three proposed deponents are/were officers of Defendant Hybrid, and (3) Jarrod and Gavin Dogan are both named defendants in this matter. For the reasons that follow, Plaintiff's letter motion is DENIED in its entirety.

### I. Rule 30(b)(6) Witnesses

When an organization, such as a corporation, partnership, or association, is issued a Rule 30(b)(6) deposition notice, the organization will designate an individual or individuals to "testify on its behalf . . . about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6); *see also Kindig v. Whole Foods Market Grp., Inc.*, 878 F. Supp. 2d 210, 214 (D.D.C. 2012) ("the party providing the witnesses has the prerogative to select the

---

[1] It is unclear why Plaintiff invokes Rule 30(b)(1), as 30(b)(1) only pertains to the method of noticing a deposition.

individual(s) . . . and the individuals might or might not be the same individuals Plaintiff requests to depose"). As a result, the organization has a duty to prepare its designated witness to answer questions to the best of the organization's knowledge. *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992). "It is well settled, therefore, that 'Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice' . . . ." *Bush v. Element Fin. Corp.*, No. 16-CV-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016) (quoting *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07-CV-930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009)).

Despite this clear distinction between a Rule 30(b)(6) deponent and a deponent testifying in his personal capacity, Plaintiff takes issue with the responses of Hybrid's previously-designated Rule 30(b)(6) witnesses, Hybrid's President David Lederman and Hybrid's VP of Sales Rick Saenz. Plaintiff argues that Mr. Lederman and Mr. Saenz were "unable to testify" to topics for which Jarrod Dogan, Gavin Dogan, and Brad Shapiro had personal knowledge. (ECF 290 at 2). Defendants respond that any uncertainty in the answers can be attributed to the fact that the questions pertained to events "between eight and sixteen years ago." (ECF 292 at 2).

As discussed above, the standard is whether the Rule 30(b)(6) deponents were sufficiently prepared to testify regarding the organization's knowledge, not whether the organization designated an individual with the most personal knowledge of the noticed topics. Plaintiff has been repeatedly reminded by the Court that testimony at a Rule 30(b)(6) deposition binds the organization. *See, e.g.*, Oct. 4, 2018 Conf. Tr. at 22-24. If the deponent answers on behalf of the organization that it cannot remember a certain fact, that inability to remember is imputed to the organization but does not invalidate the deposition. *See* Nov. 29,

2018 Conf. Tr. at 10:20-11:2; *see also Briese Lichttechnik Vertriebs GmbH v. Langton,* 272 F.R.D. 369, 375-76 (S.D.N.Y. 2011) (refusing to compel additional 30(b)(6) witness because organization "bound by that profession of ignorance").

In contrast, if Plaintiff believes that Hybrid's designated 30(b)(6) deponents were unprepared to testify on behalf of the organization, the appropriate remedy would be to move for sanctions under Federal Rule of Civil Procedure 37. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd*., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (noting that providing an unprepared witness is akin to a failure to appear). That does not appear to be the case here. Plaintiff made no assertion that the witnesses were unprepared nor does it seem likely that Plaintiff can.[2] *See Kyoei Fire & Marine Ins. Co., Ltd. V. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (noting sanctions given only if deficiencies "egregious and not merely lacking in desired specificity in discrete areas"). Plaintiff's dissatisfaction with Hybrid's selection of its Rule 30(b)(6) witnesses is an insufficient ground to order additional Rule 30(b)(6) depositions. Accordingly, Plaintiff is not entitled to depose any of the three named individuals for a Rule 30(b)(6) deposition.

## II.    Individual Depositions

In addition to requesting new Rule 30(b)(6) witnesses, Plaintiff alternatively asks that it be permitted to depose Jarrod Dogan, Gavin Dogan, and Brad Shapiro in their personal capacities under Rule 30(a).

---

[2] The 30(b)(6) deponents prepared by receiving information from interviews with Jarrod Dogan, Brad Shapiro, and Hybrid's trademark attorney, as well as by conducting their own research. (ECF 292). Plaintiff does not suggest— nor does it appear—that the requested witnesses' answers would be any different from Hybrid's. As the Court has discussed at prior discovery conferences, the deposing party "do[esn]'t get to choose who testifies on behalf of the organization." *See* Oct. 4, 2018 Conf. Tr. at 17:22-24. That Hybrid ultimately designated two witnesses who were not Plaintiff's preference does not entitle Plaintiff to additional Rule 30(b)(6) depositions.

### a. __Brad Shapiro and Gavin Dogan__

Plaintiff apparently never issued a deposition notice to Brad Shapiro or Gavin Dogan, and only moved to compel their depositions more than two months after fact discovery closed on November 1, 2018. Plaintiff had years to issue a deposition notice to Mr. Shapiro and Mr. Dogan yet failed to do so.[3] Plaintiff may not now claim that it failed to realize the relevance of Gavin Dogan to this case as Mr. Dogan was named as a defendant in Plaintiff's initial complaint filed on February 26, 2014. Even assuming *arguendo* that Plaintiff did not learn of these two individuals' significance until after Hybrid's two Rule 30(b)(6) depositions on November 7 and 8, 2018, respectively, Plaintiff provides no justification for why he did not either move to reopen discovery or seek leave to depose Mr. Shapiro and Mr. Dogan at that time.[4]

### b. __Jarrod Dogan__

Even more inexplicably, Plaintiff seeks to depose Jarrod Dogan a second time without providing any reasons why an additional deposition is necessary. Plaintiff already deposed Mr. Dogan on June 11, 2015, and has made no attempt to show how that deposition was insufficient. (ECF 292-2). Generally, a second deposition is only allowed where either (a) the deposing party was obstructed from fully examining the witness, or (b) new information or new allegations arose post-deposition that would have affected the questioning at the initial deposition. *Keck v. Union Bank of Switzerland*, No. 94-CV-4912 (AGS) (JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring Court to limit

---

[3] The initial pretrial conference that set the initial discovery schedule was held on July 23, 2014, four years before the close of fact discovery. (ECF 90).

[4] Because Plaintiff only wants to depose Mr. Shapiro and Mr. Dogan concerning Hybrid's "discussions" and "instructions," it is also unclear whether they would be able to provide testimony that would not be duplicative of testimony already given by Hybrid's Rule 30(b)(6) witnesses.

discovery that is "unreasonably cumulative or duplicative"); *Morrison v. Stephenson*, No. 2:06-CV-0283, 2008 WL 145017, at *4 (S.D. Ohio Jan. 10, 2008) (requiring "good cause" to grant second deposition).

Plaintiff provides no new circumstances warranting a second deposition, instead asserting entitlement to the deposition merely because Mr. Dogan is a named defendant and an officer of Hybrid. Any information concerning Mr. Dogan individually should have been elicited at Mr. Dogan's initial deposition, and answers binding Hybrid should have been elicited at one of Hybrid's two Rule 30(b)(6) depositions. Nor has Plaintiff claimed that anyone interfered with its ability to fully depose Mr. Dogan the first time. Plaintiff therefore has not shown the emergence of new facts or other good cause why discovery should be reopened for a second deposition of Mr. Dogan.

Accordingly, Plaintiff's Motion, ECF 290, is HEREBY DENIED in its entirety.

 **SO ORDERED.**


_s/ Ona T. Wang_

Dated: April 9, 2019                           **Ona T. Wang**
    New York, New York                 United States Magistrate Judge