UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FASHION EXCHANGE LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HYBRID PROMOTIONS, LLC, *et al.*,<br><br>　　　　　　Defendants. | No. 1:14-cv-01254 (SHS)<br><br>**DECLARATION OF JOEL H. ROSNER**<br>**IN SUPPORT OF FEE APPLICATION** |

I, Joel H. Rosner, hereby declare:

1. I am an attorney duly admitted to practice law in the State of New York and in good standing to practice before this Court. I am counsel to the law firm of Tarter Krinsky & Drogin LLP ("TKD"), attorneys for Defendants. I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Defendants' application pursuant to the Court's September 26, 2019 Order (Dkt. 333), which directed that "Plaintiff and Plaintiff's counsel shall be jointly and severally liable for half of Defendants' attorney's fees and costs in taking the October 30 deposition and bringing their motion for sanctions." (These categories shall be collectively referred to as the "Reimbursable Work.")

3. As set forth in the accompanying declaration of Mark J. Rosenberg, dated October 7, 2019, Defendants seek to recover attorneys' fees and costs in the amount of $13,139.45 that were incurred in performing Reimbursable Work.

## PROFESSIONAL BACKGROUND OF DECLARANT

4. I am a 2003 graduate of the Columbia University School of Law. During law school, I served as an articles editor on the *Columbia Journal of Law and the Arts*.

5. I was admitted to the bar of the State of New York in 2005 and have practiced law continuously since then. I have never been sanctioned or censured by any court or any grievance committee. In addition to being admitted to practice before this Court, I am also admitted to the bar of the State of Pennsylvania., and before the United States District Court for the Eastern District of New York.

6. I practice law primarily in the areas of intellectual property, commercial, defamation, and real estate litigation. In the last few years, I have devoted a substantial part of my practice to intellectual property matters, including trademark, copyright, false advertising, and trade secrets matters

7. I regularly appear in New York state and federal courts and in arbitrations, and I also have appeared *pro hac vice* in other jurisdictions in the United States. I have tried two cases to (successful) verdict before a jury; one of those cases sought $250,000 in damages for false arrest. I also have co-chaired or served on the hearing teams in multiple arbitrations.

## DECLARANT'S REIMBURSABLE WORK

8. I performed 21.4 hours of Reimbursable Work. My time was billed to Defendants at a rate of $450 per hour, for a total amount of $9,630. As set forth in the accompanying Rosenberg Declaration, TKD discounted my fees by 10% when billing the client, and thus billed Defendants $8,667 for my Reimbursable Work.

9. I record my billable work contemporaneously with when I perform the work. My records of my billable work are submitted to TKD and are accurately reflected in Exhibits A and B.

10. The Reimbursable Work I performed, which is detailed in the invoices and spreadsheet attached, respectively, as Exhibits A and B to the accompanying Rosenberg Declaration, consisted of preparing for the October 30 deposition of Jack Saadia, legal research regarding the sanctions motion against Plaintiff and Plaintiff's counsel, drafting of the sanctions motion and of Defendants' response to Plaintiff's opposition to the sanctions motion, and consultation with my colleague, Mr. Rosenberg.

11. The billing records attached as Exhibits A and B to the Rosenberg Declaration reflect that on two dates, January 29, 2019, and January 31, 2019, my billing entries included both Reimbursable Work and non-Reimbursable Work. In those instances, the tasks we claim constitute Reimbursable Work are highlighted on Exhibit A and are written in black text on Exhibit B. (Non-Reimbursable Work is written in blue text on Exhibit B.) Exhibits A and B contain notations indicating how much time was actually billed for Reimbursable Work on those dates.

12. My allocation of time among the multiple tasks in the billing entry for January 29, 2019 is based on my personal time records, in which I track the time I spend on individual tasks on a given date. These records are prepared contemporaneously with the block-billed time records I submit to TKD.

13. The billing entry on January 29, 2019 is partially redacted to withhold information that is protected by work product doctrine and/or attorney-client privilege. However, we are not seeking reimbursement for the redacted work.

14. My allocation of time among the multiple tasks in the billing entry for January 31, 2019 is based both on my personal time records and, with respect to the conference concerning Reimbursable Work and non-Reimbursable Work, my recollection of the work that was performed and the reasonableness of the allocation. Specifically, I billed 0.1 hours on that date for the task of revising Defendants' response to Plaintiff's opposition to the sanctions motion and allocated 0.1 hours of the remaining time billed for the conference to the portion that concern our response to Plaintiff's opposition.

15. Some of my Reimbursable Work concerned the tasks I performed in preparing for the October 30, 2018 Rule 30(b)(6) deposition of Jack Saadia. Due to the passage of time, most of that work could not be re-used for the second Rule 30(b)(6) deposition that had to be taken of Plaintiff in January 2019 or the further deposition that had to be taken of Mr. Saadia in June 2019, both of which were needed because of the interference and other misconduct of Mr. Saadia and Plaintiff's counsel at the October 2018 deposition. Defendants are not seeking reimbursement of the preparatory work required for January and June 2019 depositions, only the wasted effort to prepare for the October 2018 deposition.

16. Some of my Reimbursable Work involved consultation with my colleague, and the lead counsel in this matter, Mark Rosenberg. These consultations should be reimbursable as they were an integral part of TKD's process of pursuing the deposition and the sanctions motion. Regardless of which attorney takes on deposition and drafting responsibilities, the consultations are used to discuss strategies, develop arguments, and to decide how to proceed.

17. As described in this Declaration and in the accompanying Rosenberg Declaration, all the work identified in Exhibits A and B to the Rosner Declaration constitutes Reimbursable

Work. Accordingly, I respectfully request that the Court order Plaintiff and Plaintiff's counsel to reimburse Defendants for that work.

Dated: October 8, 2019
      New York, New York

                                                       JOEL H. ROSNER