Scott Zarin, Esq.
Zarin & Associates, P.C.
244 West 102nd Street, #3B
New York, New York 10025
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

October 22, 2019

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *The Fashion Exchange LLC v. Hybrid Promotions, LLC*/S.D.N.Y. 14-1254

Dear Magistrate Judge Wang:

I represent Plaintiff The Fashion Exchange LLC ("Plaintiff") in the above-referenced action. I write in response to: (1) Defendants' application for attorneys' fees and costs in association with the deposition of Jack Saadia and the bringing their motion for sanctions, which Defendants filed in compliance with the Court's September 26, 2019 order (D.E. 334); and (2) Defendants' request to file under seal their time records and a spreadsheet summarizing those records which they employ to support that application (D.E. 337).

### A. The Sum Defendants Request In Attorneys' Fees Should Be Substantially Reduced

Defendants allege that their counsel spent 49.5 hours working on matters for which the Court indicated they should be reimbursed. To support this allegation, Defendants submit to the Court: (1) redacted bills (Rosenberg Dec., Exh. A); and (2) a spreadsheet summarizing the billing entries for which they are requesting reimbursement (Rosenberg Dec., Exh. B). (D.E. 335)  Based on these documents, Defendants request attorneys' fees and costs in the amount of $13,139.45.  For three separate and distinct reasons, the Court should decline to award this sum to Defendants.

First, 27.7 hours of the 49.5 hours for which Defendants seek reimbursement is for work Defendants allegedly preformed related to their motion for sanctions (i.e. all work performed from October 31, 2018 through January 31, 2019), rather than Mr. Saadia's deposition. Defendants based their request for sanctions on several different rules and statutes; that is, Fed. R. Civ. P. 37(d)(1), Fed. R. Civ. 30(d)(2), Fed. R. Civ. P. 37(a)(5) and 28 U.S.C. §1927. (D.E. 280, 289, 291)  The Court narrowly granted Defendants' request for sanctions only as to Rule 30(d)(2), relying upon Plaintiff's counsel's speaking objections as the basis of this sanction. (D.E. 333, p. 10)  The Court expressly found that Defendants are not entitled to sanctions under any of the other three rules and statutes raised by Defendants. (D.E. 333, pp. 11-13)  Accordingly, Defendants should not be awarded attorneys' fees for work on any of these arguments on which they lost.

In their motion for sanctions, which is eight (8) single spaced pages, Defendants devoted only two (2) paragraphs (which constitute approximately two-thirds of one page) to their argument that Plaintiff should be sanctioned under Rule 30(d)(2). (D.E. 280, pp. 6-7)  Stated differently, Defendants devoted approximately ten (10) percent of their motion to making the argument on which they ultimately prevailed.  Equitably, therefore, Defendants should only be awarded ten (10) percent of the attorneys' fees they spent on their motion for sanctions.  Specifically, they should only be awarded fees for approximately 2.8 hours of work on this motion (i.e. ten (10) percent of 27.7 hours).  Anything more than this would constitute an award of attorneys' fees for work which was unsuccessful.

Second, with respect to work Defendants allegedly performed related to Mr. Saadia's deposition (which totals 21.8 hours), Defendants' time entries are too vague to determine whether the work relates to the single argument on which Defendants prevailed; that is, Rule 30(d)(2).  As courts in this district have explained:

> Courts may reduce an attorney's requested fees when the billing entries are vague and do not sufficiently demonstrate what counsel did.  A billing entry is "vague" if it "lacks sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed."
> Here, H&H's time records contain broad and overly-generalized billing entries.  Across 11 entries, for example, H&H billed 59.75 hours for "review of docs/deposition prep," "review of discovery/research," or "Prep for Trial."  These are by no means the only examples of vague entries.

*Held & Hines LLP v. Hussain*, 2019 U.S. Dist. LEXIS 133883 at *14-15 (S.D.N.Y. August 7, 2019)(citations omitted).

As previously noted, the Court granted Defendants' request for attorneys' fees only based upon Rule 30(d)(2), on the ground that Plaintiff obstructed Mr. Saadia's deposition.  As the factual basis for its finding, the Court found that Plaintiff's counsel improperly: (1) made speaking objections; and (2) instructed Mr. Saadia not to answer questions regarding his criminal history. (D.E. 333, pp. 4-10)

Importantly, as the Court's order illustrates, all the speaking objections made by Plaintiff's counsel which form the basis of the Court's sanction relate to Plaintiff's tax returns or Mr. Saadia's criminal history.  Only 4.3 hours of the 21.8 hours which Defendants allege relate to Mr. Saadia's deposition, however, reference Plaintiff's tax returns or Mr. Saadia's criminal history. (Rosenberg Dec., Exh. B, Entries 10/25/18 (AT & MR), 10/26/18 (DBB) and 10/29/18 (AT))  The remaining 17.5 hours do not mention Plaintiff's tax returns or criminal history (Rosenberg Dec., Exh. B, Entries 10/25/18 (JHR), 10/26/18 (MR), 10/29/18 (JHR & MR) and 10/30/18).  Instead, they simply state, vaguely, that work was performed to 'prepare for', 'review documents related to' or 'take' Mr. Saadia's deposition.  Such descriptions are too vague to enable the Court to determine how much of these 17.5 hours was spent preparing for or taking Mr. Saadia's deposition related to Plaintiff's tax returns and/or criminal history.

Third, Defendants' billing records indicate that five (5) different attorneys worked on Mr. Saadia's deposition and Defendants' motion for sanctions.  This is excessive and unreasonable.  As courts in this district have noted, "in determining whether the requested hours are 'excessive, redundant, or otherwise unnecessary,' courts should consider 'the number of attorneys assigned to staff particular matters or events.  Allocating an 'inordinate number of attorneys to litigate the action' is

grounds to reduce a fee award." *Held & Hines LLP*, 2019 U.S. Dist. LEXIS 133883 at *16 (citations omitted).

### B. Defendants' Billing Records Should Not be Filed Under Seal

Defendants contend that the Court should permit them to file their bills under seal to maintain their 'privacy interest.'

"Pursuant to *Federal Rule of Civil Procedure 26(c)*, the Court may issue a protective Order allowing documents to be filed under seal upon a showing of good cause. Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined and serious injury." *Excellent Home Care Services, LLC v. FGA, Inc.*, 2017 U.S. Dist. LEXIS 176017 at *17 (E.D.N.Y. October 23, 2017). Billing records supporting fee applications "are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel." *Bretillot v. Burrow*, 2015 U.S. Dist. LEXIS 121336 at *60-61 (S.D.N.Y. June 30, 2015)

Defendants acknowledge that they have redacted from the billing records and spreadsheet they employ to support their application for attorneys' fees "billing entries concerning work not covered by the [Court's] Order" and "information protected by the work product doctrine or attorney-client privilege". (D.E. 337) Having made these redactions, Defendants have offered the Court no reason at all to permit them to file these documents under seal, and therefore certainly no 'good cause' to do so.

Under almost identical circumstances, the court in *Excellent Home Care Services, LLC v. FGA, Inc.* denied a request to file billing records under seal, explaining

> The Court finds that FGA has not met its burden of demonstrating "good cause" for filing its billing records under seal. First, FGA has redacted all of the billing entries that do not relate to the motions at issue in this opinion. Furthermore, FGA has redacted certain confidential information within the billing entries for amounts it requests. Having reviewed the billing records provided by FGA, the Court has found no examples of documents which might reveal attorney-client communications. If these documents, in their unredacted form, ever did reveal attorney-client communications, the redactions already made by FGA's counsel are sufficient to solve this issue.

*Excellent Home Care Services, LLC*, 2017 U.S. Dist. LEXIS 176017 at *18.

### C. Conclusion

For all the foregoing reasons, the Court should: (1) substantially reduce the $13,139.45 in attorneys' fees which Defendants request; and (2) deny Defendants' request to file their billing records under seal.

Sincerely,

/s/ Scott Zarin

Scott Zarin, Esq.

cc:     Mark J. Rosenberg, Esq. (via ECF)