Scott Zarin, Esq.
Zarin & Associates, P.C.
244 West 102nd Street, #3B
New York, New York 10025
scottzarin@copyrightrademarkcounsel.com
Tel: (212) 580-3131 * Fax: (212) 580-4393

October 25, 2019

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007


Re:   *The Fashion Exchange LLC v. Hybrid Promotions, LLC*/S.D.N.Y. 14-1254


Dear Magistrate Judge Wang:

     I represent Plaintiff The Fashion Exchange LLC ("Plaintiff") in the above-referenced action. On October 8, 2019, Defendants filed their application for attorneys' fees, employing their billing records to support it. On October 22, 2019, Plaintiff timely responded to Defendants' application. Yesterday, Defendants filed a letter requesting the Court to strike Plaintiff's response, claiming it was a "thinly veiled and untimely motion for reconsideration of the Court's Sept. 26 Order." (D.E. 339) I write to briefly respond to this request.

     In short, Defendants are flatly wrong. Plaintiff's response is not a motion for reconsideration. In essence, Plaintiff has contended that Defendants' fees should be substantially reduced, because Defendants' counsel spent only a small number of hours working on aspects of this matter, relating to Plaintiff's tax returns and Mr. Saadia's criminal history, for which the Court ultimately found Plaintiff's conduct sanctionable. Critically, Plaintiff's argument rests entirely on the content of Defendants' billing records. By way of illustration, hypothetically, if Defendants' billing records had shown that Defendants' counsel had spent 100% of their time working on the issues on which they ultimately prevailed, Plaintiff could not have made their argument at all, or if those records had shown that Defendants' counsel had spent 80% of their time working on those issues, Plaintiff's argument would have been significantly diminished.

     Because Defendants' billing records contain very few references to work related to the argument on which Defendants' prevailed, Plaintiff's tax returns and Mr. Saadia's criminal history, however, Plaintiff is able to make its arguments. For example, if Defendants' time entries for its motion for sanctions had indicated that Defendants' counsel spent "x" hours performing legal research related to Rule 30(d)(2), the rule on which Defendants' prevailed *because* Plaintiff's counsel made speaking objections during Defendants' counsel's questioning of Mr. Saadia about his criminal history and Plaintiff's tax returns, and "y" hours drafting the section of their motion relating to this rule, Defendants' argument would be governed by those hours. Because Defendants' billing records are

1

completely devoid of this information, which Plaintiff could not possibly have known in the absence of Defendants' billing records, Plaintiff was left to contend that the only reasonable way to estimate a fair attorneys' fees award is to look to the content of the motion itself.

      In sum, Plaintiff simply could not have made its argument without first viewing Defendants' billing records, which Defendants first filed with their fee application on October 8, 2019. In arguing that Plaintiff's response is a motion for reconsideration which it should have made earlier, Defendants essentially argue that Plaintiff should have made its argument without the benefit of the critical documents, Defendants' billing records, which provide the information indicating whether or not this argument exists. This is absurd and would have been impossible.

                                                              Sincerely,

                                                              /s/ Scott Zarin

                                                              Scott Zarin, Esq.

cc:      Mark J. Rosenberg, Esq. (via ECF)