```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
THE FASHION EXCHANGE LLC,                                   :
                                                            :
                         Plaintiff,                         :      14-CV-1254 (SHS) (OTW)
                                                            :
         -against-                                          :      **MEMORANDUM
                                                            :      OPINION & ORDER**
HYBRID PROMOTIONS, LLC, et al.,                             :
                                                            :
                         Defendants.                        :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

On September 26, 2019, the Court granted Defendants' motion for sanctions related to Plaintiff's counsel's conduct at the October 30, 2018 deposition of Jack Saadia. (ECF 333). As a result, the Court ordered Plaintiff and Plaintiff's counsel to be jointly and severally liable for half of Defendants' attorney's fees and costs in taking the initial October 30 deposition of Mr. Saadia and in bringing the sanctions motion. (*Id*. at 13). Defendants' counsel has now submitted attorney declarations, billing records, and invoices in support of claimed fees and costs, as directed by the Court. (ECF 334-337).

### I. **Attorney's Fees**

Although Defendants' counsel submitted his documented fees and costs, the Court must still determine what fees are reasonable by comparing the requested fees with the lodestar amount, an amount that is "the product of a reasonable hourly rate by the reasonable number of hours required." *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Court has "considerable discretion" in determining a reasonable fee. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). In determining a reasonable hourly rate, the Court

looks at the attorney's experience in the field, what similar attorneys in the district charge, and what other clients pay for similar services. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008). Similarly, to determine the reasonable number of hours to be spent, the Court examines whether a "reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Where the amount billed is excessive, the Court "should reduce the stated hours accordingly." *Cocoletzi v. Fat Sal's Pizza II, Corp*., No. 15-CV-2696 (CM) (DF), 2019 WL 92456, at *11 (S.D.N.Y. Jan. 3, 2019). The burden is on the applicant to show that the claimed hourly rate and hours spent are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

      A. **Hourly Rates**

Mark J. Rosenberg and Alan Tenenbaum are both partners, each with nearly thirty years of experience in litigation. (Declaration of Mark J. Rosenberg ("Rosenberg Decl.") (ECF 335) ¶¶ 18, 20-21, 31-32). Rosenberg, co-chair of his firm's Reputation Management practice, seeks an hourly rate of $580. (*Id*. ¶ 23). Tenenbaum seeks an hourly rate of $530. (*Id*. ¶ 31). Because these are within the range of rates awarded to intellectual property partners with similar experience, I find that their rates are reasonable. *See Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 651 (S.D.N.Y. 2018) (approving $610 hourly rate for IP partner with thirty years' experience); *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at 6-7 (S.D.N.Y. June 19, 2014) (approving $570 hourly rate for IP partner with 15 years of experience); *GAKM Resources LLC v. Jaylyn Sales Inc*., No. 08-CV-6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving $650 hourly rate for IP partner with nearly 20 years' experience).

2

Debra Bernstein is counsel with nearly thirty years of experience, practicing primarily in commercial litigation. (Rosenberg Decl. ¶ 30). Bernstein seeks an hourly rate of $530. (*Id*. ¶ 29). This appears to be on the higher end for non-partners, and Defendants' counsel does not explain why Bernstein is billed at the same rate as a partner. *See Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co., Inc*., 291 F. Supp. 3d 554, 561 (S.D.N.Y. 2018) (reducing hourly rate to $500 for IP attorney with 29 years' experience). Any concern, however, with a high hourly rate is offset by Defendants' counsel's discounting their fees by 10%. (Rosenberg Decl. ¶ 14). Joel H. Rosner is also counsel at the firm, with roughly fifteen years of experience. (Declaration of Joel H. Rosner (ECF 336) ¶ 5). Rosner seeks an hourly rate of $450. (*Id*. ¶ 8). Similar to Bernstein, Rosner's rate is on the higher end for non-partners with his length of experience but the ten percent discount offsets any reasonableness concerns.

In contrast, Defendants' counsel has failed to proffer any support for the hourly rate of $250 for paralegal Toni Serrant. Serrant graduated from college in 2007, but there is no indication how long she has been a paralegal or whether she performed work beyond what is typically handled by a paralegal. (Rosenberg Decl. ¶ 33). Accordingly, Serrant's rate will be reduced to the typically-awarded rate of $75/hour. *See Feltzin v. Union Mall LLC,* 393 F. Supp. 3d 204, 214 (E.D.N.Y. 2019) (reducing paralegal's hourly rate to $70 from $115 because $115 was "higher than the normal range awarded in this District" without further support for the premium); *Santos v. El Tepeyac Butcher Shop Inc*., No. 15-CV-814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015) ("For paralegals, 'courts in this Circuit have generally found $75 an hour to be reasonable.'").

**B. Hours Expended**

Defendants billed 49.5 hours in relation to the October 30 Saadia deposition and the motion for sanctions. (ECF 335 at 3). Plaintiff argues that it should only be liable for the specific fees incurred for the portions of the deposition where Plaintiff's counsel made his sanctionable speaking objections. (ECF 338 at 2). Similarly, because the Court issued sanctions under Rule 30(d)(2), Plaintiff argues that it should only be liable for the time Defendants spent drafting the section of the brief on Rule 30(d)(2). (*Id*.). Lastly, Plaintiff argues that Defendants' use of five attorneys in this matter is "excessive and unreasonable." (*Id*.)

Plaintiff's arguments mis-read the Court's decision. The Court ordered that Plaintiff and its counsel shall be liable for "half of Defendants' attorney's fees and costs in taking the October 30 deposition and bringing their motion for sanctions." (ECF 333 at 13-14). The order did not limit the fees to carve out only the portion of the deposition involving speaking objections or only the fees incurred drafting the portion of the motion that addressed the Rule 30(d)(2) argument. To the extent that Plaintiff wishes the Court to modify its decision to reduce the sanctions as requested, Plaintiff failed to raise that issue in its opposition brief or in a motion for reconsideration.[1]

---

[1] The Court will not construe this opposition as a motion for reconsideration because under Local Rule 6.3, any motion for reconsideration must be filed within 14 days of the Court's decision on the motion. Instead, Plaintiff's opposition was filed more than three weeks after the Court's decision. Even if the request for reconsideration was timely filed, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). Plaintiff's conclusory argument that granting otherwise would be inequitable fails to satisfy the standard for reconsideration. *Cf. Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, No. 10-CV-5256 (KMW) (DF), 2012 WL 5816878, at *9 (S.D.N.Y. Nov. 14, 2012) ("Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, where they are inextricably intertwined and involve a common core of facts or are based on related legal theories.").

In support of its requested fees, Defendants' counsel submitted contemporaneous billing records. (Rosenberg Decl., Ex. C). Defendants billed 27.7 hours preparing for and drafting the sanctions motion, and another 21.8 hours preparing for and attending the Saadia deposition. (*Id*.) Although Plaintiff disputes the need for five attorneys to be on this matter, "[t]he question is not simply how many attorneys worked on the case, but whether their time was reasonably spent." *See Catanzano v. Doar*, 378 F. Supp. 2d 309, 322 (W.D.N.Y. 2005).

The Court finds the 27.7 hours for bringing a sanctions motion to be reasonable. Defendants' counsel's billed entries appropriately include drafting the motion and reply brief, consulting with a law firm partner on strategy, conducting legal research, and reviewing the deposition transcript to identify instances of sanctionable conduct. *See Sugarman v. Village of Chester*, 213 F. Supp. 2d 304, 311 (S.D.N.Y. 2002) (finding compensable time seeking aid of law partner and conducting legal research). After reducing the fees for Serrant and imposing the 10% discount given, Defendants' attorney's fees for bringing the sanctions motion amounts to $11,697.30 ([$12,937 fees excl. Serrant + $60 Serrant adjusted fees] x 0.9).

The Court will, however, exclude time spent *preparing* for the Saadia deposition as the Court's sanctions order was limited to time expended "in taking the October 30 deposition."[2] (ECF 333 at 13). Mr. Rosenberg block-billed the deposition entry, grouping together the attendance at the deposition with "reviewed documents" and "corresponded with retailers," both of which are not entries for attending a deposition. (Rosenberg Decl., Ex. C). A review of the October 30 deposition transcript shows that the deposition lasted 6 hours and 20 minutes. Taking Mr. Rosenberg's hourly rate of $580, Defendants' attorney's fees for taking the October

---

[2] Assumedly, time spent preparing for the deposition would still be useful for the subsequent deposition.

5

30 deposition is $3,654 ($580 x 6.3 hours). After applying the ten percent discount given to the client, the attorney's fees would be $3,288.60.

### C. Total Liability

Using the above figures, Defendants' attorney's fees amount to $14,985.90 ($11,697.30 + $3,288.60). Defendants assert in an attorney declaration that they incurred $3,271.30 in deposition costs. (Rosenberg Decl. ¶ 15). Those costs are reasonable and are not disputed by Plaintiff. As a result, the total fees and costs are $18,257.20. Half of that amount, Plaintiff's liability, therefore is **$9,128.60**.

## II. Motion to Seal

On October 8, 2019, Defendants' counsel requested that their billing records be filed under seal. (ECF 337). Defendants' counsel only proffered justification for sealing is to protect "Defendants' and Defendants' counsel's privacy interest." (*Id*. at 1).

The Second Circuit has repeatedly recognized the "presumption of access" for judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Such presumption can be overcome upon a showing that sealing is necessary to "preserve higher values" and the sealing is "narrowly tailored to serve that interest." *Id*. at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id*.

Here, Defendants' counsel's conclusory assertion of privacy interests in its billing entries is insufficient to overcome the presumption of public access. Defendants' counsel has asserted that they have already redacted entries irrelevant to the instant fee application and information covered by attorney-client privilege. (ECF 337 at 1). The only remaining unredacted

information, as a result, are non-privileged billing entries relevant to determining whether Defendants' requested fees are reasonable. Defendants' counsel has not shown how those entries would infringe on their privacy interests. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 170 (S.D.N.Y. 2018) (rejecting as insufficient the movant's assertion of "generalized 'privacy interests'"). Accordingly, Defendants' counsel's motion to seal is DENIED, and Defendants are directed to re-file those records, Exhibits B & C to the Rosenberg Declaration at ECF 337-1, on the docket.

### III. Conclusion

For the foregoing reasons, Defendants are hereby awarded **$9,128.60** in fees and costs. Plaintiff and its counsel shall be held jointly and severally liable for this amount, and are directed to pay this amount within 30 days of the date of this Order. Defendants shall file Exhibits B & C to the Rosenberg Declaration on the docket within 7 days of this Order.

**SO ORDERED.**

Dated: November 4, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge