```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
THE FASHION EXCHANGE LLC,                                   :
                                                            :
                              Plaintiff,                    :   14-CV-1254 (SHS) (OTW)
                                                            :
              -against-                                     :   **OPINION & ORDER**
                                                            :
HYBRID PROMOTIONS, LLC, et al.,                             :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

On April 9, 2019, the Court denied Plaintiff The Fashion Exchange LLC's ("Plaintiff") letter motion to compel the depositions of Defendant Jarrod Dogan, Defendant Gavin Dogan, and Defendant Hybrid Promotions, LLC's ("Hybrid") former CEO Brad Shapiro. (ECF 305). Plaintiff now moves for reconsideration of this Court's order denying a second deposition of Jarrod Dogan and requests that discovery be reopened so that Plaintiff may serve its first deposition notices for Gavin Dogan and Brad Shapiro. (ECF 308, 310). For the reasons that follow, both of Plaintiff's motions are DENIED.

### I.  Motion for Reconsideration

#### A.  Legal Standard

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). The movant carries the heavy burden of "point[ing] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration, however, is not meant to be an opportunity for the movant to "relitigat[e] old issues" or take a "second bite at the apple." *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Ultimately, whether to grant a motion for reconsideration is left to the "sound discretion of the district court." *Vincent v. Money Store*, No. 03-CV-2876 (JGK), 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011).

### B. Analysis

Here, Plaintiff seeks reconsideration of the Court's denial of its motion to compel a second deposition of Jarrod Dogan. (ECF 308). In its order, the Court pointed to the absence of any showing by Plaintiff why a second deposition was needed, finding Plaintiff's summary reference to Mr. Dogan as a named defendant insufficient. (ECF 305 at 4-5). Plaintiff now argues that the Court erred in failing to consider the fact that Plaintiff was unable to question Mr. Dogan at his first deposition as to the issue of "willfulness" due to Judge Stein's bifurcation of discovery.[1] (ECF 308 at 1).

Plaintiff failed, however, to raise this argument in its initial motion to compel, which itself was filed more than a year after Judge Stein's bifurcation decision and more than two

---

[1] On July 23, 2014, Judge Stein stayed discovery against the retailer defendants except as to the issue of confusion. (ECF 90). On November 17, 2017, Judge Stein then permitted limited discovery as to eight retailer defendants and discovery against Hybrid regarding "actual confusion and sales." (ECF 215).

2

months after the close of discovery, arguing instead that Mr. Dogan should be deposed on topics for which Hybrid's 30(b)(6) witness was unable to answer. (ECF 290). Nowhere in Plaintiff's initial motion does it discuss the effect of bifurcation on Plaintiff's ability to effectively depose Mr. Dogan at his first deposition. A motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *See Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

Even taking Plaintiff's argument on its merits, Plaintiff does not claim that the Court overlooked controlling law or that the Court failed to consider evidence that is now newly available. Instead, Plaintiff merely argues that it would be "manifestly unjust" not to allow a second deposition of Mr. Dogan. (ECF 308 at 1). Plaintiff acknowledges, however, that in the second phase of discovery, it deposed Hybrid's 30(b)(6) witness on the issue of trademark applications and willfulness. (ECF 308 at 2-3).[2] Mr. Dogan's deposition transcript also shows, contrary to Plaintiff's representation, that Plaintiff already questioned Mr. Dogan at his deposition about Hybrid's trademark applications and willfulness. (*See, e.g.*, ECF 316-1 at 186:6-10 (questioning whether Dogan was aware of Fashion Exchange's Hybrid mark); 215:13-216:9 (questioning about Hybrid's intent to use the mark at the time of application); 230:4-7 (questioning on why Hybrid applied for a trademark); 239:5-241:5 (questioning why Hybrid applied to cancel Fashion Exchange's trademark)). It is clear that Plaintiff had ample

---

[2] As the Court already emphasized to the parties, dissatisfaction with the answer of a 30(b)(6) witness is not justification for compelling a deposition of another individual. *See* Oct. 4, 2018 Conf. Tr. at 17:22-24 (noting the deposing party "do[esn]'t get to choose who testifies on behalf of the organization").

3

opportunity to procure the deposition testimony it needed, and it would not be "manifestly unjust" to reject Plaintiff's bid for another bite at the apple.[3]

## II. Motion to Reopen Discovery

In addition, Plaintiff seeks to reopen discovery for the limited purpose of deposing Brad Shapiro and Gavin Dogan. (ECF 310 at 1). A party seeking to reopen discovery must show good cause, which requires showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Joye v. Psych, Inc.*, No. 14-CV-3809 (AT) (HBP), 2016 WL 3141659, at *5 (S.D.N.Y. June 3, 2016). After review of the parties' letters, the Court determines that a conference is unnecessary to decide this issue.

Similar to Plaintiff's argument for deposing Jarrod Dogan, Plaintiff wishes to depose Mr. Shapiro and Gavin Dogan to cover any insufficient answers obtained from Hybrid's 30(b)(6) witness. (ECF 290 at 2; ECF 310 at 2). As the Court made clear in its April 9, 2019 opinion, Plaintiff is not entitled to choose a different or supplemental 30(b)(6) witness merely because it is dissatisfied with the answers provided by Hybrid's 30(b)(6) witness. (ECF 305 at 2-3).[4] In that opinion, the Court also noted that if Plaintiff believed that Mr. Shapiro or Gavin Dogan had information that Hybrid as a company lacked, Plaintiff should have sought to depose them in their individual capacity or at least requested a discovery deadline extension, neither of which

---

[3] Plaintiff also argues that it did not have the opportunity at Mr. Dogan's deposition in 2015 to question him about Plaintiff's 2016 cease-and-desist letters. (ECF 308 at 3). Plaintiff does not explain why questions on those letters are relevant, especially since Plaintiff acknowledges that the letters were sent to retailers, not to Hybrid. (ECF 308 at 3).

[4] Plaintiff also cannot be said to have exercised diligence. Plaintiff has never issued deposition notices or subpoenas to Mr. Shapiro or Gavin Dogan. Although Plaintiff claimed that it learned of the need for deposing Mr. Shapiro on November 8, 2018, Plaintiff did not raise the issue with the Court until more than two months later. (ECF 290 at 2-3).

4

Plaintiff ever did. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 372 (S.D.N.Y. 2010) (denying request for additional depositions where the movant failed to show that it did not know of the need for the depositions earlier); *NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) (denying motion to reopen discovery where plaintiffs failed to file a discovery motion or request an extension request before the discovery deadline). Plaintiff knew of the need to show willfulness at the outset of this action nearly six years ago, having pleaded willfulness in its complaint,[5] and thus cannot assert that it needs additional evidence to rebut a new defense or mount a new claim. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011) (denying motion to reopen discovery where defendants argued they needed additional evidence to rebut a defense they knew existed since the beginning of the suit). Accordingly, there is no good cause to re-open discovery for deposing Brad Shapiro and Gavin Dogan.

III. **Conclusion**

For the foregoing reasons, Plaintiff's request to reopen discovery is **DENIED**, and Plaintiff's motion for reconsideration of the Court's April 9, 2019 Order is **DENIED**. The Clerk is directed to close ECF 308 and ECF 310.

**SO ORDERED.**

Dated: November 15, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[5] "Defendants' conduct is willful, deliberate and was undertaken in bad faith . . . ." *See* Complaint ("Compl.") (ECF 1), ¶¶ 88, 95, 102, 109. Plaintiff also requested statutory damages under the Lanham Act "due to Defendants' willful and intentional violation of Plaintiff's rights." Compl. at 5.