UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                        :
THE FASHION EXCHANGE LLC,                               :
                                                        :
                          Plaintiff,       :
v.                                                      :
                                                        :        Civil Action No. 14-CV-1254
HYBRID PROMOTIONS, LLC, JEFF CALDWELL,                  :
JARROD DOGAN, GAVIN DOGAN,                              :
NATIONAL STORES, INC.,                                  :
HOT TOPIC, INC.,                                        :        **DECLARATION OF**
PACIFIC SUNWEAR OF CALIFORNIA, INC.,                    :        **SCOTT ZARIN, ESQ.**
ROSS STORES, INC., TWEEN BRANDS, INC.,                  :        **IN SUPPORT OF PLAINTIFF'S**
THE TJX COMPANIES, INC.,                                :        **RESPONSE TO DEFENDANTS'**
THE WET SEAL RETAIL, INC.,                              :        **MOTION FOR PARTIAL**
SPENCER GIFTS LLC,                                      :        **SUMMARY JUDGMENT ON**
OLD NAVY, LLC, RUE21, INC.,                             :        **DAMAGES AND WILLFULNESS**
LORD & TAYLOR HOLDINGS LLC,                             :        **AND OF PLAINTIFF'S CROSS-**
J.C. PENNEY CORPORATION, INC.,                          :        **MOTION TO DEFER RULING**
BJ'S WHOLESALE CLUB, INC.,                              :        **ON DEFENDANTS' MOTION**
BOSCOV'S DEPARTMENT STORE, LLC,                         :        **UNTIL DISCOVERY IS**
WAL-MART STORES, INC.,                                  :        **COMPLETE**
KOHL'S DEPARTMENT STORES, INC.                          :
MACY'S RETAIL HOLDINGS, INC.,                           :
MACYS.COM, INC.,                                        :
SHOPKO STORES OPERATING CO., LLC,                       :
FAMILY DOLLAR SERVICES, INC.,                           :
THE CATO CORPORATION,                                   :
BELK, INC.,   DILLARD'S, INC.,                          :
NORDSTROM, INC.,                                        :
BEALL'S DEPARTMENT STORES, INC.,                        :
SEARS BRANDS, LLC,                                      :
MARSHALLS OF MA, INC., BOB'S STORES, LLC,               :
DOLLAR GENERAL CORPORATION,                             :
TARGET CORPORATION,                                     :
URBAN OUTFITTERS, INC.,                                 :
                                                        :
                          Defendants.       :
------------------------------------------------------------------------x

      I, Scott Zarin, Esq., hereby declare and aver:

1

(1)     I am an attorney licensed to practice in New York who represents Plaintiff in the above-captioned action, and I offer this declaration in support of Plaintiff's opposition to Defendants' motion for partial summary judgment on damages and willfulness and of Plaintiff's cross-motion to defer ruling until discovery is complete.

(2)     Attached as Exhibit 1 are true and correct copies of selected pages from the transcript of the deposition of David Lederman, which was taken on November 7, 2018.

(3)     Attached as Exhibit 2 are true and correct copies of selected pages from the transcript of the deposition of David Lederman, which was taken on June 10, 2015.

(4)     Attached as Exhibit 3 are true and correct copies of selected pages from the transcript of the deposition of Jarrod Dogan, which was taken on June 11, 2015.

(5)     Attached as Exhibit 4 are true and correct copies of selected pages from the transcript of the deposition of Marc Hanono, which was taken on January 29, 2019.

(6)     Attached as Exhibit 5 are true and correct copies of selected pages from the transcript of the deposition of Marc Hanono, which was taken on May 13, 2015.

(7)     Attached as Exhibit 6 are true and correct copies of selected pages from the transcript of the deposition of Richard Saenz, which was taken on November 8, 2018.

(8)     Attached as Exhibit 7 are true and correct copies of selected pages from the transcript of the deposition of Jack Saadia, which was taken on May 12, 2015.

(9)     Attached as Exhibit 8 are true and correct copies of selected pages from the transcript of the deposition of Jack Saadia, which was taken on October 30, 2018.

(10)    Attached as Exhibit 9 is a true and correct copy of Plaintiff's federal trademark registration for the trademark HYBRID & COMPANY.

(11)    Attached as Exhibit 10 is a true and correct copy of Defendant Hybrid Promotions' trademark application, filed in 2003, for the trademark HYBRID TEES.

(12)     Attached as Exhibit 11 is a true and correct copy of the first office action issued by the U.S. Patent & Trademark Office on Defendant Hybrid Promotions' application for the trademark HYBRID TEES.

(13)     Attached as Exhibit 12 is a true and correct copy of the final office action issued by the U.S. Patent & Trademark Office on Defendant Hybrid Promotions' application for the trademark HYBRID TEES.

(14)     Attached as Exhibit 13 is a true and correct copy of the notice of abandonment issued by the U.S. Patent & Trademark Office on Defendant Hybrid Promotions' application for the trademark HYBRID TEES.

(15)     Attached as Exhibit 14 is a true and correct copy of Defendant Hybrid Promotions' trademark application, filed in 2011, for the trademark HYBRID.

(16)     Attached as Exhibit 15 is a true and correct copy of the office action issued by the U.S. Patent & Trademark Office on Defendant Hybrid Promotions' application for the trademark HYBRID.

(17)     Attached as Exhibit 16 is a true and correct copy of the petition to cancel which Defendant Hybrid Promotions filed with the Trademark Trial & Appeal Board, in 2011, to cancel Plaintiff's trademark HYBRID & COMPANY.

(18)     Attached as Exhibit 17 are true and correct copies of three sample cease and desist letters which Plaintiff's counsel, on behalf of Plaintiff, wrote to retailers, in February 2016, which Plaintiff believed were selling Defendants' infringing apparel.  Plaintiff's counsel wrote more than twenty-five of these letters, but only three are attached to avoid burdening the Court with redundant documents which are all essentially similar.  If the Court wishes to view all the letters, Plaintiff will file them.

(19)     Attached as Exhibit 18 are true and correct copies of three sample document subpoenas which Plaintiff's counsel, on behalf of Plaintiff, issued to retailers, in June 2018, which Plaintiff believed were selling Defendants' infringing apparel.  Plaintiff's counsel issued more than twenty of these subpoenas, but only three are attached to avoid burdening the Court with redundant documents which are all essentially similar.  If the Court wishes to view all the subpoenas, Plaintiff will file them.

(20)     Attached as Exhibit 19 are true and correct copies of selected pages from the transcript of a hearing, held on October 4, 2018, by Magistrate Judge Wang.

(21)     Attached as Exhibit 20 is a true and correct copy of a letter I wrote to the Court on November 29, 2019, in which I lodged objections, pursuant to Fed. R. Civ. P. 72(a), to an order issued by Magistrate Judge Wang on November 15, 2019.

(22)     Attached as Exhibit 21 is a true and correct copy of a joint letter I wrote, on behalf of Plaintiff and Defendants, to Magistrate Judge Wang, on January 16, 2020, which sets forth the agenda the parties wished to discuss at the upcoming status conference.

(23)     Attached as Exhibit 22 is a true and correct copy of a spreadsheet produced by Defendants in this action, Bates No. HP000516, which reflects Defendants' sales of their apparel to their top ten accounts from 2009 through 2014.

(24)     Attached as Exhibit 23 is a true and correct copy of a spreadsheet produced by Plaintiff in this action, Bates No. FE46765, which reflects royalties which Plaintiff earned from sales made by its licensee, Fame Fashion House, Inc., of HYBRID trademarked apparel from 2009 through 2017.

(25)     Attached as Exhibit 24 are true and correct copies of selected pages from the transcript of a hearing, held on November 17, 2017, by this Court.

(26)     Attached as Exhibit 25 are true and correct copies of selected pages from the

transcript of a hearing, held on January 21, 2020, by Magistrate Judge Wang.

(27)    Attached as Exhibit 26 is a true and correct copy of the docket sheet for *Romag Fasteners, Inc. v. Fossil Group, Inc.*, Case No. 18-1233, a case currently pending before the U.S. Supreme Court.

(28)    Attached as Exhibit 27 are true and correct copies of selected pages from Defendants' first motion for summary judgment, filed in this action on September 28, 2015.

(29)    Attached as Exhibit 28 are true and correct copies of emails produced by Plaintiff in this action, Bates Nos. FE46494-FE46508, which show actual confusion amongst retailers between Plaintiff's and Defendants' apparel.

(30)    Attached as Exhibit 29 are true and correct copies of purchase orders, issued by Plaintiff in 2008, produced by Plaintiff in this action, Bates Nos. FE41630-FE41653.

(31)    Attached as Exhibit 30 are true and correct copies of Plaintiff's tax returns, for 2008 through 2017, produced by Plaintiff in this action, Bates Nos. FE46770-FE46940.

(32)    Attached as Exhibit 31 is a true and correct copy of a spreadsheet reflecting Fame Fashion's sales, from 2015 through 2018, of apparel bearing Plaintiff's trademarks, Bates Nos. FE46766-FE46769.

(33)    Attached as Exhibit 32 are true and correct copies of purchase orders, issued by Fame Fashion from 2009 through 2013, produced by Plaintiff in this action, Bates Nos. FE41654-FE43750.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April 13, 2020                                                  /s/ Scott Zarin