Mark J. Rosenberg
Debra Bodian Bernstein
Joel H. Rosner
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone:  212-216-8000
Facsimile:  212-216-8001
mrosenberg@tarterkrinsky.com
dbernstein@tarterkrinsky.com
jrosner@tarterkrinsky.com

*Attorneys for Defendants Hybrid Promotions, LLC,*
*Jarrod Dogan, Gavin Dogan, Jeff Caldwell,*
*and Retailer Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FASHION EXCHANGE LLC, | No. 1:14-cv-01254 (SHS) |
| Plaintiff, | |
| v. | |
| HYBRID PROMOTIONS, LLC, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION PURSUANT TO RULE 56(D) FOR A STAY OR DENIAL
OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ............................................................ 1

II.  ARGUMENT ....................................................................................... 1

   A.  Plaintiff Failed to Make a Proper Rule 56(d) Motion ......................... 1

   B.  None of Plaintiff's Requested Discovery Justifies Staying or Denying
      Defendants' Summary Judgment Motion ............................................ 2

     1.  Plaintiff is Barred from Seeking the Depositions of Shapiro and Dogan ...................... 3

     2.  Plaintiff Has Waived Further Discovery From the Retailer Defendants ...................... 5

     3.  Plaintiff Failed to Request Time for Experts ................................. 6

        a)  Rule 56(d) Does Not Apply to Expert Opinions ......................... 6

        b)  Plaintiff Has Not Shown What Facts It Experts Would Provide ............... 7

        c)  Plaintiff Has Not Requested Time to Retain Experts ................... 8

III.  CONCLUSION .................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Ass'n of Car Wash Owners, Inc. v. City of New York*,
  911 F.2d 74 (2d Cir. 2018)..............................................................................2

*Lunts v. Rochester City Sch. Dist.*,
  515 F. App'x 11 (2d Cir. 2013) ...............................................................1, 4, 7, 8

*Meloff v. N.Y. Life Ins. Co.*,
  51 F.3d 372 (2d Cir. 1995)...........................................................................1

*Paddington Partners v. Bouchard*,
  34 F.3d 1132 (2d Cir. 1994).....................................................................2, 4, 8

*U.S. v. Quintieri*,
  306 F.2d 1217 (2d Cir. 2002).........................................................................4

**Other Authorities**

Federal Rules of Civil Procedure Rule 56(d).......................................................*passim*

## I.   PRELIMINARY STATEMENT

Plaintiff's motion under Rule 56(d) of the Federal Rules of Civil Procedure to stay or deny Defendants' motion for partial summary judgment should be denied as it is deficient both procedurally and on the merits. As a threshold matter, Plaintiff failed to properly make the motion, and the case law holds that the failure to follow the requirements for making a Rule 56(d) motion is, on its own, a sufficient reason to deny the motion without regard to its merits. Even if the Court considers the motion's merits, the motion should be denied because Plaintiff (i) waived its opportunity to seek the discovery it requests, (ii) failed to timely request the discovery, (iii) is remaking a request for discovery that was previously denied, which denial is law of the case, and (iv) fails to show what facts it reasonably expects to obtain through discovery would require the denial of Defendants' summary judgment motion.

## II.   ARGUMENT

### A.   Plaintiff Failed to Make a Proper Rule 56(d) Motion

"A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: '"(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."' *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)).[1] "The failure to file a Rule 56(d) affidavit sufficiently explaining the need for additional discovery 'is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Lunts*, 515 F. App'x at 14 (quoting *Paddington*

---

[1] The 2010 amendments to the Federal Rules of Civil Procedure renumbered Rule 56(f) as Rule 56(d).

*Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994)). Plaintiff's motion is missing the required affidavit or declaration.

Plaintiff is apparently aware that an applicant for Rule 56(d) relief must submit an affidavit or declaration outlining the basis for its request: it quotes the Second Circuit's recent reiteration of that requirement in *Ass'n of Car Wash Owners, Inc. v. City of New York*, 911 F.2d 74, 83-84 (2d Cir. 2018). (ECF 381, at 5.) Yet, Plaintiff has not submitted an affidavit or declaration to support its Rule 56(d) motion. Instead, as Plaintiff states in its Notice of Motion, the entirety of Plaintiff's application for Rule 56(d) relief is contained in its memorandum of law. (ECF 383; ECF 381 at 5, 12-16, 27-33.) This is inadequate as a matter of law. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (affirming the district court's denial of a Rule 56(d) application because the movant failed to submit a supporting affidavit and instead made the application in a memorandum of law).

For this reason alone, Plaintiff's Rule 56(d) motion should be denied.

B.     None of Plaintiff's Requested Discovery Justifies
       Staying or Denying Defendants' Summary Judgment Motion

Even if the Court considers the merits of Plaintiff's improper Rule 56(d) motion, the motion still should be denied because Plaintiff has not identified any discovery that requires the stay or denial of Defendants' motion for partial summary judgment. Instead, Plaintiff seeks discovery that it waived, that it did not timely request, or that Magistrate Judge Wang has denied, and Plaintiff also has failed to set forth the facts it would obtain from the requested discovery.

Plaintiff's memorandum of law identifies five areas of discovery that it claims to need to oppose the motion for summary judgment: (i) the depositions of Brad Shapiro and Gavin Dogan, two of Defendant Hybrid Promotions, LLC's ("Hybrid") former officers, concerning Hybrid's

alleged willfulness (ECF 381, at 4, 14-15); (ii) discovery from the Retailer Defendants[2] concerning Hybrid's alleged willfulness (*Id.* at 15-16); (iii) discovery from the Retailer Defendants concerning the Retailer Defendants' alleged willfulness (*Id.* at 29-33); (iv) an expert opinion concerning Plaintiff's claim for its lost profits damages (*Id.* at 12-13); and (v) an expert opinion concerning Plaintiff's claim for reasonable royalty (*Id.* at 27-28.)

1.    Plaintiff is Barred from Seeking the Depositions of Shapiro and Dogan

The depositions of Brad Shapiro and Gavin Dogan are not a reason to stay or deny Defendants' motion. Plaintiff's request to take those depositions was already denied.

Plaintiff acknowledges that Magistrate Judge Wang ruled against its request for these depositions but claims that it has filed a pending objection to that ruling with the Court. (ECF 381 at 14-15). Not so. On April 9, 2019, Magistrate Judge Wang denied Plaintiff's motion to compel Gavin Dogan's and Brad Shapiro's depositions, holding that the requests for the depositions were both untimely and unnecessary, and Plaintiff expressly declined to seek reconsideration of that decision. (ECF 305; (ECF 308, at 3 n.2; ECF 347, at 3-4.) Untimely, because Plaintiff had years to seek the depositions of Shapiro and Dogan—Dogan is a named defendant—and because, though Plaintiff claimed it needed the depositions to remedy claimed inadequacies in the testimony of Hybrid's Rule 30(b)(6) witnesses in November 2018, Plaintiff had not sought those depositions until January 2019, long after the close of discovery. (ECF 305, at 1-4.) Unnecessary, because Hybrid's Rule 30(b)(6) witnesses had testified adequately as to the state of the company's knowledge and Plaintiff had not demonstrated any reason to believe that Dogan and Shapiro would testify any differently from the Rule 30(b)(6) witnesses. (*Id.*)

---

[2] The "Retailer Defendants" are all the active corporate defendants in this matter other than Hybrid and Sears Brands, LLC.

3

Plaintiff did not file an objection to that decision. (ECF 347, at 3-4.) Thus, the Magistrate Judge's decision holding that the depositions are unnecessary and untimely is now law of the case, the doctrine which provides "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . unless cogent and compelling reasons militate otherwise." *U.S. v. Quintieri*, 306 F.2d 1217, 1225 (2d Cir. 2002) (internal quotations omitted). Plaintiff has not identified any reason to deviate from Judge Wang's decision, let alone the "cogent and compelling reasons" required to ignore decisions that are law of the case.

Seeking a second bite at the apple, Plaintiff moved on May 2, 2019 to reopen discovery for the purpose of taking those depositions. Plaintiff has, as it says, objected to Judge Wang's November 15, 2019 decision denying this motion. But as set forth in Hybrid's opposition to that objection, ECF 347, Plaintiff's objection should be denied.

Even if Plaintiff's request to take the depositions of Dogan and Shapiro had not already been denied and become law of the case, the instant motion should still be denied. Plaintiff has failed to set forth "(1) what facts are sought and how they are to be obtained, [and] (2) how those facts are reasonably expected to create a genuine issue of material fact." *Lunts*, 515 F. App'x at 13. While Plaintiff has identified the questions it intends to ask Dogan and Shapiro, Plaintiff says nothing about the facts it expects to obtain from those witnesses and how those facts will create a triable issue of fact that requires the denial of Defendants' summary judgment motion. *See* ECF 381, at 14-15. "A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered." *Paddington Partners*, 34 F.3d at 1138. "Rule 56(f) is not a shield against all summary judgment motions. Litigants seeking relief under the rule must show that the material sought is . . . [not] speculative and a bare assertion that the evidence supporting a plaintiff's

4

allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Id.* (quotations omitted).

Accordingly, because Plaintiff's request to depose Dogan and Shapiro has already been denied, and because Plaintiff has failed to set forth the facts it would obtain from those depositions that would defeat Defendants' motion for partial summary judgment, Plaintiff's motion to stay or deny summary judgment so that it can depose Gavin Dogan and Brad Shapiro should be denied.

2.      Plaintiff Has Waived Further Discovery From the Retailer Defendants

At the parties' conference on January 21, 2020, Plaintiff requested leave to take discovery of the Retailer Defendants. (Declaration of Mark J. Rosenberg in Opposition, dated April 27, 2020 ("Rosenberg Decl."), Ex. A, at Tr. 29-33.) Magistrate Judge Wang granted the request to the extent of directing Plaintiff and Defendants to meet and confer regarding the Retailer Defendant discovery and told the parties to submit a joint letter to the Court by February 21, 2020 to describe the discovery Plaintiff wanted to obtain from the Retailer Defendants, why it needed that discovery, whether it previously had the opportunity to obtain that discovery, and if so, why Plaintiff had not previously obtained that discovery. (*Id.* at Tr. 33-38.) However, by letter dated February 21, 2020, Plaintiff informed Magistrate Judge Wang that it was not pursuing discovery from the Retailer Defendants. (Rosenberg Decl., Ex. B.) In view of Plaintiff's intentional and voluntary waiver of discovery from the Retailer Defendants—made after it was on notice of the nature of the summary judgment motion Defendants intended to make—Plaintiff cannot now seek to stay or deny Defendants' motion for summary judgment on the ground that it needs to obtain discovery from the Retailer Defendants.

Plaintiff's Rule 56(d) motion should be denied even if Plaintiff's February 21 withdrawal of its request for discovery from the Retailer Defendants is not deemed to have waived that discovery. First, as with Plaintiff's request to obtain the depositions of Dogan and Shapiro, Plaintiff

has identified the questions it would ask the Retailer Defendants but it has not set forth the facts it expects to obtain or how those facts would create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment. *See* ECF 381, at 15-16. Second, a substantial part of this branch of Plaintiff's Rule 56(d) motion is directed at a non-existent motion: Plaintiff asks the Court to stay or deny the part of Defendants' motion that Plaintiff says is for partial summary judgment on the ground that the Retailer Defendants did not act willfully. (ECF 381, at 29-33.) But Defendants have not made such a motion. Defendants have moved for partial summary judgment in favor of the Retailer Defendants only on the grounds that Plaintiff cannot recover its actual damages or reasonable royalties from them under the Lanham Act and that Plaintiff cannot recover from the Retailer Defendants on its New York State common-law unfair competition claim. (ECF 376, at 2, 23-24.)

Accordingly, the Court should deny Plaintiff's Rule 56(d) motion to stay or deny Defendants' summary judgment motion so that it can take discovery from the Retailer Defendants.

### 3.    Plaintiff Failed to Request Time for Experts

Plaintiff cannot oppose summary judgment on the ground that it has not yet presented expert opinions when Plaintiff did not previously request time to do so or make any effort to obtain those opinions.

### a)    Rule 56(d) Does Not Apply to Expert Opinions

As a threshold matter, Plaintiff cannot use Rule 56(d) to delay or deny Defendants' summary judgment on the ground that Plaintiff wants to exchange expert opinions. By its own terms, Rule 56(d) applies only where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present *facts* essential to justify its opposition" (emphasis added). Fed. R. Civ. P. 56(d). Defendants are not aware of a single court that has applied Rule 56(d) to give Plaintiff time to obtain expert opinions, particularly where Plaintiff does not identify any facts that

are currently not available for the expert to review. Plaintiff does not assert, much less by affidavit or declaration, that there are facts it cannot present regarding its lost profits or reasonable royalty claims. Plaintiff states only that it needs time to retain experts to address its claims. *See* ECF 381, at 12-13, 27-29. Therefore, Rule 56(d) does not apply to Plaintiff's request to obtain experts because Plaintiff is not seeking any additional facts.

b)   <u>Plaintiff Has Not Shown What Facts It Experts Would Provide</u>

"A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion" must show, among other things, "(1) what facts are sought and how they are to be obtained, [and] (2) how those facts are reasonably expected to create a genuine issue of material fact." *Lunts,* 515 F. App'x at 13. Plaintiff asserts that it will produce an expert report that "show[s] that it lost profits," but it does not identify what loss that expert will show or what facts the expert will use to determine that loss. (ECF 381, at 12-13.) As set forth at greater length in Defendants' moving and reply papers on their motion for partial summary judgment, all of Plaintiff's financial and royalty records which could supposedly show Plaintiff's purported damages have been destroyed, something for which Plaintiff and its counsel were sanctioned. *See* ECF 376, 348. As there is nothing for an expert to review concerning Plaintiff's alleged lost profits or royalties, or the value of Plaintiff's marks, that expert's report will not avail Plaintiff in its opposition to Defendants' summary judgment motion.

Plaintiff similarly has not identified what its expert on reasonable royalty will report or, given the wholesale destruction of Plaintiff's financial and royalty documents, what facts its expert on reasonable royalty would rely on to reach that determination, promising only that the expert "will provide the basis for his/her opinion." (ECF 381, at 27-28.) Indeed, Plaintiff boldly asserts that it has not yet told Defendants or the Court the facts concerning the royalty rate it should receive, even though fact discovery closed a year and a half ago. (ECF 381, at 27.)

7

c)      Plaintiff Has Not Requested Time to Retain Experts

Even if Rule 56(d) applied to Plaintiff's request for time to obtain experts, Plaintiff's

motion should be denied as it again fails to comply with the requirements of Rule 56(d). "A party

resisting summary judgment on the ground that it needs additional discovery in order to defeat the

motion" must show, among other things, "(3) what effort affiant has made to obtain them, and (4)

why the affiant was unsuccessful in those efforts." *Lunts*, 515 F. App'x at 13." Plaintiff's Rule

56(d) application does not identify any real effort that Plaintiff has made to obtain time for expert

reports. *See* ECF 381, at 12-13, 27-29. "Requests for discovery in the face of motions for summary

judgment put forth by parties who were dilatory in pursuing discovery are disfavored." *Paddington*

*Partners*, 34 F.3d at 1139 (quotation omitted). While Plaintiff argues that it listed setting a schedule

for the exchange of expert reports as one of its agenda items in the parties' joint agenda letter to

Magistrate Judge Wang before the January 21, 2020 conference, at the conference itself Plaintiff

never asked to for time to provide expert reports and discovery and it does not claim to have made

any such request subsequent to the conference.[3] *See* Rosenberg Decl., Ex. A. On the contrary,

Plaintiff failed to comply with Magistrate Judge Wang's request that Plaintiff send a letter to that

Court after the conference that identified cases where a court had accepted an expert's opinion on

reasonable royalty despite the plaintiff having no history of licensing, i.e., cases that could make

expert testimony useful in the present case, where Plaintiff has no history of licensing (other than

to its family-owned affiliate) and has destroyed all of its royalty and financial records. (Rosenberg

Decl., Ex. A, at 12-15.) Moreover, in its motion, Plaintiff does not explain what facts an expert

---

[3] Plaintiff falsely claims that at the January 21 conference Magistrate Judge Wang "did not permit" setting dates for expert discovery. (ECF 381, at 4.) Plaintiff did not raise the issue at the conference and never responded to Judge Wang's request for more information.

could opine on in the total absence of Plaintiff's royalty and financial records—certainly not the value of Plaintiff's marks or its lost profits or royalties.

Regardless, discovery closed in this matter on November 1, 2018, *eighteen months ago*. *See* ECF 299. If Plaintiff wanted to retain experts to issue reports concerning its claims for its own lost profits or a reasonable royalty, it had ample time to do so. The paltry effort Plaintiff has made—a single-sentence entry in a letter sent more than fourteen months after the close of discovery, which Plaintiff never followed up on—does not remotely justify staying or denying Defendants' summary judgment motion. Plaintiff's motion is devoid of an explanation as to why it has not used the last eighteen months to obtain the very expert opinions it claims will require the denial of Defendants' motion for partial summary judgment. Plaintiff could, and should, have retained appropriate expert opinions long before now. Nothing has prevented Plaintiff from doing so. Plaintiff's failure to use the time it had is fatal to any claim that it needs more time now.

Accordingly, the Court should deny Plaintiff's Rule 56(d) motion to stay or deny Defendants' summary judgment motion so that it can obtain expert opinions.

## III.   CONCLUSION

In short, Plaintiff has failed to comply with the requirements of Rule 56(d). Accordingly, the Court should deny its motion to delay or deny Defendants' summary judgment motion pending discovery.

Dated: New York, New York
         April 27, 2020

                                    Respectfully submitted,

                                    By: /s/ Mark J. Rosenberg
                                         Mark J. Rosenberg