UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                                       :
THE FASHION EXCHANGE LLC,                                              :
                                                                       :
                          Plaintiff,                   :
v.                                                                     :
                                                                       :
HYBRID PROMOTIONS, LLC, JEFF CALDWELL,                                 :
JARROD DOGAN, GAVIN DOGAN,                                             :
NATIONAL STORES, INC.,                                                 :    Civil Action No. 14-CV-1254
HOT TOPIC, INC.,                                                       :
PACIFIC SUNWEAR OF CALIFORNIA, INC.,                                   :    **PLAINTIFF'S REPLY**
ROSS STORES, INC., TWEEN BRANDS, INC.,                                 :    **MEMORANDUM OF LAW IN**
THE TJX COMPANIES, INC.,                                               :    **SUPPORT OF ITS CROSS-**
THE WET SEAL RETAIL, INC.,                                             :    **MOTION TO DEFER RULING**
SPENCER GIFTS LLC,                                                     :    **ON DEFENDANTS' MOTION**
OLD NAVY, LLC, RUE21, INC.,                                            :    **FOR PARTIAL SUMMARY**
LORD & TAYLOR HOLDINGS LLC,                                            :    **JUDGMENT UNTIL**
J.C. PENNEY CORPORATION, INC.,                                         :    **DISCOVERY IS COMPLETE**
BJ'S WHOLESALE CLUB, INC.,                                             :
BOSCOV'S DEPARTMENT STORE, LLC,                                        :
WAL-MART STORES, INC.,                                                 :
KOHL'S DEPARTMENT STORES, INC.                                         :
MACY'S RETAIL HOLDINGS, INC.,                                          :
MACYS.COM, INC.,                                                       :
SHOPKO STORES OPERATING CO., LLC,                                      :
FAMILY DOLLAR SERVICES, INC.,                                          :
THE CATO CORPORATION,                                                  :
BELK, INC.,   DILLARD'S, INC.,                                         :
NORDSTROM, INC.,                                                       :
BEALL'S DEPARTMENT STORES, INC.,                                       :
SEARS BRANDS, LLC,                                                     :
MARSHALLS OF MA, INC., BOB'S STORES, LLC,                              :
DOLLAR GENERAL CORPORATION,                                            :
TARGET CORPORATION,                                                    :
URBAN OUTFITTERS, INC.,                                                :
                                                                       :
                          Defendants.             :
-----------------------------------------------------------------------x

        COMES NOW Plaintiff The Fashion Exchange LLC ("Plaintiff"), by and through the undersigned attorneys, Zarin & Associates P.C., with this reply memorandum of law in support of its motion to defer ruling on various aspects of Defendants' motion for partial summary judgment on

i

damages and willfulness, pursuant to Fed. R. Civ. P. 56(d), until discovery are complete.

## Table of Contents

I. Argument ................................................................................................................................. 1

   A. A Declaration Is Not A Mandatory Prerequisite For Deferral Under Rule 56(d) ....................................... 1

   B. Deferral Until Fact Discovery of Defendants And Retailer Defendants Is Complete ............................... 2

      1. The Court Cannot Deny Plaintiff's Proposed Motion To Reopen Discovery To Take The Depositions of Defendants' Witnesses Brad Shapiro And Gavin Dogan Because Plaintiff Has Not Yet Made That Motion .................................................................................................................................. 2

      2. Plaintiff Has Not Waived Its Right To Take Discovery From Retailer Defendants On Damages ........ 3

   C. Deferral Until Expert Discovery Is Complete ............................................................................................ 6

      1. Rule 56(d) Permits Deferral Until Expert Discovery Is Complete ....................................................... 6

      2. Plaintiff Has Specified The Facts Upon Which An Expert Will Rely To Provide An Opinion Regarding Plaintiff's Lost Profits And Defendants Impermissibly Request Exclusion Of Those Facts ........ 7

      3. Plaintiff's Expert Will Provide The Information Necessary To Establish A Reasonable Royalty .......... 8

      4. Expert Discovery Has Not Yet Occurred ............................................................................................ 9

II. Conclusion ............................................................................................................................. 11

## Table of Authorities

### Cases

*Delphi-Delco Electronics Systems v. M/V Nedlloyd Europa*, 324 F. Supp.2d 403 (S.D.N.Y. 2004) ................................. 1

*E.A. Sween Co. v. A & M Deli Express Inc.*, 2019 U.S. App. LEXIS 29313 (2d Cir. September 30, 2019) ............... 5

*Elliott v. Gouverneur Tribune Press, Inc.*, 2014 U.S. Dist. LEXIS 193167 (N.D.N.Y. September 29, 2014) ................. 1

*Innovation Ventures, LLC v. Ultimate One Distributing Corp.*, 76 F. Supp.3d 137 (E.D.N.Y. 2016) ............................. 6

*Klyczek v. Shannon*, 2016 U.S. Dist. LEXIS 165986 (W.D.N.Y. December 1, 2016) ............................................... 1

*Mitsubishi Electronic Corp. v. Westcode, Inc.*, 2016 U.S. Dist. LEXIS 89940 (N.D.N.Y. July 12, 2016) ........................ 1

*Mombrea v. United States*, 2012 U.S. Dist. LEXIS 152348 (W.D.N.Y. September 6, 2012) ....................................... 7

*Osterhout v. Air & Liquid Systems Corporation*, 2014 U.S. Dist. LEXIS 75343 (N.D.N.Y. May 30, 2014) ................... 6

*Purchase Partners, LLC v. Carver Federal Savings Bank*, 2013 U.S. Dist. LEXIS 51850 (S.D.N.Y. April 10, 2013) ...... 7

*Stone Brewing Co., LLC v. Millercoors LLC*, 2020 U.S. Dist. LEXIS 32010 (S.D. Ca. February 24, 2020) ................. 9

*Thyssenkrupp Materials N.A., Inc. v. W. Bulk Carriers A/S*, 27 F. Supp.3d 400 (S.D.N.Y. 2014) ............................... 6

*Tiffany & Co. v. Costco Wholesale Corp.*, 274 F. Supp.3d 216 (S.D.N.Y. 2017) ........................................................... 5

*Vermont Microsystems, Inc. v. Autodesk, Inc.*, 88 F.3d 142 (2d Cir. 1996) .................................................................. 8

### Rules

Fed. R. Civ. P. 56(d) ........................................................................................................................ii, 1, 6

I. Argument

**A. A Declaration Is Not A Mandatory Prerequisite For Deferral Under Rule 56(d)**

Defendants first contend that Plaintiff's motion to defer ruling on Defendants' motion for summary judgment should be denied, because Plaintiff has not filed an affidavit or declaration with that motion. This argument lacks merit.

As the court in *Delphi-Delco Electronics Systems v. M/V Nedlloyd Europa* explained

> Recognizing that *Rule 56(f)* is an important safeguard against improvident or premature motions for summary judgment, courts generally avoid overly technical rulings under this subdivision and apply it with a spirit of liberality. Thus, while failure to file an affidavit meeting the foregoing requirement is sufficient grounds to reject a claim that the opportunity for discovery was inadequate, it is not automatically fatal to such a request.

*Delphi-Delco Electronics Systems v. M/V Nedlloyd Europa*, 324 F. Supp.2d 403, 417-418 (S.D.N.Y. 2004)[1]

Assuming *arguendo* the Court believes that a declaration is necessary to support Plaintiff's motion to defer under Rule 56(d), Plaintiff has now filed such a declaration with this reply memorandum. (Supp. Zarin Dec., ¶¶7-10)

Next, Defendants argue that, for a variety of different reasons, Plaintiff should not be permitted to complete discovery on the subjects which Plaintiff has identified as subjects on which it should be permitted to complete discovery before the Court adjudicates Defendants' motion for summary

---

[1] Subsection (f) of Rule 56 was later re-designated as subsection (d). See also *Klyczek v. Shannon*, 2016 U.S. Dist. LEXIS 165986 at *25 (W.D.N.Y. December 1, 2016) ("Turning to the merits of Defendant's alternative request for summary judgment, the Court finds that such alternative relief would be premature under *Fed. R. Civ. P. 56(d)*. Granted, Plaintiffs do not state in an affidavit or declaration what facts they reasonably expect would be revealed if discovery were conducted. The failure to file such an affidavit or declaration does not, of course, compel the rejection of a finding of prematurity. However, it is clear from the docket that Plaintiffs have not had an adequate opportunity to conduct discovery. In particular, Plaintiffs reasonably need the opportunity to challenge the veracity of the assertions made in Defendant's affidavit through a deposition or to dispute those assertions through other means."); *Elliott v. Gouverneur Tribune Press, Inc.*, 2014 U.S. Dist. LEXIS 193167 at *6-7 (N.D.N.Y. September 29, 2014) ("Since *Rule 56(d)* is an important safeguard against improvident or premature motions for summary judgment, courts generally avoid overly technical rulings under this subdivision and apply it with a spirit of liberality. Thus, while failure to file an affidavit meeting the foregoing requirements is sufficient grounds to reject a claim that the opportunity for discovery was inadequate, it is not automatically fatal to such a request. In the present matter, Defendants are correct that Plaintiff failed to file an affidavit in support of its assertion that Defendants' motion is premature. Nevertheless, the Court finds that Defendants are not entitled to summary judgment at this time,"); *Mitsubishi Electronic Corp. v. Westcode, Inc.*, 2016 U.S. Dist. LEXIS 89940 at *35 (N.D.N.Y. July 12, 2016).

judgment.  Each of these reasons must be rejected.

## B. Deferral Until Fact Discovery of Defendants And Retailer Defendants Is Complete

Plaintiff contended that the Court should defer ruling on Defendants' motion for summary judgment as to 'willfulness', because two separate and distinct aspects of fact discovery are not complete.

### 1. The Court Cannot Deny Plaintiff's Proposed Motion To Reopen Discovery To Take The Depositions of Defendants' Witnesses Brad Shapiro And Gavin Dogan Because Plaintiff Has Not Yet Made That Motion

In its motion, Plaintiff explained that: (1) it filed a pre-motion conference letter requesting permission to file a motion to reopen discovery for the limited purpose of taking the depositions of Brad Shapiro and Gavin Dogan on issues related to 'willfulness'; (2) Magistrate Judge Wang wrongly construed that pre-motion conference letter as Plaintiff's motion to reopen discovery and summarily denied the motion (which Plaintiff never made); (3) Plaintiff timely filed objections to this denial; and (4) this Court has not yet ruled on those objections.  Moreover, Plaintiff also set forth the subject areas, all of which go to Defendants' 'willfulness', about which it intends to ask Brad Shapiro and Gavin Dogan if this Court sustains its objections and Magistrate Judge Wang then grants Plaintiff's motion to reopen discovery.

To show that this aspect of discovery need not be completed before the Court adjudicates Defendants' motion for summary judgment as to 'willfulness', therefore, Defendants must demonstrate that the subjects about which Plaintiff intends to question Brad Shapiro and Gavin Dogan somehow are not relevant to 'willfulness'.  Defendants, however, have made no attempt whatsoever to make such a showing.  Indeed, they are aware that these subject areas are critical to the issue of 'willfulness'.  Instead, Defendants purport to argue that Plaintiff's objections to Magistrate Judge Wang's summary order should be denied; in other words, they purport to argue the *merits* of Plaintiff's objections.

First, Defendants already had an opportunity to argue the merits of Plaintiff's objections in their response to those objections in December 2019. (Dkt. No. 347)  Accordingly, the Court should decline to entertain any additional arguments they make now, four months after they filed their

response.

Second, and more importantly, Defendants' argument does not even go to the merits of Plaintiff's argument in its objections. In those objections, Plaintiff contended that Magistrate Judge Wang abused her authority by refusing to permit Plaintiff *to file* its motion to reopen discovery for the limited purpose of deposing Brad Shapiro and Gavin Dogan, which Plaintiff requested in its pre-motion conference letter. (Zarin Dec., Exh. 20)  Rather, Defendants' argument goes to the merits of the *underlying* motion to reopen discovery which Plaintiff requested permission to file, but which Magistrate Judge Wang wrongly declined to allow Plaintiff to file. Indeed, Defendants contend that Plaintiff should not be permitted to take the depositions of Brad Shapiro and Gavin Dogan. In making this argument, therefore, Defendants make an argument against arguments which Plaintiff was never permitted to make, because Magistrate Judge Wang declined to allow Plaintiff to move to reopen discovery. In other words, Defendants invite this Court to usurp Magistrate Judge Wang's role, to rule on Plaintiff's *proposed* motion to reopen, and to do so without providing Plaintiff with an opportunity to make any arguments in support of that motion. This is absurd and the Court should decline this invitation.

### 2. Plaintiff Has Not Waived Its Right To Take Discovery From Retailer Defendants On Damages

In its motion, Plaintiff also explained that Retailer Defendants will have information which goes to the 'willfulness' of *Defendants* (i.e. Hybrid Promotions, Jarrod Dogan and Gavin Dogan). Plaintiff then set forth the subject areas related to *Defendants'* 'willfulness' about which it intends to question Retailer Defendants' witnesses.

To show that this aspect of discovery need not be completed before the Court adjudicates Defendants' motion for summary judgment as to 'willfulness', Defendants must demonstrate that the subjects about which Plaintiff intends to question Retailer Defendants' witnesses somehow are not relevant to 'willfulness'. Like their argument against Plaintiff's request with respect to the depositions of Brad Shapiro and Gavin Dogan, Defendants' argument against deferral until Retailer Defendants' is complete also fails to show that these subjects are not relevant to 'willfulness'.

Instead, Defendants contend that Plaintiff has 'waived' any further discovery from Retailer Defendants. Defendants are wrong. In making this argument, Defendants disingenuously and deliberately conflate two different issues and attempt to confuse the Court.

Defendants argue that Plaintiff 'waived' any further discovery from Retailer Defendants because, after a January 21, 2020 conference before Magistrate Judge Wang, Plaintiff wrote to the Court indicating that it would not be seeking to take the depositions of Retailer Defendants' witnesses in accordance with the deposition notices it had timely served on these Retailer Defendants prior to the close of fact discovery. This is false.

At the court conference before Magistrate Judge on January 21, 2020, Plaintiff's counsel requested the Court to allow him to take the depositions of the witnesses of Retailer Defendants' witnesses which he had previously noticed, because he believed that those witnesses would have information relating to *Defendants'* 'willfulness'. Indeed, during that conference, Plaintiff's counsel explained:

> The discovery, the testimony of those seven retailers I believe would likely reflect upon Hybrid Promotions' willfulness itself because those witnesses could testify about what Hybrid Promotions told them.

(Supp. Zarin Dec., Exh. 1, p. 36)

Consequently, Magistrate Judge Wang indicated that Plaintiff could file a motion to compel the depositions of Retailer Defendants' witnesses whose depositions Plaintiff had noticed if, after reviewing the record, Plaintiff's counsel determined that such a motion was justified, because Plaintiff was permitted to take discovery from Retailer Defendants regarding 'willfulness'. (Supp. Zarin Dec., Exh. 1, pp. 26-31, 36-38) Magistrate Judge Wang instructed Plaintiff's counsel to write a letter to the Court by February 21, 2020 indicating whether or not he wished to make such a motion. (Supp. Zarin Dec., Exh. 1, p. 38)

In compliance with Magistrate Judge Wang's instruction, after the January 21, 2020 conference, Plaintiff's counsel reviewed the record. Upon doing so, Plaintiff's counsel's memory was refreshed as to the constraints of the second phase of discovery. Specifically, Plaintiff's counsel was reminded that

the Court permitted Plaintiff to take discovery of seven (7) Retailer Defendants, but that discovery was limited to discovery related to the likelihood of confusion factors. (Supp. Zarin Dec., ¶11) Indeed, at a conference on November 17, 2017, during which discovery of Retailer Defendants was discussed at length, this Court clearly indicated that Plaintiff could only take discovery of Retailer Defendants related to the likelihood of confusion factors. (Supp. Zarin Dec., Exh. 2, pp. 6-10, 16-47) Whether or not Defendants acted with reckless disregard (i.e. willfulness) does not go to likelihood of confusion, but rather goes to damages. See *E.A. Sween Co. v. A & M Deli Express Inc.*, 2019 U.S. App. LEXIS 29313 at *5 (2d Cir. September 30, 2019) (Setting forth the likelihood of confusion factors). During this second phase of discovery, therefore, Plaintiff was not permitted to take discovery of Retailer Defendants related to damages. Consequently, a motion to compel the depositions of Retailer Defendants' witnesses was not justified for the reasons Plaintiff wished to take those depositions; that is, to question Retailer Defendants' witnesses related to *Defendants'* 'willfulness' (i.e. damages).[2] For this reason, Plaintiff's counsel wrote to the Court on February 21, 2020 to inform it that Plaintiff would not be filing a motion to compel the depositions of the witnesses of Retailer Defendants' which it had noticed. Obviously, Plaintiff could not have 'waived' the right to take discovery from Retailer Defendants because it declined to request the Court to compel depositions to take discovery which it was not permitted take.[3]

---

[2]      Although he could have deposed these witnesses about issues implicated by the likelihood of confusion factors, Plaintiff's counsel did not believe questions related to these factors were necessary.

[3]      In its motion, Plaintiff also contends that the Court should defer ruling on Defendants' motion as it relates to Retailer Defendants until discovery as to those Retailer Defendants is complete: (1) for all the same reasons it should defer ruling until discovery as to Defendants themselves is complete; and (2) because Plaintiff must have the opportunity to take discovery on damages as to each Retailer Defendant and in particular as to whether each Retailer Defendant acted 'willfully'. While the first reason for deferral relates to Plaintiff's recovery of its lost profits and a reasonable royalty, the second reason relates to Plaintiff's recovery of Retailer Defendants' profits.
          In their response, Defendants allege that they have not requested summary judgment as to Retailer Defendants' 'willfulness', and therefore Plaintiff's recovery of Retailer Defendants' profits, but only as to Retailer Defendants liability for Plaintiff's lost profits and a reasonable royalty. Defendants motion for summary judgment suggests otherwise. Indeed, in that motion, Defendants contend that Plaintiff "is not entitled to *actual damages* or a reasonable royalty from the Retailer Defendants." (DE 376, p. 23) (emphasis supplied).
          In *Tiffany & Co. v. Costco Wholesale Corp.*, the court explained that "[a]lthough some courts in the Second Circuit have drawn a distinction between actual damages and profits for the purposes of the Lanham Act, others

## C. Deferral Until Expert Discovery Is Complete

In its motion to defer, Plaintiff further contends that the Court should not adjudicate the issues whether Plaintiff suffered harm in the form of lost profits or whether Plaintiff is entitled to a reasonable royalty until expert discovery is complete, because Plaintiff will be adducing expert opinions on these subjects.

### 1. Rule 56(d) Permits Deferral Until Expert Discovery Is Complete

First, Defendants contend that they "are not aware of a single court that has applied Rule 56(d) to give Plaintiff time to obtain expert opinions." Defendants clearly did not look very hard. Courts in the Second Circuit have in fact deferred ruling on motions for summary judgment until expert discovery was complete.[4] Courts have also indicated that requesting deferral of adjudication of a

---

have characterized both as 'actual damages' available under the *Lanham Act*." *Tiffany & Co. v. Costco Wholesale Corp.*, 274 F. Supp.3d 216, 225 (S.D.N.Y. 2017). For example, in *Innovation Ventures, LLC v. Ultimate One Distributing Corp.*, the court explained that "[p]revailing plaintiffs may recover *actual damages* under the *Lanham Act* that equal (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Alternatively, the *Lanham Act* permits plaintiffs to elect to recover, at any time before final judgment is rendered, statutory damages instead of *actual damages*." *Innovation Ventures, LLC v. Ultimate One Distributing Corp.*, 76 F. Supp.3d 137, 158-159 (E.D.N.Y. 2016) (emphasis supplied). Regardless, Defendants have now made it clear that they are not seeking summary judgment as to Plaintiff's right to recover *Retailer Defendants'* profits as damages.

Notwithstanding this fact, the Court nonetheless should defer ruling on Defendants' motion for summary judgment as to Plaintiff's right to recover its lost profits and a reasonable royalty from *Retailer Defendants'* for all the same reasons it should defer ruling on these issues until discovery is complete as to Defendants themselves.

[4] See e.g. *Thyssenkrupp Materials N.A., Inc. v. W. Bulk Carriers A/S*, 27 F. Supp.3d 400, 409 (S.D.N.Y. 2014) ("Thyssenkrupp is correct that summary judgment is premature at this stage with respect to the contract claim. . . . Additionally, Thyssenkrupp indicated its intention to submit expert reports in connection with the contract claim, but could not timely do so with respect to this motion. Therefore, WBC's summary judgment motion is denied as to the contract claim without prejudice to renewing the motion at a later date."); *Osterhout v. Air & Liquid Systems Corporation*, 2014 U.S. Dist. LEXIS 75343 at *9 (N.D.N.Y. May 30, 2014) (emphasis supplied) ("The Court is not convinced that adjudication of Plaintiffs' motion for partial summary judgment at this time would achieve the goals set forth in Rule 1. As an initial matter, the parties in this matter are still actively engaged in fact discovery, which is scheduled to close on September 15, 2014, *with expert discovery to follow thereafter*, and a dispositive motion deadline of March 30, 2015. Perhaps more importantly, Plaintiffs moved for partial summary judgment only as to Defendants Foster Wheeler and General Electric. This case currently has no fewer than thirteen defendant groups, many of which are likely to seek to interpose a government contractor defense. As such, any determination of Plaintiffs' summary judgment motion would be necessarily incomplete, since it would be based upon an incomplete record and would not decide the issue as to all relevant parties. Accordingly, Plaintiffs' motion for partial summary judgment is denied without prejudice to renew at the appropriate time.")

motion for summary judgment on the ground that expert discovery is not complete is the proper course of action when expert discovery is not complete.[5]

### 2. Plaintiff Has Specified The Facts Upon Which An Expert Will Rely To Provide An Opinion Regarding Plaintiff's Lost Profits And Defendants Impermissibly Request Exclusion Of Those Facts

Second, Defendants argue that Plaintiff has not specified the 'facts' upon which its experts will base their opinions. This is blatantly false.

In its motion to defer, Plaintiff cited: (1) testimonial evidence that, in around 2009, Defendants changed the name and face of their company to HYBRID APPAREL; and (2) documentary evidence, in the form of spreadsheets, that in the years following this change, Defendants' sales grew while Plaintiff's sales diminished.

Undermining their argument that Plaintiff has not adduced any 'facts' upon which an expert can base an opinion, Defendants acknowledge the documentary spreadsheet evidence regarding Plaintiff's and Defendants' diverging sales and argue that any opinion Plaintiff's expert may offer based upon this evidence should be disregarded because further documentary evidence supporting Plaintiff's spreadsheet is no longer available.

As a threshold matter, Plaintiff has also adduced testimonial evidence regarding the spreadsheets and the data upon which these spreadsheets are based. More importantly, however, Defendants' argument is essentially an invitation for the Court to take two impermissible actions. (Zarin Dec., Exh. 4, Hanono Depo. (2019), pp. 25, 39-40, 46-51)

First, it is invitation for the Court to assess the 'credibility' of Plaintiff's royalty spreadsheet. This is the role of the jury, not the Court on summary judgment. Second, it is an invitation for the

---

[5] See e.g. *Purchase Partners, LLC v. Carver Federal Savings Bank*, 2013 U.S. Dist. LEXIS 51850 at *23 (S.D.N.Y. April 10, 2013) ("If Plaintiffs believed that summary judgment was premature because expert discovery had not yet closed, they could have filed a Rule 56(d) affidavit to request further discovery to defeat Carver's motion for summary judgment. Having failed to do so, they cannot now argue that they were prejudiced by this discovery schedule."); *Mombrea v. United States*, 2012 U.S. Dist. LEXIS 152348 at *22 n. 7 (W.D.N.Y. September 6, 2012) ("The Court notes that although Stuart passed away on September 27, 2011, one day before Defendant filed the instant motion seeking summary judgment, and after the July 15, 2011 deadline for providing expert witness reports, Plaintiff never moved pursuant to *Fed. R. Civ. P. 56(d)* for more time to obtain another expert to produce a sworn report to oppose summary judgment.")

7

Court to exclude Plaintiff's royalty spreadsheet as inadmissible evidence. Indeed, in Defendants' reply brief in support of their motion for partial summary judgment, to which they refer in their response to Plaintiff's motion to defer, Defendants request the Court to do precisely this; that is, to find the spreadsheet to be inadmissible evidence. (Dkt. No. 387, pp. 7-8) This is an impermissible request for two reasons: (1) Defendants make this new argument in their reply brief in support their opposition to Plaintiff's motion to defer, to which Plaintiff has no opportunity to respond; and (2) it is a disguised motion in limine to exclude evidence, which Defendants cannot make until immediately before trial.

### 3. Plaintiff's Expert Will Provide The Information Necessary To Establish A Reasonable Royalty

In its motion to defer, as Defendants acknowledge, Plaintiff explained that its expert will provide an opinion as to a 'reasonable royalty' and provide the basis of that opinion. Third, Defendants contend that, in order to justify deferral, Plaintiff must provide the 'facts' upon which Plaintiff's expert will base his/her opinion. With this argument, Defendants demonstrate a lack of understanding of the objective of a 'reasonable royalty'.

As Plaintiff noted in its motion to defer, the Second Circuit has explained that "[a] reasonable royalty award attempts to measure a hypothetically agreed value of what the defendant wrongfully obtained from the plaintiff. By means of a 'suppositious meeting' between the parties, the court calculates what the parties would have agreed to as a fair licensing price at the time that the misappropriation occurred." *Vermont Microsystems, Inc. v. Autodesk, Inc.*, 88 F.3d 142, 151-152 (2d Cir. 1996) (DE 381, p. 25). An expert offering an opinion on a 'reasonable royalty', therefore, relies on his/her *own experience in the industry* to arrive at a 'reasonable royalty'. In other words, that expert will provide the 'facts' related to the industry, in this case the apparel industry, on which he/she bases his/her opinion. (Supp. Zarin Dec., ¶8) Once Plaintiff's expert offers an opinion, Defendants are of course free to challenge this opinion based on the expert's experience and qualifications. Indeed, the defendant mounted such a challenge in *Stone Brewing Co., LLC v. Millercoors LLC*, a case quoted by Plaintiff in its motion to defer. In that case, the court explained that "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the present inquiry. The pertinent

inquiry here is the appropriate reasonable royalty rate for trademark infringement. Distler's testimony, with sufficient basis in experience and education, speaks directly to this point. That is enough to assist the trier of fact." *Stone Brewing Co., LLC v. Millercoors LLC*, 2020 U.S. Dist. LEXIS 32010 at *21 (S.D. Ca. February 24, 2020).

### 4. Expert Discovery Has Not Yet Occurred

Fourth, Defendants contend that Plaintiff failed to make an effort to conduct expert discovery, because: (1) "discovery closed in this matter on November 1, 2018, eighteen months ago"; (2) even though it requested Magistrate Judge Wang to set dates for expert discovery in the parties' joint letter setting forth the agenda for the Court's January 21, 2020 conference, this "single-sentence entry in a letter sent more than fourteen months after the close of discovery, which Plaintiff never followed up on – does not remotely justify staying or denying Defendants' summary judgment motion"; and (3) Plaintiff could have obtained the expert opinions it wishes to use sometime over the last eighteen months. Defendants are wrong.

First, 'discovery' overall did not close on November 1, 2018. Rather, 'fact' discovery as to *Defendants* only closed on that date. (Supp. Zarin Dec., Exh. 3, pp. 38, 40-42; Exh. 4, pp. 10-11)  Both fact discovery as to Retailer Defendants and expert discovery have yet to close, or even begin.

Second, Plaintiff did not merely ask the Court to schedule expert discovery once. Rather, Plaintiff made this request at least as early as a conference before Magistrate Judge Wang in June 2018. Each time the subject of expert discovery was raised, however, Magistrate Judge Wang declined to set dates for it.

Indeed, at a June 28, 2018 conference, Magistrate Judge Wang stated:

> I am not going to set a date for the close of expert discovery at this time just because I expect that I will see you again sometime in the next couple of months and we'll probably have a better handle on where we are.

(Supp. Zarin Dec., Exh. 3, pp. 40-41)  In fact, Magistrate Judge Wang made this statement in response to *both* Plaintiff's and Defendants' suggestions, in their joint letter regarding the agenda for the June 28, 2018 conference, for an expert discovery schedule. (Supp. Zarin Dec., Exh. 5, p. 2, ¶6)  Indeed, in that

9

letter, *Defendants* proposed that expert reports be due thirty (30) days after the close of fact discovery, that rebuttal expert reports be due thirty (30) days after the initial expert reports, and that expert discovery overall close thirty (30) days after rebuttal reports are due. In sum, then, *Defendants* proposed that expert discovery close ninety (90) days after the close of fact discovery. Now, despite the fact that fact discovery as to Retailer Defendants has not even begun, Defendants have reversed course, seemingly arguing that no expert discovery at all should be permitted.

At a subsequent court conference on August 2, 2018, Plaintiff raised the issue of expert discovery yet again and Magistrate Judge Wang again acknowledged this issue, but declined to set dates for it. (Supp. Zarin Dec., Exh. 4, p. 11) Furthermore, as Defendants acknowledge, Plaintiff also explained the need for an expert related to its establishment of a 'reasonable royalty' at the court conference on January 21, 2020. (Supp. Zarin Dec., Exh. 1, pp. 13-14).[6]

Third, if Plaintiff had retained an expert in the last eighteen months, as Defendants suggest it should have, that expert would have been required to form and offer an opinion based upon partial and incomplete evidence. As Plaintiff has explained, it intends to retain an expert to offer an opinion on the profits it lost, and therefore the harm it suffered, as a consequence Defendants' infringement of its trademarks. To be comprehensive, this opinion must rely, to a large extent, on Defendants' *and* Retailer Defendants' sales throughout the period of infringement. Although the documents Defendants have

---

[6] Defendants argue that, at this conference, Magistrate Judge Wang requested Plaintiff's counsel to provide her with a case in which "a court had accepted an expert's opinion on reasonable royalty despite the plaintiff having no history of licensing, i.e. cases that could make expert testimony useful in the present case." This is a misrepresentation of Magistrate Judge Wang's request. She did not request Plaintiff to provide an example of a case in which a court relied an expert opinion to find a reasonable royalty. Rather, she requested an example of a case in which a court found a reasonable royalty in the absence of any licensing history by the plaintiff. Indeed, Magistrate Judge Wang stated: "[C]an you cite me a case where plaintiff has no licensing history, whatsoever, and a Court has found a reasonable royalty, nonetheless?" (Supp. Zarin Dec., Exh. 1, p. 14) In other words, Magistrate Judge was interested in the threshold question whether a reasonable royalty was available to a plaintiff without a history of licensing, not in whether, assuming that question is answered in the affirmative, expert testimony can support a reasonable royalty. Moreover, this subject was discussed at the conference, because Plaintiff's counsel opposed Defendants' filing their motion for summary judgment at this time on the ground that such a motion was premature. (Supp. Zarin Dec., Exh. 1, pp. 1-6) Whether or not Plaintiff was able to convince Magistrate Judge Wang to defer Defendants' filing of the motion is not relevant to the question whether the Court should defer ruling on the motion until expert discovery is complete now that Defendants have in fact filed the motion.

produced, including the spreadsheet it produced of its sales to its top ten accounts between 2009 and 2014, show a partial picture of Plaintiff's losses during this period, they do not show the full picture. That full picture will only become apparent once fact discovery of *all* Retailer Defendants is complete. Consequently, an expert would be unable to offer a sound and effective opinion until fact discovery is complete as to Retailer Defendants.

**II. Conclusion**

      For all the foregoing reasons, in addition to those Plaintiff articulated in its motion to defer, the Court should defer ruling on the various aspects of Defendants' motion for partial summary judgment which it discusses in its motion to defer until after the close of fact discovery as to Retailer Defendants and expert discovery.

Respectfully submitted,

Dated:  May 4, 2020                     By:  ___/s/Scott Zarin_____

                                              Scott Zarin, Esq.
                                              ZARIN & ASSOCIATES P.C.
                                              244 West 102nd Street, #3B
                                              New York, NY 10025
                                              Tel. No. (212)580-3131
                                              scottzarin@copyrightrademarkcounsel.com

                                              Counsel for Plaintiff
                                              The Fashion Exchange LLC

## Certificate of Service

I, Scott Zarin, declare, under penalty of perjury, that on May 4, 2020 I caused to be served, via ECF, in *The Fashion Exchange v. Hybrid Promotions, LLC,* Case No. 14-CV-1254:

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DEFER RULING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL DISCOVERY IS COMPLETE**

on counsel for Defendants Hybrid Promotions, LLC, Jarrod Dogan, Jeff Caldwell, Gavin Dogan, Jimmy Jazz, Inc., Foot Locker, Inc. (d/b/a Foot Locker and Lady Foot Locker), National Stores, Inc., Forever 21 Retail, Inc., Hot Topic, Inc., Gap (Apparel), LLC, World Jeans & Tops (d/b/a Tilly's), Pacific Sunwear of California, Inc. (d/b/a Pacsun), Costco Wholesale Membership, Inc., Sport Chalet, Inc., Ross Stores, Inc., Big 5 Sporting Goods Corporation, The Sports Authority, Inc., Tween Brands, Inc. (d/b/a Justice), The TJX Companies, Inc. (d/b/a T·J·Maxx), The Wet Seal Retail, Inc., Spencer Gifts LLC, Old Navy, LLC, Rue21, Inc., Lord & Taylor Holdings LLC, J.C. Penney Corporation, Inc., BJ's Wholesale Club, Inc., Boscov's Department Store, LLC, Wal-Mart Stores, Inc. (d/b/a Walmart and Sam's Club), Dick's Sporting Goods, Inc., Kohl's Department Stores, Inc., Macy's Retail Holdings, Inc., Macys.com, Inc., Shopko Stores Operating Co., LLC, Family Dollar Services, Inc., The Cato Corporation, Belk, Inc., Dillard's, Inc., Hibbett Sporting Goods, Inc. (d/b/a Hibbett Sports), Nordstrom, Inc., Beall's Department Stores, Inc. (d/b/a Bealls and Stage), Sears Brands, LLC (d/b/a Sears and K-Mart), Bloomingdale's, Inc., Marshalls of MA, Inc., Bob's Stores, LLC, Dollar General Corporation, Target Corporate Services, Inc., The Finish Line, Inc., and Urban Outfitters, Inc.:

> Mark Rosenberg, Esq.
> Tarter Krinsky & Drogin LLP
> 1350 Broadway
> New York, NY 10018
> mrosenberg@tarterkrinsky.com

Date:   May 4, 2020                                   _____/s/ Scott Zarin_____