**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
THE FASHION EXCHANGE LLC,                                    :
:
        Plaintiff,                                     :       No. 14-CV-1254 (SHS) (OTW)
:
        -against-                                      :       **MEMORANDUM**
:       **OPINION & ORDER**
HYBRID PROMOTIONS, LLC, et al.,                              :
:
        Defendants.                                    :
:
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On December 26, 2019, the Court granted in part Defendants' motion for sanctions related to Plaintiff's loss of financial documents relating to Plaintiff's actual damages. (ECF 348, "the Sanctions Order").[1] In the Sanctions Order, the Court declined to award terminating sanctions under Rule 37(e)(2) because it was unclear from the record whether the purported damages documents had ever existed (and documents that never existed could not be spoliated). (*Id*. at 11). The Court instead issued monetary sanctions against Plaintiff and Plaintiff's counsel for their pattern – over a series of discovery conference – of Plaintiff's misrepresentations to Defendants and the Court about their discovery obligations.[2]

As a result, the Court ordered Plaintiff and its counsel to be jointly and severally liable for: (1) Defendants' fees and costs incurred in preparing their September 27, 2018 letter (ECF 253); (2) half of Defendants' fees and costs incurred in attending the October 4, 2018 discovery conference; (3) half of Defendants' fees and costs incurred in attending the November 29, 2018

---

[1] A description of the underlying facts can be found at ECF 348.
[2] Both Plaintiff and Plaintiff's counsel appeared to be responsible for the discovery faults.

discovery conference; (4) Defendants' fees and costs incurred in preparing for and taking the

January 29, 2019 Hanono deposition; (5) and Defendants' fees and costs incurred in briefing the

sanctions motion.

Defendants' counsel has now submitted attorney declarations and billing records in

support of their claimed fees and costs, as directed by the Court, totaling $108,716.60. (ECF

353-355). Plaintiff objected to the amounts. (ECF 360). For the reasons discussed below, I

award Defendants the reduced amount of **$95,684.085**. This Order is STAYED until Judge Stein

rules on Plaintiff's objections to the Sanctions Order. (ECF 351).

    I.    <u>Attorney's Fees</u>

Although Defendants' counsel submitted their documented fees and costs, the Court

must still determine what fees are reasonable by comparing the requested fees with the

lodestar amount, an amount that is "the product of a reasonable hourly rate by the reasonable

number of hours required." *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ,

*superseded on other grounds as recognized in Acker v. General Motors, L.L.C.*, 853 F.3d 784, 790

(5th Cir. 2017). The Court has "considerable discretion" in determining a reasonable fee. *See

Matusick v. Erie County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). In determining a reasonable

hourly rate, the Court looks at the attorney's experience in the field, what similar attorneys in

the district charge, and what other clients pay for similar services. *See Arbor Hill Concerned

Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008). Similarly, to

determine the reasonable number of hours to be spent, the Court examines whether a

"reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973

F.2d 96, 99 (2d Cir. 1992). Where the amount billed is excessive, the Court "should reduce the

2

stated hours accordingly." *Cocoletzi v. Fat Sal's Pizza II, Corp.*, No. 15-CV-2696 (CM) (DF), 2019 WL 92456, at *11 (S.D.N.Y. Dec. 6, 2018), *report and recommendation adopted* ECF 122 (Jan. 3, 2019). The burden is on the applicant to show that the claimed hourly rate and hours spent are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984).

    A. <u>Hourly Rates</u>

Mark J. Rosenberg is a partner at Tarter Krinsky & Drogin LLP ("Tarter Krinsky"), with nearly thirty years of experience in litigation. (Declaration of Mark J. Rosenberg ("Rosenberg Decl.") (ECF 354) ¶¶ 18, 20-21). Rosenberg, co-chair of his firm's Reputation Management practice, seeks an hourly rate of $580 for work performed up to January 1, 2019, after which his hourly rate increased to $600. (*Id*. ¶ 22). Because these are within the range of rates awarded to intellectual property partners with similar experience, I find that Rosenberg's rates are reasonable. *See Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 651 (S.D.N.Y. 2018) (approving $610 hourly rate for IP partner with thirty years' experience); *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC,* No. 13-CV-2493 (KBF), 2014 WL 4792082, at *2-3 (S.D.N.Y. Sept. 24, 2014) (approving $675 hourly rate for IP partner); *GAKM Resources LLC v. Jaylyn Sales Inc.*, No. 08-CV-6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving $650 hourly rate for IP partner with nearly 20 years' experience).

Debra Bernstein is counsel with nearly thirty years of experience, practicing primarily in complex commercial litigation. (Rosenberg Decl. ¶ 31). Bernstein seeks an hourly rate of $530. (*Id*. ¶ 30). As noted in the Court's November 4, 2019 fees order, although this is on the higher end for non-partners, any concern with Bernstein's hourly rate is offset by Defendants'

counsel's discounting their fees by 10%. (Rosenberg Decl. ¶ 13). Joel H. Rosner is also counsel at the firm, with roughly fifteen years of experience. (Declaration of Joel H. Rosner (ECF 355) ¶ 5). Rosner seeks an hourly rate of $450. (*Id*. ¶ 8). The Court approved that rate as reasonable in the November 4, 2019 order and finds no reason to find differently here. The Court also approves the $75 hourly rate for paralegal Toni Serrant, which was the rate approved by the Court in the November 4 order. (*See* Rosenberg Decl. at 3 n. 4).

  B.  **Hours Expended**

  Defendants billed 236 hours on the five tasks for which the Court granted Defendants fees and costs in its December 16, 2019 order. (ECF 354-2).[3] Plaintiff argues that Defendants' billed hours are unreasonable because (1) Defendants obtained "limited success" as to their sanctions motion, (2) the amount of hours billed for drafting the sanctions motion was "excessive" in light of the relative "simplicity" of the issues,[4] (3) Defendants' counsel's billing entries are "vague block-billing," and (4) Defendants' counsel billed an unreasonable amount of time for the Hanono deposition. (ECF 362). Plaintiff does not dispute the reasonableness of the 8.8 total hours billed for preparing the September 27, 2018 letter; attending the October 4, 2018 discovery conference; and attending the November 29, 2018 discovery conference. Nor does the Court find those amounts unreasonable.

---

[3] Although Plaintiff argues that the table at ECF 354-2 is not a contemporaneous billing record, ECF 362 at 5, a comparison with the contemporaneous billing records at ECF 354-1 shows that ECF 354-2 is merely a summary table extracting the relevant entries from the billing records for the aid of the Court. Plaintiff's confusion about the "highlighted text" in ECF 354 has likewise been clarified by Defendants' counsel at the January 21, 2020 status conference as merely an Internet browser-specific error. (*See* ECF 362 at 5-6). Defendants' counsel provided paper copies of the highlighted text to the Court and to Plaintiff's counsel at the January 21 status conference.

[4] Plaintiff's assertion that the issues were "simple" is simply incorrect. The Court's earlier order ECF 348 made it clear that there were numerous issues of fact that had to be decided in determining whether terminating sanctions should be awarded. *See, e.g.*, ECF 348 (deciding, *inter alia*, issues of server destruction, litigation holds, and the type and amount of sanctions).

4

1.  **Sanctions Motion**

Plaintiff argues that Defendants' roughly 192 hours billed for the sanctions motion is

excessive, particularly because Defendants were only awarded attorney's fees and not the

more severe non-monetary sanctions sought. (ECF 360 at 5). Although courts have reduced fees

based on "limited success," the Second Circuit has clarified that this factor is less relevant for

discovery sanctions. In *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620 (2d Cir. 2018),

the Second Circuit noted:

> Discovery sanctions are different. As we have emphasized above, a party
> that disregards its obligations may create a reasonable suspicion that
> further investigation is warranted, **and thereby imposes costs on its
> adversary that would never have been incurred had the party complied
> with its obligations in the first instance**. In that situation, the offended
> adversary's counsel is not being rewarded for its success in the litigation;
> rather, the adversary is simply being compensated for costs it should not
> have had to bear.

*Id*. at 634 (emphasis added). Here, Defendants' sanctions motion arose from Plaintiff's repeated

misrepresentations about the existence of and failure to produce damages documents despite

multiple Court orders. That the Court ultimately determined that a monetary sanction, as

opposed to the more severe terminating sanctions, was the appropriate remedy does not

diminish the fact that Plaintiff's discovery violations constituted gross negligence, if not,

misconduct. (*See, e.g.*, ECF 348 at 16). Indeed, had the Court been able to determine that the

damages documents had existed at all, the Court may well have recommended terminating

sanctions (after all, documents cannot be destroyed or lost if they never existed in the first

place).

Nor does the Court find it necessary to reduce the amount of hours billed by

Defendants' counsel, which reflects the amount of time and resources that Plaintiff's repeated

violations forced Defendants' counsel, and their client, to unnecessarily expend. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) ("If the attorney is compelled to defend against frivolous motions and to make motions to compel compliance with routine discovery demands, or to respond to unreasonable demands of the court for briefing or for wasteful, time-consuming court appearances, the hours required to litigate even a simple matter can expand enormously."). Defendants filed a 30-page sanctions motion, which provided extensive legal argument and laid out in detail the timeline of Plaintiff's misconduct over the span of several years. (ECF 304). In support, Defendants also attached 220 pages of transcript excerpts from depositions and Court conferences. (ECF 303).

This is distinguishable from the cases cited by Plaintiff. In *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Division NY), Inc.*, No. 12-CV-4221 (LAP) (DF), 2015 WL 9287121, at *6 (S.D.N.Y. Feb. 5, 2015), *adopted by* 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015), the Court found fees excessive where the plaintiff only filed a 5-page sanctions motion regarding a late production of documents. Similarly, in *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09-CV-7830 (RJS), 2012 WL 5177491, at *4 (S.D.N.Y. Oct. 19, 2012), the Court reduced fees where the sanctions motion was "straightforward" and the spoliation dispute was "tangential" due to the destroyed video at issue holding little relevance to the case. In contrast, Defendants' sanctions motion pertained to evidence necessary for Plaintiff to establish their right to damages, which could have been used in a motion for summary judgment. Also, unlike Plaintiff's two cited cases, Defendants needed to review a significant portion of the record to fully piece together the extent of Plaintiff's misrepresentations over the years. Accordingly, although approximately 190

hours on its face may appear excessive, that speaks to the extent of Plaintiff's misconduct in this litigation rather than inefficiencies by Defendants' counsel.

      2.  **<u>Block Billing</u>**

Plaintiff next argues that the proposed fees should be reduced due to the vagueness of the billing entries and counsel's use of block billing. (ECF 362 at 15-16). Although not prohibited, block billing can be a basis for courts to reduce fees where the block billing prevents the Court from determining the reasonableness of billed tasks. *See Sea Spray Holdings, Ltd. v. Pali Fin. Grp.*, 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003) (reducing fee application by 15% due to reasons including block billing). Plaintiff's argument is not without merit. For example, on February 6, 2019, Rosenberg's entry lists: "Reviewed documents produced by TFE; reviewed Zarin letters to court regarding 2015 computer issues; reviewed Saadia 2015 and 2018 transcripts; reviewed Hanono 2018 transcript; conferred regarding sanctions motion strategy." (ECF 354-1 at 16). Rosner's entry on February 15, 2019 lists: "Confer with Mark Rosenberg regarding sanctions motion; Review Plaintiffs' document production in preparation for sanctions motion regarding document destruction; Work on outline for sanctions motion." (*Id*. at 17). Although these entries are detailed, counsel did not specify how long it took to complete each task in the entry within the entry itself. This is problematic because Defendants' counsel later removed entries from the contemporaneous records that were for time not reimbursable for the purposes of this motion. (ECF 354-1, 354-2). As the original time entries did not have time increments, Defendants' counsel had to estimate *post hoc* how long each task took to

complete.[5] As Defendants' counsel had to estimate (albeit "conservative[ly]" by their words)

the time spent on non-reimbursable work, it is reasonable to apply a reduction of 10% to

Defendant's counsel's fees to account for "the inherent difficulties the Court would encounter

in attempting to parse out reasonable hours and []power for appropriate tasks." *See Sea Spray*,

277 F. Supp. 2d at 326 (reducing fees by 15%).

### 3.   Hanono Deposition

Plaintiff further argues that Defendants' counsel billed an excessive amount of time for

the Hanono deposition. (ECF 362 at 19). In the Sanctions Order, the Court had awarded fees

and costs incurred "in preparing for and taking the January 29, 2019 Hanono deposition." (ECF

348 at 21). Although Plaintiff acknowledges that the deposition itself took three hours, it

disputes that Defendants' counsel should have taken approximately 22 hours preparing for the

deposition, as appears on the billing records. (ECF 362 at 20). The Court does not find 22 total

hours by two attorneys in preparation for a deposition to be excessive, especially when it

became clear that this would be the last witness Plaintiff would produce regarding damages

documents and that Hanono's deposition had been ordered by the Court because prior

witnesses had not been adequately prepared.

---

[5] Rosenberg declared, "My allocations of time among the multiple tasks in those billing entries [with reimbursable and non-reimbursable work] are based on my recollection of the work that was performed and the reasonableness of the allocations. In preparing this fee application, I took a conservative approach when estimating the amount of time that I spent on a particular task which constituted Reimbursable Work and liberally allocated time to non-Reimbursable Work." (ECF 354 ¶ 26). Rosner declared, "My allocations of time among the multiple tasks in these entries are based on my personal time records, in which I track the time I spend on individual tasks on a given date, and with respect to conferences concerning Reimbursable Work and non-Reimbursable Work, my contemporaneous recollection of the work that was performed and the reasonableness of the allocation. . . . With respect to conferences, I took a conservative approach when estimating the amount of time that I spent on a particular task which constituted Reimbursable Work and liberally allocated time to non-Reimbursable Work." (ECF 355 ¶ 12).

### C. __Costs__

Defendants claim $2,400.75 in costs for deposition transcripts, a messenger service, and Westlaw. (ECF 354-2 at 8). Pursuant to the Local Rules of the Southern and Eastern Districts of New York (the "Local Rules") Rule 54.1 "any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing . . . indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing a bill of costs." Because Defendants did not file a bill of costs as required by the Local Rules, they are unable to recover the requested costs ($2,400.75).

## II.   <u>Conclusion</u>

For the foregoing reasons, the Court reduces Defendants' claimed fees by 10% and denies the requested costs. Accordingly, Defendants are hereby awarded **$95,684.085** in fees (reduced from $106,315.65).[6] Plaintiff and its counsel shall be held jointly and severally liable for this amount. This Order is STAYED pending Judge Stein's ruling on the pending objections (ECF 351) to the Sanctions Order (ECF 348). If Judge Stein overrules Plaintiff's objections, Plaintiffs are directed to pay the **$95,684.085** to Defendants within fourteen (14) days of Judge Stein's order.

**SO ORDERED.**

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

Dated: August 17, 2020
       New York, New York

---

[6] Plaintiff requests that Defendants should only recover the fees after taking into account the ten percent reduction Defendants' counsel gives its clients. (ECF 362 at 19 (citing ECF 354 ¶ 13)). The amount requested by Defendants already reflects this fee reduction, and there is no further reduction that the Court need apply.