UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FASHION EXCHANGE LLC,

      Plaintiff,

  v.

HYBRID PROMOTIONS, LLC, *ET AL.*,

      Defendants.

14-CV-1254 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

 Plaintiff The Fashion Exchange LLC objects to Magistrate Judge Ona T. Wang's November 15, 2019 order, see ECF No. 346, 1) denying plaintiff's motion seeking reconsideration of its request to re-depose Jarrod Dogan (ECF No. 308), and 2) denying plaintiff's motion requesting that discovery be reopened for the purpose of deposing Brad Shapiro and Gavin Dogan (ECF No. 310). Separately, plaintiff and defendants object to Judge Wang's December 16, 2019 order, which imposed sanctions on plaintiff and plaintiff's counsel in the form of attorneys' fees and costs. (ECF Nos. 351-52.)

 For the reasons set forth below, the parties' objections are denied.

**I. STANDARD OF REVIEW**

 Pursuant to Federal Rule of Civil Procedure 72(a), upon objection, the district judge may modify or set aside any part of an order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Gruss v. Zwirn*, No. 09-CV-6441, 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013) (internal quotations and citations omitted).

**II. PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S NOVEMBER 15, 2019 ORDER**

 **A. Procedural History**

 In January 2019, Fashion Exchange filed a four-page, single-spaced letter replete with argument and case citations explaining that, because defendants' Federal Rule of Civil Procedure 30(b)(6) witnesses lacked knowledge on a variety of topics pertinent to plaintiff's case, it sought to compel the depositions of Hybrid executives Gavin Dogan, Brad Shapiro,

and Jarrod Dogan. (ECF No. 290.) The magistrate judge, properly construing the letter as a formal motion, subsequently denied the request—holding that Fashion Exchange had failed to show that defendants' Rule 30(b)(6) witnesses were not prepared or that they had not adequately testified. (ECF No. 305.)

Fashion Exchange subsequently filed a motion requesting Judge Wang to withdraw her order on the ground that Fashion Exchange's January letter was a pre-motion conference letter rather than a motion itself. (ECF No. 306.)

Fashion Exchange then filed its motion for reconsideration and explicitly stated that it did not seek reconsideration of the denial of its motion to compel the depositions of Gavin Dogan and Brad Shapiro: it sought only to compel the deposition of Jarrod Dogan. (ECF No. 308.) In its motion, Fashion Exchange argued that the Court had erred in failing to consider that it had been unable to question Dogan at his deposition about the issue of "willfulness" because of the Court's earlier bifurcation of discovery. (ECF No. 308 at 1.)

Fashion Exchange subsequently filed a pre-motion conference letter in which it requested a conference to discuss its proposed filing of a motion to reopen fact discovery for the limited purpose of taking the depositions of Brad Shapiro and Gavin Dogan. (ECF No. 310.) Judge Wang denied both motions in a November 15, 2019 order. Fashion Exchange now challenges those denials.

### B. Discussion

#### 1. Legal Standard

"Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, or a failure to comply with sanctions imposed for such conduct, a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (internal citations omitted); *see also Curto v. Roth*, 296 F. App'x 129, 130 (2d Cir. 2008). However, a district court may construe a pre-motion conference letter as a motion itself. *See, e.g, StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (holding that the district court acted within its discretion in construing defendant-appellant's pre-motion letter because "the parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in [defendant-appellant's] contemplated motion"). Indeed, when a movant files a "length[y]" and "detail[ed]" pre-motion letter with a "clear lack of merit," and that movant has the "opportunity to make the arguments necessary to preserve its sanctions motion for appellate review," the district court may construe the letter as a motion and deny it. *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011). That is what happened here.

2

*2. Analysis*

Judge Wang's order was neither clearly erroneous nor contrary to the law.

Fashion Exchange contends that in its May 2, 2019 letter, it "clearly indicated that it was writing to the Court to discuss filing a motion to reopen discovery to take the noted depositions and expressly indicated that it was not therein making its motion to reopen." (ECF No. 346 at 1.) Fashion Exchange points to the fact that in its letter, it explained that the Court "must consider six (6) factors in determining whether to re-open discovery for the purposes of . . . taking the noted depositions." (ECF No. 346 at 1-2.) (citing *City of Almaty v. Ablyazov*, 15-CV-05345, 2019 WL 275701, at *3 (S.D.N.Y. Jan. 22, 2019)). Fashion Exchange's counsel noted, "[f]or the avoidance of doubt, because these factors are fact-intensive, I do not, in this pre-motion conference letter, endeavor to present facts which show that discovery should be reopened as to Hybrid Promotions." (ECF No. 310 at 2.)

Magistrate Judge Wang denied Fashion Exchange's May 2, 2019 "pre-conference letter" to reopen discovery on a full—perhaps fulsome—record. Indeed, the Court correctly construed plaintiff's January 25 letter as a formal motion. In that letter, plaintiff presented arguments, citing case law and the record, which provided the Court sufficient grounds to issue a decision. (ECF No. 290.) No conference was necessary. (*Id.*) All parties treated the letter as a full motion, and Fashion Exchange did not correct defendants or the Court when both characterized its January 25 motion as one to compel depositions.

In its May 2, 2019 letter, Fashion Exchange stated that the purpose of the depositions would be to address "the facts which indicate 'willfulness', [sic] a critical aspect of Plaintiff's damages case." (ECF No. 310 at 1.) Fashion Exchange argued that it was entitled to further depositions because Hybrid's Rule 30(b)(6) deposition witnesses, Saenz and Lederman, were unable to testify about that issue. (*Id.* at 2.) Thus, Fashion Exchange sought the same relief as in its January 25 motion and for the same reasons. Magistrate Judge Wang had already held that Fashion Exchange was not entitled to take those depositions, and there was no need for her to consider further arguments on that issue.

Plaintiff's objection to Judge Wang's denial of its motion for reconsideration to compel a second deposition of Jarrod Dogan is similarly unavailing. In its April 9, 2019 order, the Court noted that plaintiff failed to make any showing as to why a second deposition was needed. (ECF No. 305 at 4-5.) In its motion for reconsideration, plaintiff argued that the Court erred in failing to consider that plaintiff was unable to question Dogan at his first deposition as to the issue of "willfulness" because of the Court's bifurcation of discovery. (ECF No. 308 at 1.) But plaintiff had not previously made that argument, and a motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (finding that a motion for

3

reconsideration is not meant to be an opportunity for the movant to "relitigat[e] old issues" or take a "second bite at the apple"). Plaintiff had substantial opportunity to obtain the testimony it needed. (*See* April 9, 2019 Order, ECF No. 343 at 3.)

### III. PLAINTIFF AND DEFENDANTS' OBJECTIONS TO THE COURT'S DECEMBER 16, 2019 ORDER

During discovery, Fashion Exchange failed to appropriately respond to defendants' discovery requests for financial statements and failed to produce documents showing royalties received from Fame Fashion, its licensee. (June 28, 2018 Tr. at 46:1-14, 28:11-15, ECF No. 249.) Fashion Exchange merely produced a single quarter-page summary of its royalty income without producing any of the documents or data used to create that summary. (ECF No. 253.) In October 2018, Fashion Exchange's counsel represented that Fashion Exchange was no longer in possession of any royalty-related documents due to "computer issues" occurring "at some point in the last few years," and that the produced summary had been an attempt to "reconstruct that information." (Oct. 4, 2018 Tr. at 6:8-17, ECF No. 264.) When Fashion Exchange produced its tax returns, defendants noted a discrepancy between the income figures listed in Fashion Exchange's tax returns and the summary spreadsheet's royalty figures. (ECF No. 270.)

Defendants then deposed Fashion Exchange's Rule 30(b)(6) witnesses, who testified that Fashion Exchange created financial documents such as profit statements and balance sheets "every year" (Saadia Tr., ECF No. 273, Ex. 1 at 67:20-68:16), and that Fashion Exchange's and Fame Fashion's shared server was "fried"—which caused Fashion Exchange to lose all of its documents. (Hanono Tr., ECF No. 345-1 at 11:2-12:6.) As a result, defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 37(e).

On December 16, 2019, Judge Wang granted in part and denied in part defendants' motion for sanctions. (ECF No. 348.) She found that defendants were entitled to both monetary and non-monetary sanctions pursuant to Rule 37(e)(1). As the non-monetary sanction, she has permitted defendants "to present evidence at trial regarding spoliation of damages-related ESI and whether such ESI ever existed in the first place." (ECF No. 348 at 14-15.) As the monetary sanction, she granted defendants the attorneys' fees they expended on a variety of tasks "to compensate Defendants for the time and resources they spent by Plaintiff's dragging out this issue." (ECF No. 348 at 15.)

However, Judge Wang found that defendants were not entitled to sanctions pursuant to Rule 37(e)(2) because there was insufficient evidence to show that Fashion Exchange had intentionally destroyed its financial documents. (*Id.* at 9-13.)

With respect to plaintiff's counsel Scott Zarin, Judge Wang ultimately found that "[a]lthough there is no evidence that [p]laintiff's counsel played a role in the 'fried' server, [p]laintiff's counsel repeatedly made misrepresentations to this Court about the status of document production." (ECF No. 348 at 18.) She therefore concluded that "sanctioning

4

[p]laintiff's counsel is necessary both to deter such conduct in the future as well as to compensate for the expenses [d]efendants were forced to incur by [p]laintiff's counsel's willful disregard in ensuring that discovery obligations were being met and accurately conveying the status of such to [d]efendants and the Court." (*Id.* at 19-20.)

### A. Plaintiff's Objections to the Sanctions

Fashion Exchange and Scott Zarin object to the magistrate's imposition of monetary and non-monetary sanctions. (ECF No. 351 at 3-4.) Fashion Exchange contends that Judge Wang's decision is "clearly erroneous and contrary to law" because "(1) [p]laintiff and its counsel did not receive notice that they might be subject to sanctions under subsection (e)(1) of Rule 37; (2) the Court found that [d]efendants did not establish that [p]laintiff's financial documents actually existed; [and] (3) the Court found that [d]efendants did not establish that they have been prejudiced by [p]laintiff's loss of its financial documents." (ECF No. 351 at 3.) Zarin also contends that "subsection (e) of Rule 37 does not permit a Court to impose sanctions on an attorney." (*Id.* at 3-4.) All four objections are unconvincing.

#### 1. *Fashion Exchange and Zarin Received Fair Notice*

Fashion Exchange and Zarin received fair notice that the magistrate judge would consider sanctions against them pursuant to Rule 37(e)(1). *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d. Cir. 1999) ("[T]he notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."); *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997).

Here, Fashion Exchange and Zarin were informed that Rule 37(e) was the source of authority for the sanctions being considered, as well as the actions that caused defendants to move for sanctions. While defendants' motion for sanctions focused mainly on Rule 37(e)(2) sanctions, they invoked the standards for sanctions under both Rule 37(e)(1) and Rule 37(e)(2). *See Fonar Corp. v. Magnetic Res. Plus, Inc.*, 128 F.3d 99, 102 (2d Cir. 1997) (finding that attorney knew of charge that he had participated in dilatory discovery tactics, and notice of possible Rule 37 sanctions was sufficient to notify him that order of contempt was being considered under the same rule).

Furthermore, defendants set out in detail the conduct alleged to have been sanctionable, contending that Judge Wang should impose sanctions on Fashion Exchange because, *inter alia*, Fashion Exchange had a duty to preserve financial documents related to its damages claims and failed to take reasonable steps to preserve those records. (ECF No. 304 at 15-20.)

### 2. *Defendants Established the Existence of Fashion Exchange's Financial Documents*

Defendants adequately established that the lost financial documents existed, and any suggestion by plaintiff otherwise is disingenuous.

"It is well-established in the Second Circuit that the party seeking sanctions for spoliation must prove as an initial step that the evidence in question existed and was lost or destroyed." *Binson v. Max Kahan, Inc.*, No. 12-CV-4871, 2014 WL 5089751, at *7 (S.D.N.Y. Sept. 30, 2014).

Fashion Exchange's Rule 26(a) Initial Disclosures specifically identified "[d]ocuments regarding Plaintiff's distribution and sales of products bearing the HYBRID & COMPANY trademark" and "[d]ocuments regarding revenues and profits generated for Plaintiff by products bearing the HYBRID & COMPANY trademark" and stated that these "documents are maintained, either in hard copy and/or electronic form, at Plaintiff's offices in New York, NY." (ECF No. 303-3 at 4.)

Fashion Exchange's two Rule 30(b)(6) witnesses also testified to the existence of those documents. Jack Saadia, Fashion Exchange's principal, explained that the company prepared and maintained detailed records of the royalties it receives from Fame Fashion.[1] (ECF No. 303-4 at 70-72, 91.) And Marc Hanono, who owns a 25% ownership interest in Fashion Exchange, testified that "[a]ll sorts of various documents" were "forwarded to the accountant" for purposes of preparing the company's tax return. (ECF No. 303-5 at 60:24-61:7.)

The magistrate properly concluded the financial documents existed.

### 3. *Defendants Were Prejudiced by Plaintiff's Loss of Its Financial Records*

The magistrate's order clearly establishes that defendants were economically prejudiced by Fashion Exchange's actions.

Pursuant to Rule 37(e)(1), a court must find that the party requesting sanctions has been prejudiced by the conduct of the party alleged to have spoliated the evidence. *Leidig v. Buzzfeed, Inc.*, 16-CV-542, 2017 WL 6512353, at *12 (S.D.N.Y. Dec. 19, 2017) ("Federal Rule of Civil Procedure 37(e)(1) permits the imposition of sanctions only when there is 'prejudice to another party from loss of information.'"). Courts have recognized that discovery misconduct that causes a party to incur additional expenses is a form of prejudice that

---

[1] Saadia testified that since 2008 the company has maintained records of "[a]ny transaction; payment; incoming money; outgoing money; invoices; purchase order, if any; tax return" in addition to profit and loss statements, balance sheets, bank statements, and spreadsheets on which all transactions are entered. (Saadia Tr., ECF No. 303-4 at 66:24-70:21.)

6

supports an award of sanctions pursuant to Rule 37(e). *See, e.g.*, *Karsch v. Blink Health Ltd.*, No. 17-CV-3880, 2019 WL 2708125, at *25 (S.D.N.Y June 20, 2019).

Judge Wang found that defendants incurred fees and costs in attempting to obtain the destroyed electronically stored information and in bringing their sanctions motion. (ECF No. 348 at 15.) She specifically stated in her order that "[i]f [p]laintiff had timely produced its documents, been diligent in determining what documents existed, or even took steps to back-up responsive data, the alleged loss of the server months later in 2018 would likely not have prejudiced [d]efendants." (ECF No. 348 at 16.) The magistrate also highlighted that "[p]laintiff's gross negligence in failing to take steps to preserve the relevant documents and failing to timely produce documents has caused [d]efendants to expend significant resources repeatedly raising the issue before the Court," (ECF No. 348 at 16), and that "sanctioning [p]laintiff's counsel is necessary . . . to compensate for the expenses [d]efendants were forced to incur by [p]laintiff's counsel's willful disregard in ensuring that discovery obligations were being met and accurately conveying the status of such to [d]efendants and the Court." (ECF No. 348 at 19-20.)

### 4. *Sanctions Against Plaintiff's Attorney Are Appropriate*

Fashion Exchange does not cite to any authority whatsoever for the proposition that an attorney cannot be sanctioned under Rule 37(e)(1). To the contrary, courts in this district have sanctioned attorneys under the rule. *See, e.g.*, *Karsch*, 2019 WL 2708125, at *26-28 (sanctioning plaintiff and his attorneys under Rule 37(b)(2)(C) and 37(e)(1) for discovery misconduct); *Karsch*, 2019 WL 6998563, at *1 (awarding attorneys' fees against plaintiff's counsel pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 37(e)(1)).

Moreover, aside from her authority to impose Rule 37(e)(1) sanctions against Scott Zarin, Magistrate Judge Wang also possessed inherent authority pursuant to 28 U.S.C. § 1927 to hold Zarin liable for excessive costs. Defendants specifically cited 28 U.S.C. § 1927 as a source of authority for sanctions against Zarin. *See* ECF No. 304 at 29-30. Zarin did not subsequently object to the factual findings and allegations against him. (ECF No. 359 at 9.) There is no reason why the sanctions imposed by the magistrate upon plaintiff's counsel are improper. Plaintiff's and its counsel's objections are therefore denied.

### B. Defendants' Objections to the Sanctions

Defendants object to Judge Wang's order on two grounds. First, defendants contend that she incorrectly employed a "clear and convincing evidence" standard to her determination that Fashion Exchange did not destroy or lose its documents with the intent to deprive defendants of their use at trial. (ECF No. 348 at 10; ECF No. 352 at 14.) Second, defendants argue that circumstantial evidence demonstrates that Fashion Exchange destroyed or lost its documents with the intent to deprive defendants of their use. (*Id.* at 18.)

In addition to these two objections, defendants request the Court to sanction Fashion Exchange by issuing an adverse inference instruction to the jury that Fashion Exchange destroyed its financial documents to prevent defendants from using them at trial. (*Id.* at 20-21.) Defendants also seek to preclude Fashion Exchange from presenting any witnesses at trial who may testify regarding its lost profits or royalties. (*Id.* at 21.)

### 1. *Standard for Sanctions under Rule 37(e)(2)*

Magistrate Judge Wang did not apply the incorrect legal standard regarding Fashion Exchange's alleged destruction of documents.

"[C]ourts are divided with respect to the appropriate standard of proof to apply to a claim of spoliation." *Resnik v. Coulson*, No. 17-CV-676, 2019 WL 1434051, at *7 (E.D.N.Y. Mar. 30, 2019). However, in determining whether Fashion Exchange intended to deprive defendants of use of the allegedly spoliated evidence, Magistrate Judge Wang employed a standard widely used by courts in this Circuit. *See id.* (affirming magistrate judge's use of "clear and convincing evidence" standard to a claim for spoliation pursuant to Rule 37(e)); *see also Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-CV-9363, 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018) ("Although Rule 37(e)(2) does not specify the standard by which the 'intent to deprive' must be established, it is appropriate, given the severity of the sanctions permitted under that provision of the Rule, for the intent finding to be based on clear and convincing evidence.").

#### a. *Bad Faith*

Defendants contend that the loss of Fashion Exchange's financial documents can only be explained by bad faith. Defendants point out that Fashion Exchange "submitted no evidence whatsoever to prove there actually has been a server crash or deletion of documents" and that "the only evidence for this deletion of documents is the testimony of Marc Hanono, which testimony was contradicted by Mr. Saadia." (ECF No. 352 at 17.) However, the magistrate clearly took Fashion Exchange's misconduct and omissions into account in rendering her decision, acknowledging that Fashion Exchange was "gross[ly] negligen[t] in failing to take steps to preserve the relevant documents." (ECF No. 348 at 16.) Judge Wang's conclusion that this negligence did not "rise to the level of being 'so stunningly derelict as to evince intentionality,'" in the absence of firm evidence that Fashion Exchange deleted the documents purposely, was not error. (ECF No. 348 at 10.)

#### b. *Intent to Deprive*

Magistrate Judge Wang's decision not to infer that Fashion Exchange intended to deprive defendants of the use of the financial documents was also not clearly erroneous. (*See* ECF No. 352 at 14, 18-19.)

8

An intent to deprive the opposing party of the use of documents may be inferred from the party's failure to preserve documents, even when the party that lost the documents established a credible explanation of destruction. *See Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 431 (W.D.N.Y. 2017). Courts in this Circuit have held that where a party has significantly failed in its obligation to preserve and collect documents, it is appropriate to infer intent to deprive. *See, e.g., Ottoson v. SMBC Leasing & Fin. Corp.*, 268 F. Supp. 3d 570, 582-84 (S.D.N.Y. 2017).

Here, reasonable minds could differ as to the inferences to draw from Fashion Exchange's actions. While Fashion Exchange was "lackadaisical" and irresponsible in its discovery obligations, *see* ECF No. 348 at 11-12, without evidence of affirmative conduct that Fashion Exchange deliberately disposed of its documents, Magistrate Judge Wang made the reasonable conclusion that Rule 37(e)(2) sanctions were unwarranted. *Cf. Moody*, 271 F. Supp. 3d at 431-32 (finding an intent to deprive where defendants, "knowing they had a duty to preserve [] event recorder data[,] allowed the original data on the event recorder to be overwritten, and destroyed or recycled . . . without ever confirming that the data had been preserved in another repository").

### c. *Prejudice*

Defendants have not been unfairly prejudiced by Magistrate Judge Wang's refusal to impose Rule 37(e)(2) sanctions on Fashion Exchange.

As the Second Circuit has explained with respect to sanctions, "[i]t is axiomatic that a court may not punish without finding misconduct that merits the punishment" and "[b]efore imposing any such sanction, the court would need to make findings that justified the sanction." *Mali v. Federal Ins. Co.*, 720 F.3d 387, 392-93 (2d Cir. 2013). Magistrate Judge Wang found that Fashion Exchange acted inappropriately but did not find evidence that it deliberately destroyed its financial documents.

With respect to their request for a mandatory adverse inference, Magistrate Judge Wang already imposed the least harsh sanction that she believed would provide an adequate remedy for Fashion Exchange's misdeeds. Defendants will have the opportunity "to present evidence at trial regarding the [alleged] spoliation of damages-related ESI [i.e. financial documents]." (ECF No. 348 at 14.)

Defendants request that the Court preclude Fashion Exchange's witnesses from testifying to its lost profits or royalties is also uncalled for. "'[P]reclusion is an extreme sanction and, before ordering preclusion, a court must consider less extreme sanctions." *Jalal v. Shanahan*, No. 16-CV-281, 2017 WL 11504809, at *3 (E.D.N.Y. Dec. 1, 2017) (internal quotation marks omitted) (quoting *Charles v. Cty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015)). At trial, defendants will have the opportunity to cross-examine any witnesses who testify about Fashion Exchange's lost profits or royalties, in addition to

9

presenting evidence regarding its lost ESI. It is unnecessary to prevent Fashion Exchange from calling any witnesses to testify about the firm's lost profits and royalties.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to modify or set aside Judge Wang's orders pursuant to Federal Rule of Civil Procedure 72(a).

Dated: New York, New York
March 29, 2021

SO ORDERED

*[signature]*

SIDNEY H. STEIN
U.S.D.J.