UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THE FASHION EXCHANGE LLC,

                Plaintiff,

     v.

HYBRID PROMOTIONS, LLC, *ET AL.*,

                Defendants.

---------------------------------------------------------------

14-Cv-1254 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    In late 2019, Magistrate Judge Ona Wang, in a detailed Opinion and Order, determined that plaintiff The Fashion Exchange ("TFE") and its counsel should be jointly and severally sanctioned for a lengthy series of substantial discovery failures, including failing to respond to discovery requests, failing to produce documents reflecting royalties received, and propounding conflicting explanations of how and why critical data was allegedly lost. She also set forth plaintiff's counsel's specific and repeated misrepresentations to the Court regarding discovery. (Opinion and Order, ECF No. 348 at 14-15, 16-17, 18.).

    In that same Opinion and Order, Judge Wang denied defendants' request for more severe sanctions, including dismissal of the litigation and preclusion of any damages-related evidence. (*Id.* at 10-12.) She did not award a specific amount of monetary damages, subject to receiving further information from the parties. (Opinion and Order, ECF No. 348.) When she subsequently awarded a specific amount, she carefully parsed the parties' submissions and awarded defendants $95,684.85 in attorneys' fees. (Opinion and Order, ECF No. 400 at 2.) This Court later approved the sanctions, finding that plaintiff and its counsel had received fair notice that they might be sanctioned; that defendants had established the existence of the financial documents that plaintiff had failed to produce; that defendants were prejudiced by the loss of those financial records; and that sanctions against plaintiff's counsel were appropriate. (Opinion and Order, ECF No. 408 at 5-9.) However, this Court did not specifically rule on the amount of the sanction Judge Wang ordered plaintiff to pay. (*See* ECF No. 408; Plaintiff's Objections, ECF No. 360.) Judge Wang stayed the requirement that plaintiff pay the sanction until this Court's determination of the amount of the sanctions. (Order, ECF No. 418.)

    According to Federal Rule of Civil Procedure 72, a district court may modify or set aside any part of an order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Judge Wang imposed joint and several liability on plaintiff and its counsel, finding that TFE was grossly negligent in failing to preserve the documents relevant to its damages

-2-

claim and that Zarin acted with "willful disregard in ensuring that discovery obligations were being met and accurately conveying the status of such to [d]efendants and the Court." (ECF No. 348 at 16, 20.) This Court does not find that the award of $95,684.85 is clearly erroneous, and therefore upholds it.

This Court, having ruled on the objections to Magistrate Judge Wang's sanctions order, lifts the stay on payment of the attorney's fees sanction and plaintiff and its counsel are directed to pay the sanction or post a bond as security on or before Friday, September 23, 2022. *See* Local Civ. R. 54.2; *Cruz v. Am. Broad. Cos. Inc.*, No. 17-cv-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017).

Dated:   New York, New York
         August 26, 2022

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.