UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

THE FASHION EXCHANGE LLC,

                    Plaintiff,

v.

HYBRID PROMOTIONS, LLC, *ET AL.*,

                    Defendants.

14-Cv-1254 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

     On August 19, 2022, plaintiff filed 1) a renewed motion for summary judgment on the issues of laches and ownership, (ECF No. 423), and 2) a motion for summary judgment on likelihood of confusion and liability. (ECF No. 425.) Four days later, defendants filed a motion to strike both of plaintiff's motions. (ECF No. 430.) The following day, this Court ordered a stay on briefing of plaintiff's motions, (ECF No. 432), which was lifted as to plaintiff's motion for summary judgment on likelihood of confusion and liability by Magistrate Judge Wang on November 9. (ECF No. 447.) The Court now denies plaintiff's motion for summary judgment to the extent it is seeking judgment on the issue of laches, and grants in part and denies in part defendants' motion to strike.

     In September of 2015, defendants had moved for summary judgment on their laches defense, as well as on superiority of their rights to use the mark over plaintiff's rights. (ECF No. 153.) At that time, plaintiff cross-moved for summary judgment on defendants' counterclaims, which alleged that plaintiff defrauded the PTO and asserted defendants' ownership over the marks. (ECF No. 158.) This Court subsequently denied defendants' and plaintiff's motions, except to grant plaintiff's motion to dismiss the defendants' counterclaim of ownership over one of the marks that the Court found defendants had abandoned as a matter of law. (ECF No. 200.)

Plaintiff now seeks summary judgment barring defendants from asserting laches as a defense on the grounds that defendants have unclean hands, a claim which plaintiff alleges only recently arose with the defendants' September 2021 trademark application to the Patent and Trademark Office ("PTO"). (ECF No. 424 at 4-9.) This Court disagrees with plaintiff's characterization of defendants' PTO application as a "fraud-in-the-oath" warranting a finding of unclean hands as a matter of law. The plain text of 15 U.S.C. § 1051 requires an applicant to specify that the "person making the verification believes that he or she . . . [is] entitled to use the mark in commerce . . . [and] that, to the best of the verifier's knowledge and belief, no other person has the right to use such mark in commerce either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1051(b)(3)(A); (D). It is inaccurate to claim, as plaintiff does, that defendants "knew, indisputably, that plaintiff had rights to the mark and that those rights are superior to defendant's rights," (ECF No. 424 at 5); defendants have clearly disputed this characterization throughout this litigation and stated they believe in the superiority of their own rights, as evidenced by their conduct during this lawsuit.

Plaintiff has cited no law suggesting that a failure to disclose to the PTO *competing* claims to the mark constitutes fraud as a matter of law in intent-to-use applications.[1] In

---

[1] In the primary case cited by plaintiff, *Sofa Dr., Inc. v. New York Couch Dr., Inc.*, 2016 WL 951523 (E.D.N.Y. Mar. 9, 2016), the court denied a motion to dismiss defendants' counterclaim alleging "fraud-in-the-oath," holding that the defendants had adequately alleged plaintiff "knew" defendants had superior rights to the mark by alleging that defendants were a direct competitor of plaintiff in a niche market, operated in the same area, and that plaintiff was almost certainly aware of defendants' existence from plaintiff's inception. But the court itself acknowledged that defendants would still face a "heavy burden" to prove its case, because the USPTO oath "is phrased in terms of a subjective belief, such that it is difficult, if not impossible, to prove falsity and fraud so long as the affiant or declarant has an honestly held, good faith belief." *Id.* at *8. That court's holding did not equate to a finding that fraud-in-the-oath had been proven as a matter of law, as plaintiff asks this Court to do here. In another case cited by plaintiff, the court similarly found in denying a motion to dismiss only that the complaint "alleged sufficient facts, that if proven, would support an inference that when [defendant] filed the trademark applications, it knew of [plaintiff]'s superior rights," not that those facts alone proved as a matter of law that the defendant knew the plaintiff had superior rights. *Burnscraft Mfg. Corp. v. National Construction Rentals, Inc*, 2014 WL 1386300, at *5 (S.D. Tex. April 9, 2014).

Even if plaintiff had, as in the above cases, adequately alleged that the defendants defrauded the PTO sufficient to survive a motion to dismiss made by the opposing party, that is not the question now before the Court. This Court cannot at this juncture hold as a matter of law that defendants "knew" of plaintiff's superior rights such that they defrauded the PTO, therefore have unclean hands, and should be barred from asserting laches in the present suit.

Finally, in *Firehouse Restaurant Group, Inc. v. Scurmont LLC*, 2011 WL 4943889 (D.S.C. Oct. 17, 2011), the court held post-trial that it could not as a matter of law *overturn* a jury verdict of fraud on the PTO where the defendant had offered to pay the prior user of the mark for purposes of a coexistence

2

fact, "the statement of an applicant that no other person 'to the best of his knowledge' has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark if he feels that the rights of such others are not superior to his." *Yocum v. Covington*, 216 U.S.P.Q. 210, 216–17 (T.T.A.B. 1982). The Court therefore finds that plaintiff has not met its burden of showing that defendants' laches defense must be barred as a matter of law. Plaintiff's motion for summary judgment on the issue of laches is denied. Defendants' motion to strike is therefore denied as moot in part as to plaintiff's motion on laches.

The Court also found in 2017 that there were genuine disputes of material fact in the record such that plaintiff could not defeat defendants' counterclaim as to ownership of the marks as a matter of law. Specifically, the Court referred to the testimony of the CEOs of Hybrid Promotions, which was alleged by plaintiff to be fatally deficient because the witnesses could not recall specific products that bore the mark, specific retailers that sold those products, or the specific years during which they were sold. The Court held that "[a]lthough defendants do not refute these purported factual deficiencies, summary judgment is improper here because the deficiencies go to the credibility of the witnesses and are issues for the fact-finder to resolve." (ECF No. 202-1, H'rg Tr. 31-32.) Plaintiff now again seeks a finding that defendants lack ownership rights as a matter of law on "renewal" of its previous motion.

"A party may renew its motion for summary judgment *as long as it is supported by new material.*" *Wechsler v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 514 (S.D.N.Y. 2002) (emphasis added). Plaintiff asserts that since this Court's 2017 holding, defendants were served with a second round of discovery requests, and have produced nothing further pursuant to those requests to support their claims of ownership. (ECF No. 424 at 13-15.) This assertion changes nothing relative to the still-existing evidence that this Court already found presented genuine issues of material fact precluding summary judgment, and does not warrant reconsideration of defendants' ownership as a matter of law. The need for the trier of fact to evaluate the competing facts asserted by the contending parties on the issue of ownership remains the same. Defendants' motion to strike is therefore granted in part as to plaintiff's renewed motion for summary judgment on ownership for its redundancy, with prejudice.

---

agreement after the defendant's PTO application, thereby acknowledging the plaintiff's superior claim to the mark. *Id.* at *5. On that basis, *inter alia*, the court held a reasonable jury could have found by clear and convincing evidence that the defendant had committed fraud on the PTO. *Id.* That posture is far different from this, in which plaintiff seeks to bar a jury from ever determining this issue. And in *City of New York v. Tavern on the Green, L.P.*, 427 B.R. 233, 243 (S.D.N.Y. 2010), the court granted summary judgment on the plaintiff's assertion of fraud because the defendant had misled the PTO about its agreement to license the mark from plaintiff, which evidenced defendant's knowledge of the plaintiff's ownership and therefore defendant's unclean hands. No such agreement exists here.

Briefing on 1) plaintiff's motion for summary judgment as to likelihood of confusion and liability, (ECF No. 425), and 2) defendants' cross-motion for summary judgment, (ECF No. 450), will proceed as set forth in Magistrate Judge Wang's November 9 order. (ECF No. 447.) Pursuant to that schedule, the briefing on these motions will conclude on February 17, 2023. There will be no extension of that schedule.

Defendants' motion to strike is therefore denied in part as to plaintiff's motion for summary judgment on likelihood of confusion and liability.

Dated: New York, New York
December 30, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.