UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE FASHION EXCHANGE, | 14-CV-1254 (SHS) |
| Plaintiff, | |
| v. | ORDER |
| HYBRID PROMOTIONS et al., | |
| Defendants. | |

SIDNEY H. STEIN, U.S. District Judge.

    On September 29, 2022, this Court granted partial summary judgment to defendants on plaintiff The Fashion Exchange ("TFE")'s claims for monetary relief and unfair competition. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2022 WL 4554480 (S.D.N.Y. Sept. 29, 2022). Specifically, this Court held *inter alia* that defendants did not willfully infringe plaintiff's marks as a matter of law, and because no other equitable factors support a disgorgement of profits, plaintiff may not recover defendants' profits in this lawsuit. *Id.* at *5-6. Plaintiff now asks this Court to reconsider its decision to grant summary judgment as to disgorgement of defendants' profits. (ECF No. 442.)

    TFE asserts that 1) the Court erred by relying on a determination that defendants did not act in "bad faith" in order to find that they did not act willfully; 2) in light of new evidence, the Court should reconsider its finding that defendants did not act willfully as a matter of law; and 3) plaintiff should be permitted to brief the Court on the other equitable factors that might justify an award of defendants' profits. (ECF No. 443.) The Court disagrees and therefore denies plaintiff's motion for reconsideration.

    Pursuant to Local Rule 6.3, "[a] motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Reconsideration will generally be denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Brown v. New York City Dep't of Educ.*, No. 10-cv-5023 (SHS), 2011 WL 13383431, at *1 (S.D.N.Y. Oct. 4, 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[T]he legal standard must be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Id.* (quoting *Hoffenberg v. Hoffman & Pollok*, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003)).

None of the grounds proposed by plaintiff alter the conclusion reached by the Court.

## I. Defendants' conduct is not willful as a matter of law.

Plaintiff asserts that even if defendants' conduct does not rise to the level of "bad faith," this Court may still find that defendants' conduct was willful infringement justifying the disgorgement of defendants' profits if it was the result of "reckless disregard . . . or willful blindness.'" *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 210 (2d Cir. 2019) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)). The Court agrees. However, the Court finds that defendants did not recklessly disregard plaintiff's allegedly superior rights to the disputed marks, nor were they willfully blind to those alleged rights, for the same reasons set forth in the Court's September 29 Opinion and Order. *Fashion Exch. LLC*, No. 14-cv-1254, 2022 WL 4554480, at *5-6. Moreover, "[a] defendant might decline to halt sales of a challenged product in a manner consistent with non-willful infringement, if careful due diligence in response to an infringement claim leads it to believe reasonably that it has not infringed[,]" *4 Pillar Dynasty LLC*, 933 F.3d at 210, and plaintiff has not presented evidence suggesting that due diligence was not conducted in response to plaintiff's infringement claims.[1]

The cases invoked by TFE to suggest otherwise either cite the continued use of a disputed mark together with other facts or circumstances that are much more suggestive of willful infringement than the evidence presented here, or are wholly inapposite. *See, e.g., Diesel S.p.A. v. Diesel Power Gear, LLC*, 19-cv-9308, 2022 WL 956223, at *19 (S.D.N.Y. March 30, 2022) (plaintiff's marks had been registered for 25 years prior to defendant's first use and many were designated incontestable); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 751 (2d Cir. 1996) (defendant marketed its product as using "authentic details *taken from* the sport of competitive sailing" and "elements and patterns *taken directly from* actual racing sails.") (emphasis added); *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 257 F. Supp. 3d 611, 621 (S.D.N.Y. 2017) (finding "no evidence in the record that defendants took any steps to determine whether its use of the [disputed] mark was infringing plaintiffs' [] mark" and that "defendants did not take this litigation—and its assertion of blatant infringement—very seriously until the eve of trial."); *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 253 (2d Cir. 1992) (defendant's infringing product was "identical" to plaintiff's, being sold one block from plaintiff's, and defendant continued to sell the product after its attorney represented it would cease doing so).

The "new evidence" presented by plaintiff – that in 2021, defendants began selling apparel with one of the disputed marks on Amazon, and that in 2022, defendants'

---

[1] Indeed, plaintiff admitted in response to defendants' Rule 56.1 statement that years before this infringement action commenced, Hybrid's President and CFO consulted with Hybrid's attorneys following the PTO's 2011 office action and continued use of the marks because they "believed Hybrid had a strong case" to get plaintiff's registration canceled. (*Compare* ECF No. 384, ¶ 25 *with* ECF No. 379, ¶ 25.)

trademark registration application for use of that mark was denied but they continued to use it (ECF No. 443 at 12) – does not affect the Court's conclusion. *See Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 729 (E.D.N.Y. 2018) (noting of the USPTO that "[a]n administrative agency's finding of a likelihood of confusion for registration purposes does not necessarily mean that a likelihood of confusion has been established for infringement purposes.").

## II. Additional briefing would not alter the Court's conclusion.

During briefing on the defendants' motion for summary judgment, the U.S. Supreme Court held in *Romag Fasteners* that willfulness is not an "inflexible precondition" to recovery of defendants' profits in a trademark infringement suit, but maintained that "a trademark defendant's mental state is a highly important consideration" in determining whether an award of profits is available to the plaintiff. *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). Analyses by lower courts since then have relied upon the defendants' mental state in addition to other equitable factors, including "(1) the degree of certainty that the defendant benefited from the unlawful conduct; (2) the availability and adequacy of other remedies; (3) the role of a particular defendant in effectuating the infringement; (4) any delay by the plaintiff; and (5) plaintiff's clean (or unclean) hands." *Romag Fasteners, Inc. v. Fossil, Inc.*, No. 3:10CV1827 (JBA), 2021 WL 1700695, at *2 (D. Conn. Apr. 29, 2021) (citing *4 Pillar*, 933 F.3d at 214).

The Second Circuit has long held that a finding of willfulness "may not be sufficient" to award profits, because "[w]hile under certain circumstances, the egregiousness of the fraud may, of its own, justify an accounting . . . generally, there are other factors to be considered." *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1540 (2d Cir. 1992) (listing the factors above). "The district court's discretion lies in assessing the relative importance of these factors and determining whether, on the whole, the equities weigh in favor of an accounting." *Id.* The Court in its September 29 decision ultimately "assess[ed] the relative importance" of all of the relevant factors – including the mental state of defendants, which was thoroughly briefed by both defendants and plaintiff – and determined that the equities do not weigh in favor of an accounting for profits. *Fashion Exch.*, No. 14-cv-1254, 2022 WL 4554480, at *5-6.

Even if, as plaintiff asserts, these circumstances were properly characterized as "judgment independent of the motion . . . on grounds not raised by a party" for which notice was not provided under Federal Rule of Civil Procedure 56(f), "when there is no indication that the party against whom summary judgment would be entered could present evidence that would affect the summary judgment determination," the Court may grant summary judgment "notice-free" and *sua sponte*. *ING Bank N.V. v. M/V Temara, IMO NO. 9333929*, 892 F.3d 511, 524 (2d Cir. 2018); *see also Medacist Sols. Grp., LLC v. CareFusion Sols., LLC*, No. 19-CV-1309, 2021 WL 293568, at *4 (S.D.N.Y. Jan. 28, 2021) (quoting *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000)) ("[w]here it appears clearly upon the

3

record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law.").

The Court finds that additional briefing on the equitable factors is not warranted. Plaintiff offers no evidence in its motion for reconsideration to suggest a material dispute of fact exists that would alter this Court's conclusion. Instead, plaintiff baldly speculates that more evidence from an expert and from the remaining 32 Retailer Defendants regarding the equitable factors of 1) the "degree of certainty that defendant benefitted from its infringement" and 2) "availability and adequacy of other remedies" might possibly weight these factors in its favor. (ECF No. 443 at 18.) However, discovery has closed. (ECF Nos. 416, 447.) TFE admits that it does not have sufficient evidence to justify disgorgement of profits unless it is afforded additional discovery when it states that "any adjudication of whether 'equitable factors' justify an award of Defendants' profits is premature until expert discovery and Retailer Defendants' discovery is complete."[2] (ECF No. 443 at 18.) Again, discovery *is* complete.

Accordingly, because discovery has already closed and there is no basis in this record to order additional speculative and extensive discovery proceedings in this already protracted litigation, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's September 29, 2022 Opinion and Order (ECF No. 442) is denied with prejudice.

Dated: New York, New York
January 24, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

---

[2] Plaintiff also states in a footnote that it is premature to dispose of the question of whether it can recover defendants' profits before adjudication of defendants' liability and likelihood of confusion, (ECF No. 443 at 18 n.7), but summary judgment on entitlement to damages in an infringement action may be appropriate even before a liability determination. *See Guthrie Healthcare Sys. v. ContextMedia, Inc.*, No. 12-cv-7992, 2014 WL 185222, at *5 (S.D.N.Y. Jan. 16, 2014) ("Accordingly, even if plaintiff can establish liability as to any or even all of its §§ 1114 and 1125(a) Lanham Act claims, it has not raised a triable issue as to its entitlement to its damages or defendants' costs. Summary judgment on this issue is therefore appropriate.")

4