UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FASHION EXCHANGE LLC,

                Plaintiff,

      v.

HYBRID PROMOTIONS, LLC, *ET AL.*,

                Defendants.

14-Cv-1254 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendants have moved for an award of the attorney's fees and costs they incurred in defending this action since its inception a decade ago. (*See* ECF No. 473.) Plaintiff has neither opposed nor otherwise responded to the motion.

## I. BACKGROUND

    On February 26, 2014, plaintiff The Fashion Exchange ("TFE") brought claims of trademark infringement and unfair competition against Hybrid Promotions, its owners Jarrod and Gavin Dogan, and over forty retailers of Hybrid's products, including many major national retailers. (ECF No. 2.) Within the first months of the litigation, TFE voluntarily dismissed sixteen of the retailer-defendants. (*See* ECF Nos. 9, 16, 35-47, 53.) Over the next two years, TFE twice amended its complaint. (ECF Nos. 21, 134.) Hybrid asserted several affirmative defenses and counterclaims, including for a declaratory judgment as to the superiority of its rights in the marks at issue. (ECF No. 135.)

    Extensive motion practice and discovery proceedings followed over the next several years, including multiple motions for summary judgment. Nearly nine years ago, in September of 2015, the parties cross-moved for summary judgment, but issues of fact precluded the Court from granting either motion. (*See* ECF No. 202-1.)

    Five years later, defendants moved for summary judgment on trademark infringement damages and plaintiff's unfair competition claim. (ECF No. 380.) The Court granted this motion, dismissing these claims. *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2022 WL 4554480 (S.D.N.Y. Sept. 29, 2022) (ECF No. 440).

    Around the same time, TFE renewed its prior motion as to the issue of ownership and defendants' defense of laches. (ECF No. 423.) The Court denied the motion on the issue of laches, and struck plaintiff's motion as to ownership, as the circumstances leading to its prior denial of plaintiff's motion on the same issue five years earlier had not changed. *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2022 WL 18027619 (S.D.N.Y. Dec. 30, 2022) (ECF No. 454). TFE also moved for summary judgment on the issues of likelihood of

confusion and liability (ECF No. 425) and defendants cross-moved on the same issues. (ECF No. 450.) The Court granted defendants' motion, dismissing those of plaintiff's claims that had survived the prior motions. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 697 F. Supp. 3d 86 (S.D.N.Y. 2023) (ECF No. 471). Defendants then made this motion for their attorney's fees and costs. (ECF No. 473.)

Four days later, counsel for plaintiff, Scott Zarin, Esq., moved to withdraw as counsel on the grounds that TFE had not been paying his invoices and had been refusing to communicate with him. (ECF No. 476.) On November 2, 2023, the Court granted Zarin's motion (ECF No. 482) and one month later, Shapiro & Associates, PLLC filed its appearance in this Court on behalf of plaintiff. (ECF No. 488.)

On October 30, 2023, plaintiff filed an appeal to the United States Court of Appeals for the Second Circuit, seeking review of ten separate orders that this Court had entered during the course of the litigation. (ECF No. 480.) Nine months later, the appeal was dismissed on the ground that TFE's counsel had withdrawn and no new counsel had appeared for it in the Second Circuit. (ECF No. 490.)

Less than a week later, Shapiro & Associates moved to be relieved as counsel for plaintiff in this action "[d]ue to an outstanding legal fee issue and irretrievable breakdown of attorney-client relationship." (ECF No. 493.) The Court granted that motion, giving TFE thirty days in which to retain new counsel. (ECF No. 497.) That time period has expired and no one has entered an appearance in this Court on behalf of TFE.

## II. Discussion

Defendants premise their motion for attorney's fees on Federal Rule of Civil Procedure 54, which permits a party to move for attorney's fees and provides that the moving party "must specify . . . the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B).

Defendants contend they are entitled to an award of attorney's fees pursuant to the Lanham Act, 15 U.S.C. § 1117, and 28 U.S.C. § 1927.

### A. Attorney's Fees Under the Lanham Act (15 U.S.C. § 1117)

The Lanham Act provides that the Court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). "Whether to award attorney fees, and the amount of any award, are matters that fall within the discretion of the district court." *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992).

#### 1. *Defendants Are the Prevailing Parties in this Litigation.*

"A party who 'secure[s] a judgement on the merits or a court-ordered consent decree' is a 'prevailing party.'" *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S.

2

598, 600 (2001)). A party also prevails when there is a "material alteration of the legal relationship of the parties" and "any action so dismissed could not be brought again." *Id.* at 165 (citations omitted). Whether defendants are the prevailing parties in this litigation is an easy question: the Court has twice granted summary judgment in favor of defendants, including on an essential element of plaintiff's claims—likelihood of confusion. (*See* ECF Nos. 440, 471.) TFE has no remaining claims and judgment has been entered in favor of defendants. (*See* ECF No. 472.) Accordingly, defendants are properly the prevailing parties for purposes of 15 U.S.C. § 1117(a).

### 2. This Is an Exceptional Case.

"An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). *See also Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir. 2018) (applying *Octane Fitness* to the Lanham Act).

"[M]ost post-*Octane* cases awarding fees continue to involve substantial litigation misconduct." *Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.*, 2023 WL 3815276, at *3 (S.D.N.Y. June 5, 2023) (quoting *Hockeyline Inc v. STATS LLC*, 2017 WL 1743022, at *5 (S.D.N.Y. Apr. 27, 2017)). *See also Am. Exch. Time LLC v. Tissot S.A.*, 2022 WL 17414348, at *5 (S.D.N.Y. Dec. 5, 2022) (litigation conduct "resulted in an enormous waste of the Court's time and resources, and has incurred substantial expense on [p]laintiff"); *Cognex Corp. v. Microscan Sys., Inc.*, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (same). In *Focus Products*, the court concluded the case was exceptional based on, *inter alia*, defendants' failure to produce financial information in the face of court orders, counsel's misrepresentations to the court and defendants "flout[ing] prior court rulings, requiring the Court (and plaintiffs) to revisit these issues." 2023 WL 3815276, at *3.

Here, defendants base their motion on the unreasonable conduct of both plaintiff and its counsel, Scott Zarin, throughout this litigation. Indeed, both TFE and Zarin have already been sanctioned in this matter. In 2019, Magistrate Judge Ona Wang sanctioned Zarin for obstructing a court-ordered Rule 30(b)(6) deposition. *See Fashion Exch. LLC v. Hybrid Promotions*, 333 F.R.D. 302 (S.D.N.Y. 2019) (ECF No. 333). Specifically, Zarin made repeated, improper speaking objections and instructions to the witness to not answer questions, which "unnecessarily extended the length of [p]laintiff's first 30(b)(6) deposition and

seriously disrupted [d]efendants' ability to obtain testimony from [p]laintiff." (*Id.* at 4-10.) As such, Judge Wang held that plaintiff and Zarin were jointly and severally liable for half of defendants' fees and costs incurred in taking the deposition and filing their sanctions motion. (*Id.* at 13.)

Three months later, Judge Wang again sanctioned both plaintiff and Zarin for failing to preserve financial documents concerning royalties. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 2019 WL 6838672 (S.D.N.Y. Dec. 16, 2019) (ECF No. 348). Previously, in June of 2018, the magistrate judge had ordered plaintiff to produce these documents; more than a month later, Zarin represented to the Court that any outstanding production would be made by August 24, 2018, but TFE failed to meet that deadline. (*Id.* at 16-17.) Instead, in late September, plaintiff produced simply a quarter-page summary of the royalty data at issue. (*Id.* at 17.) Zarin then represented to the Court that plaintiff would produce the underlying data, but TFE again failed to do so. (*Id.*) On October 4, 2018, Zarin announced for the first time that the underlying royalty data used to create the summary document had been lost due to unspecified "computer issues." (*Id. See also* ECF No. 264 at 9.) This led to additional discovery proceedings and depositions, stretching over three months. (*See* ECF No. 348 at 17.) Judge Wang concluded that TFE had "engaged in a pattern of failing to take its discovery obligations seriously, creating the need for a number of letter motions and conferences." (*Id.*)

As to Zarin specifically, Judge Wang determined that he acted with "willful disregard in ensuring that discovery obligations were being met and accurately conveying the status of such to [d]efendants and the Court." (*Id.* at 20.) In reaching that conclusion, she emphasized there was no evidence to suggest that Zarin made any effort to ensure that documents were preserved or that a litigation hold was imposed at any time since initiating this action a decade prior. (*Id.* at 18.) To the contrary, the record suggested that Zarin did not seek the royalty data from his client, records that would be necessary to substantiate its claims for monetary relief, for over five years, well before any computer issue occurred. (*Id.* at 19.) Judge Wang once again held TFE and Zarin jointly and severally liable for defendants' fees related to seeking the royalty records. (*See id.* at 20-21.)

An examination of the record reveals additional litigation misconduct beyond the conduct at issue in the two sanctions orders described above. *First*, as defendants point out, TFE has filed at least eight motions seeking reconsideration or otherwise objecting to court orders—including, most strikingly, a motion to reconsider the denial of a motion to reconsider. (*See* ECF Nos. 239, 262, 308, 346, 351, 403, 442, 466.) This conduct led both Judge Wang and this Court to warn plaintiff and Zarin that additional sanctions were a possibility. (*See* ECF No. 307 (after magistrate judge ruled on motion that plaintiff insisted was merely a request to make a motion and not a motion itself, magistrate permitted a motion for reconsideration, noting that if the "Motion for Reconsideration is not substantially justified, the Court will consider awarding or apportioning reasonable

4

expenses under Federal Rule of Civil Procedure 37(a)(5)(A)-(C)"); ECF No. 469 (after denying plaintiff's motion for reconsideration of the Court's ruling on its prior motion for reconsideration, "[t]he Court caution[ed] Mr. Zarin that he is at risk of being sanctioned pursuant to 28 U.S.C. § 1927 if he continues to 'multiply the proceedings . . . unreasonably and vexatiously'").) Notably, plaintiff continued to file motions to reconsider after Judge Wang's warning.

*Second*, defendants contend that TFE unnecessarily involved many third-party retailers in discovery. As noted above, plaintiff brought suit against more than forty retailer-defendants. Sixteen of those retailers were voluntarily dismissed in the infancy of the litigation. (*See* ECF Nos. 9, 16, 35-47, 53.) Although this Court limited discovery to, *inter alia*, a group of eight retailers (ECF No. 215), in June of 2018, TFE issued subpoenas to twenty-three retailers, many of whom had already been dismissed from this action. (*See* ECF No. 233.) The following day, Judge Wang quashed the subpoenas and directed TFE to show cause as to why service of these subpoenas did not violate this Court's prior order. (ECF No. 234.) After hearing from Zarin, Judge Wang concluded that issuing the subpoenas constituted an improper attempt to broaden discovery beyond the Court's order. (*See* ECF No. 249 at 54:21-55:2.)

*Third*, defendants assert that TFE failed to produce any evidence of essential elements of its claims. Plaintiff's lack of evidence was made clear in this Court's summary judgment opinions. (*See* ECF No. 440 at 6-7; ECF No. 471 at 9, 14-15.) As to actual confusion, plaintiff did put forth *some* evidence, albeit it was "largely inadmissible hearsay" (ECF No. 440 at 6) and "at the very best *de minimis*." (ECF No. 471 at 15.) TFE similarly failed to offer even a "scintilla of evidence that Hybrid intended to deceive consumers." (ECF No. 440 at 7.) Ultimately, TFE presented "zero credible evidence" to show its marks' acquired distinctiveness in the marketplace and "failed completely" to show actual confusion. (ECF No. 471 at 9, 14.)

*Fourth*, this Court also chastised plaintiff for "blatantly misread[ing] circuit precedent" to argue that actual confusion is not necessary for a damages award under the Lanham Act. (ECF No. 440 at 5.)

*Finally*, the need for deterrence counsels in favor of awarding fees, both to deter TFE from similar conduct in the future and also to deter other litigants as well. This case has needlessly taxed the Court's and defendants' resources for ten years, in large part due to plaintiff drawing out discovery and repeatedly seeking reconsideration of Court orders.

In sum, the above behavior provides ample evidence of "the unreasonable manner in which the case was litigated." *See Octane Fitness*, 572 U.S. at 554.

### B.  Attorney's Fees Under 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Specifically, the Second Circuit requires that "an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." *Id. See also Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz*, 374 F.3d 158, 180 (2d Cir. 2004) ("[A]n award under § 1927 is proper only 'when there is a finding of conduct constituting or akin to bad faith.'")). "A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (citation omitted). The Second Circuit has clarified, however, that "poor legal judgment" is not enough to impute bad faith. *See Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 340 (2d Cir. 1999); *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000).

While Zarin's conduct has been unreasonable in this litigation, the Court is loath to determine that his conduct was undertaken in bad faith. When assessing Zarin's deposition conduct, Judge Wang noted that Zarin's repeated improper objections and instructions to the witness, "while inappropriate," did "not reflect a clear showing of bad faith such that [§ 1927] sanctions are warranted." (ECF No. 333 at 13.) And when addressing plaintiff's purported loss of evidence, she did not find an intent to deprive. (ECF No. 348 at 10.) She did, however, acknowledge that Zarin had "failed to grasp the scope of his client's discovery obligations" "[t]hroughout this litigation," calling Zarin's approach "lackadaisical" and noting that the "degree of negligence and/or incompetence in discovery displayed by [p]laintiff in this suit is stunning." (*Id.* at 10-11.) But "negligence and/or incompetence" is not the equivalent of acting in bad faith.

### III.  CONCLUSION

Defendants' motion for attorney's fees and costs is granted pursuant to 15 U.S.C. § 1117(a), on the grounds that defendants are the prevailing parties and this is an exceptional case due to the unreasonable manner in which TFE and its counsel litigated it.

Having determined that defendants are entitled to recover their reasonable fees and costs, defendants are directed to submit an application for the Court to set the amount of the fee award. This application is to be supported by contemporaneous time records setting forth the basis for the amount sought and shall be submitted on or before December 2, 2024.

Defendants shall serve a copy of this Order upon TFE by certified mail on or before September 27, 2024.

Dated: New York, New York
       September 20, 2024

                        SO ORDERED:

                        *[signature]*

                        Sidney H. Stein, U.S.D.J.