UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FASHION EXCHANGE LLC,

                Plaintiff,

    v.

HYBRID PROMOTIONS, LLC, ET AL.,

                Defendants.

14-cv-1254 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    In September, 2024, following the Court's grant of summary judgment in defendants' favor, the Court granted defendants' motion for the attorney's fees and costs they had incurred in defending this decade-old action and directed defendants to submit an application for the Court to set the amount of the fee award. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2024 WL 4250359, at *5 (S.D.N.Y. Sep. 20, 2024). In response, defendants now seek an award of $1,159,166.12 from plaintiff The Fashion Exchange, LLC ("TFE"). (ECF No. 502.) As with defendants' motion for attorney's fees, TFE has neither opposed nor otherwise responded to the application. As set forth below, the Court awards defendants and their counsel, Tarter Krinsky & Drogin ("TKD") $1,099,146.45 in attorney's fees but denies defendants' application for costs.

I. **BACKGROUND**

    The history of this litigation is detailed in the Court's Opinion granting defendants' motion for attorney's fees. *Fashion Exch.*, 2024 WL 4250359, at *1–2. Over the course of the litigation, as the parties engaged in extensive motion practice and discovery proceedings, plaintiff made multiple motions for summary judgment, and at least eight motions seeking reconsideration or otherwise objecting to a court order—including, most strikingly, a motion to reconsider the denial of a motion to reconsider. (*See* ECF Nos. 239, 262, 308, 346, 351, 403, 442, 466.) In the process, plaintiff and its erstwhile counsel, Scott Zarin, Esq., were twice sanctioned by Magistrate Judge Ona T. Wang, first for obstructing a court-ordered Rule 30(b)(6) deposition, *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 333 F.R.D. 302 (S.D.N.Y. Sep. 26, 2019), and then for failing to preserve financial documents concerning royalties. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2019 WL 6838672 (S.D.N.Y. Dec. 16, 2019). At

other times, this Court warned plaintiff and Zarin that further sanctions were a possibility if he continued to multiply the proceedings unreasonably and vexatiously. *See Fashion Exch.*, 2024 WL 4250359, at *3.

Ultimately, the Court granted summary judgment in favor of defendants and dismissed all of plaintiff's remaining claims. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 697 F. Supp. 3d 86, 112 (S.D.N.Y. 2023), *appeal dismissed*, No. 23-7653, 2024 WL 4751743 (2d Cir. July 11, 2024). This motion for attorney's fees and costs followed. Plaintiff did not oppose or otherwise respond to the motion. In fact, four days after the motion for attorney's fees was filed, Zarin moved to withdraw as counsel for TFE. (ECF No. 476.) Following a short-lived appearance by new counsel (*see* ECF No. 497), no attorney has entered an appearance in this Court on behalf of TFE.

As noted above, in the fall of 2024, the Court granted defendants' motion for attorney's fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a), concluding that defendants were the prevailing parties in this litigation and that the case was "exceptional" due to "the unreasonable manner in which the case was litigated." *Fashion Exch.*, 2024 WL 4250359, at *2 (quoting *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

The Court then directed defendants "to submit an application for the Court to set the amount of the fee award . . . to be supported by contemporaneous time records setting forth the basis for the amount sought." *Id.* at *5. Defendants subsequently did so (ECF Nos. 502, 503) and also served a copy of their application on TFE. (ECF No. 505.) As of today, TFE has not responded to the motion and no attorney has filed a notice of appearance on its behalf.

## II. ATTORNEY'S FEE ANALYSIS

### A. Legal Standard

Even though defendants' fee application is uncontested, the Court will nevertheless assess the reasonableness of the request. *See, e.g., Holiday Park Drive, LLC v. Newist Corp.*, No. 23-cv-2623, 2024 WL 4802751, at *6–11 (E.D.N.Y. Nov. 15, 2024); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09-cv-8665, 2010 WL 5538552, at *2–6 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).

"Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010); *see, e.g., Jung v. Neschis*, No. 01-cv-6993, 2008 WL 2414310, at *2 (S.D.N.Y. June 13, 2008) ("Courts have wide latitude in determining what constitutes reasonable attorneys' fees."); *Gym Door Repairs, Inc. v. Total Gym Repairs*, No. 15-cv-4244, 2023 WL 6519626, at

\*7 (S.D.N.Y. Mar. 31, 2023), *report and recommendation adopted sub nom. Gym Door Repairs v. Total Gym Repairs*, 2023 WL 6390156 (S.D.N.Y. Sep. 29, 2023).

On the one hand, the United States Court of Appeals for the Second Circuit has explained that "this discretion is not unfettered, and when a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by this Court and the Supreme Court." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). It is "essential that the judge provide a reasonably specific explanation for all aspects of a fee determination," *Perdue*, 559 U.S. at 558. These procedural requirements include the calculation of a "lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case," *Millea*, 658 F.3d at 166, which creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue*, 559 U.S. at 552; *Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended yielding a presumptively reasonable fee). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." *Millea*, 658 F.3d at 166.

On the other hand, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### B.  Calculation of Reasonable Rates

"A reasonable hourly rate is typically defined as the rate that a 'reasonable, paying client would be willing to pay.'" *McKeon Rolling Steel Door Co. v. U.S. Smoke & Fire Corp.*, No. 23-cv-8720, 2025 WL 405475, at \*2 (S.D.N.Y. Feb. 5, 2025) (quoting *Arbor Hill*, 522 F.3d at 184). The rates to which defendants' counsel's rates are to be compared are those of intellectual property lawyers in the Southern District of New York. *See, e.g., id.; Sillam v. Labaton Sucharow LLP*, No. 21-cv-6675, 2024 WL 3518521, at \*3 (S.D.N.Y. July 24, 2024).

Judge Wang has twice concluded in this action that the rates TKD charged for attorneys in this case were reasonable—once in 2019 and again in 2020. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2019 WL 5693374 (S.D.N.Y. Nov. 4, 2019); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-1254, 2020 WL 4750600 (S.D.N.Y. Aug. 17, 2020). Specifically, she determined that hourly rates of $580–$600 for work billed in 2018 and 2019 by Mark J. Rosenberg and $530 for Alan Tenenbaum were reasonable; both men were firm partners. She also concluded that $530 was a reasonable

3

rate for counsel Debra Bernstein and $450 was a reasonable rate for counsel Joel H. Rosner. *Fashion Exch.*, 2019 WL 5693374, at *1–2; *Fashion Exch.*, 2020 WL 4750600, at *2. She noted that these rates were "on the higher end for non-partners" but that "[a]ny concern . . . with a high hourly rate is offset by [d]efendants' counsel's discounting their fees by 10%," *Fashion Exch.*, 2019 WL 5693374, at *2, a courtesy provided TDK beginning in September 2016 to lower litigation costs. (*See* ECF No. 503 ¶ 12.).

Now, five years later, the rates charged by TKD in this action have increased as follows: Rosenberg's rate increased to $750 per hour; Rosner's, now a partner, increased to $605 per hour; Bernstein's increased to $570 per hour. (ECF No. 503 at 4–7.)[1]

Despite these increases, the Court concludes that the rates TKD requests in its application are within the range of acceptable rates in commercial matters in recent cases in the Southern District. *See, e.g.*, *Barbera v. Grailed, LLC*, No. 24-cv-3535, 2025 WL 1237413, at *3 (S.D.N.Y. Apr. 29, 2025) (holding in a copyright and trademark case that $775 was a reasonable rate for a partner and $517.50 was a reasonable rate for an associate); *Chosen Figure LLC v. Prabal Gurung, LLC*, No. 23-cv-8657, 2025 WL 752054, at *4 (S.D.N.Y. Mar. 10, 2025) (concluding that a rate of $712 for a partner and $446–490 for a partner-track attorney with experience at a firm in the New York market is reasonable). Defendants correctly note that courts in this district have awarded considerably more in some cases. (ECF No. 502 at 2 (citing cases).) *See, e.g.*, *Laba v. JBO Worldwide Supply Pty Ltd.*, No. 20-cv-3443, 2023 WL 4985290, at *14 (S.D.N.Y. July 19, 2023), *report and recommendation adopted*, 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024), *aff'd*, No. 24-cv-558, 2025 WL 323762 (2d Cir. Jan. 29, 2025). Thus, the Court concludes that the rates requested by TKD are reasonable with the following two exceptions:

First, the Court finds a rate of $150 per hour reasonable for TKD's paralegals, a reduction from the range of rates requested by TKD. Although Judge Wang approved a rate of $75 for paralegals in 2019 and 2020, *Fashion Exch.*, 2019 WL 5693374, at *2; *Fashion Exch.*, 2020 WL 4750600 at *2, TKD now applies for significantly higher billing rates for the nine paralegals that worked on this action ranging from $225 to $335 per hour, with essentially no justification and reference to the level of experience of only two of the nine. (ECF No. 503 at 16; *see also id.* ¶ 47.) In light of this, the Court concludes that a reduction to $150 is proper. *See Ji Li v. Ichiro Sushi, Inc.*, No. 14-cv-10242, 2022 WL 1137094, at *2 (S.D.N.Y. Apr. 16, 2022) ("A rate of $100 to $150 for paralegal work is standard."); *Barbera*, 2025 WL 1237413, at *3 (concluding that a reasonable rate for a paralegal was $200).

---

[1] The full list of attorneys involved at their various rates is set forth at ECF No. 503 at 4–7. The highest rate TKD seeks is Rosenberg's at $750 per hour. (*See id.*)

4

Second, the Court reduces the rate TKD seeks for law students. Courts in the Southern District have consistently concluded that "a reasonable rate for a law student is similar to rates of paralegals." *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612, 2024 WL 4288064, at *5 (S.D.N.Y. Sep. 25, 2024). *See also, e.g.*, *Frazier v. FCBC Cmty. Dev. Corp.*, No. 22-cv-5270, 2024 WL 3666372, at *8 (S.D.N.Y. Aug. 6, 2024); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-cv-5262, 2024 WL 3409278, at *8 (S.D.N.Y. July 15, 2024). Thus, the 33.4 hours billed by law students and temporary attorneys should similarly be reduced from the requested rates ranging from $215 to $260 per hour to $150 per hour.[2]

### C. Calculation of Reasonable Hours Expended

After determining the appropriate hourly rates, the Court must determine whether the number of hours billed was reasonable. Defendants' legal team at TKD billed more than 2,500 hours during this decade-long litigation. (ECF No. 503 ¶ 14.) The extensive motion practice, plaintiff's repeated requests for reconsideration, and the misconduct that led to Judge Wang's sanctions, all contributed to the number of hours defendants' attorneys were required to spend on this matter. To support this request, defendants have provided the Court with more than 200 pages of billing records, which indicate the dates, hours expended, and nature of the work completed by each attorney and staff member. (ECF Nos. 503 and 503-1.)

The Court has reviewed the materials TKD submitted in support of its application. The Court did not, however, scrutinize every time entry on more than 200 pages of billing records. That duty falls to plaintiff to oppose the motion, which it failed to do. The Court will not become plaintiff's "green-eyeshade accountant" in its absence. *See Fox*, 563 U.S. at 838.

In sum, having reviewed TKD's contemporaneous time records, the Court finds the hours expended by defendants' counsel reasonable in light of plaintiff's litigation conduct over the past decade.

### D. Calculation of Fee Award

The lodestar analysis conducted above yields a presumptively reasonable fee of $1,221,002.30. Defendants do not seek in this application the fees that were the subject of the prior sanctions motions before Judge Wang. (ECF No. 502 at 3.) The Court will

---

[2] Because defendants' application does not distinguish between law students and temporary attorneys in their fee application (*see* ECF No. 503 at 7; *id.* ¶ 48), the Court will similarly not do so.

5

therefore deduct them—$121,855.85—from the lodestar, yielding an award of $1,099,146.45.

The Court concludes that this sum is reasonable and need not be further adjusted. The lodestar figure includes the relevant factors that are accounted for here, including the reasoning that led the Court to consider this action exceptional in the first place. *See Fashion Exch.*, 2024 WL 4250359, at *3–4. Plaintiff's litigation conduct, its repeated motions for reconsiderations, the actions that led to the sanction orders, the unnecessary involvement of numerous third-party retailers in discovery, and its faulty handling of evidence and use of precedent make the hours expended by defendants' counsel reasonable. The Court's "overall sense of the suit" *Fox*, 563 U.S. at 838, points it to an award that parallels the amount that was billed by TKD to its client.

### III. Costs

Last, defendants request $44,355.97 in costs including "depositions, service of process, legal research, and reproduction cost." (ECF. No. 503 ¶ 15.) However, they do not provide receipts for these costs. "Where an attorney fails to provide suitable documentation to substantiate the costs incurred, a court may decline to award any costs." *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013) (quoting *Savarese v. Cirrus Design Corp.*, 2010 WL 532289, at *7 (S.D.N.Y. Feb. 8, 2010)). Similarly, defendants failed to comply with the requirement of Local Rule 54.1 to file with the Clerk of Court a notice of taxation of costs with an appended bill of costs, along with the receipts for those costs. *See* Local Rule 54.1(a). Because defendants failed to provide receipts of these costs and did not comply with the Local Rules of this District, the Court declines to award defendants costs.

### IV. Conclusion

For the above reasons, the Court grants defendants' application for attorney's fees in the amount $1,099,146.45 from plaintiff. Defendants' application for costs is denied.

Defendants are directed to serve a copy of this Order upon TFE within seven days.

Dated: New York, New York
July 10, 2025

SO ORDERED:

*Sidney H. Stein*
Sidney H. Stein, U.S.D.J.